# EXHIBIT  1

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF CERTAIN BASIN 67 WATER RIGHTS, IN THE NAME OF THE UNITED STATES OF AMERICA ACTING THROUGH THE DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT | Docket No. P-OSC-2021-001 <br><br> **AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE** <br><br> **(CRANE CREEK ALLOTMENT)** |

**GROUNDS FOR AMENDED ORDER**

On April 25, 2022, the Director of the Idaho Department of Water Resources ("Department") issued an *Order Partially Granting Petition; Order to Show Cause* in this matter.  In it, the Director ordered the United States of America acting through the Department of Interior, Bureau of Land Management to show cause why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 67-12395, 67-12396, 67-12399, 67-12400, 67-12401, 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12443, 67-12445, 67-12447, 67-12740, 67-12741, 67-12743, 67-12744, 67-12745, 67-12746, 67-12747, 67-12748, 67-12749, 67-12750, 67-12753, 67-12754, 67-13008, 67-13009, 67-13010, 67-13013, and 67-13140.  It has come to the Department's attention that of the water rights subject to the order to show cause, the following water rights are based on federal law: 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12443, 67-12445, and 67-12447.  These federal water rights should not have been included in the list of water rights subject to the order to show cause.  *See* Idaho Code § 42-224(14) ("This section applies to all stockwater rights except those stock water rights decreed to the United States based on federal law.").  Pursuant to Rule 760 of the Rules of Procedure of the Idaho Department of Water Resources (IDAPA 37.01.01.760), the Director hereby withdraws the April 25, 2022 order and replaces it with this *Amended Order Partially Granting Petition; Amended Order to Show Cause*.  This amended order removes water rights 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12443, 67-12445, and 67-12447 from the list of water rights subject to the order to show cause.

**BACKGROUND**

On September 16, 2021, Soulen Livestock Co. and Soulen Grazing Association, LLC (collectively, "Petitioners") filed with the Department a *Verified Petition for Order to Show Cause* ("Petition").[1]  Petitioners ask the Department to issue an order pursuant to Idaho Code § 42-224(1) "to show cause why the Water Rights [(*see* Petition Exhibit A, "BLM Overlapping Water Rights")]" on the federal grazing allotment known as the Crane Creek Allotment

---

[1]  When submitting the Petition, Petitioners failed to include copies of the exhibits referenced in the Petition. Petitioners submitted the supporting exhibits (Exhibit A and Exhibit B) to the Department on September 23, 2021.

("Allotment") "have not been lost through forfeiture pursuant to Idaho Code § 42-222(2)." *Petition* at 1.[2]

Petitioners assert that the water rights listed in Exhibit A, under "BLM Overlapping Water Rights" ("BLM Water Rights") are owned by the United States of America acting through the Department of Interior, Bureau of Land Management ("BLM"). *Id.* ¶ 1; *see Petition* Ex. A. Additionally, Petitioners assert that the points of diversion and places of use for the BLM Water Rights are located on the Allotment. *Petition* ¶ 3. Petitioners claim that no other water rights, other than the water rights owned by Soulen Livestock Co., share "the same place of use or point of diversion" as the BLM Water Rights. *Id.* ¶ 4.

Petitioners maintain that Soulen Grazing Association has, for at least the last five years, held a valid BLM grazing permit for livestock grazing on the Allotment. *Id.* ¶ 5; *see Petition* Ex. B. Petitioners assert that Soulen Grazing Association's livestock have grazed on the Allotment "each year of the permit term." *Petition* ¶ 6. Petitioners claim that Soulen Grazing Association's members have "regularly visited the Allotment each grazing season of use and at other times outside the season of use each year for more than the past five years." *Id.* ¶ 7. Petitioners allege that "[a]t no time over the past five years have Petitioners, their officers, employees, or agents witnessed, read about, or heard of the existence of livestock owned or controlled by the BLM" on the Allotment to use water under the BLM Water Rights. *Id.* ¶ 8, at 2. Petitioners allege that at no time since Soulen Grazing Association has been authorized to use the Allotment "has either Petitioner, their members or their agents or employees ever witnessed, read about, or heard of the BLM applying the [BLM] Water Rights to the beneficial use of watering livestock that the BLM owns or controls on the Allotment." *Id.* ¶ 10. Petitioners assert that no agency relationship exists between Petitioners and the BLM "for the purpose of acquiring water rights for the BLM on the Allotment." *Id.* ¶ 11. The Petition is verified by Harry C. Soulen, President of Soulen Livestock Co. and manager of Soulen Grazing Association, LLC. *Id.* at 3–4.

To comply with the statutory service requirements of Idaho Code § 42-224(4),[3] the Department submitted a Freedom of Information Act ("FOIA") request to the BLM on September 23, 2021, for a copy of all active grazing permits on the Crane Creek Allotment and the adjoining Paddock Valley Allotment. On October 8, 2021, in response to the Department's FOIA request, the BLM sent copies of four grazing permits. One permit sent by the BLM matches Permit No. 1101236, issued March 4, 2016, that Petitioners filed as Exhibit B. On October 21, 2021, the BLM confirmed that they sent one permit in error and that it is not

---

[2] On the same day, Petitioners also filed a second verified petition, seeking an order to show cause why certain BLM water rights on the federal grazing allotment known as the Paddock Valley Allotment have not been lost through forfeiture. *See* Verified Petition for Order to Show Cause, *In re Basin 65 & 67 Water Rts., In Name of U.S. Dep't of Interior, Bureau of Land Mgmt.*, No. P-OSC-2021-002 (Idaho Dep't of Water Res. Sep. 16, 2021), https://idwr.idaho.gov/wp-content/uploads/sites/2/ legal/P-OSC-2021-002/20210916-Verified-Petition-for-Order-to-Show-Cause.pdf [hereinafter Paddock Valley Petition].

[3] Idaho Code § 42-224(4) was amended during the Second Regular Session of the Sixty-sixth Idaho Legislature, effective March 24, 2022. Both prior to and after the 2022 amendment, the service requirements outlined within Idaho Code § 42-224(4) are substantially the same regarding the persons who must be served a copy of an order to show cause issued by the Department.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (CRANE CREEK ALLOTMENT) – 2

currently active.  The remaining two permits, sent by the BLM, are active Crane Creek Allotment grazing permits held by the following: Jerome and Jill Grandi, and David Maddox.

## APPLICABLE LAW

Idaho Code § 42-224 states in pertinent part:

(1) Within thirty (30) days of receipt by the director of the department of water resources of a petition or other information that a stockwater right has not been put to beneficial use for a term of five (5) years, the director must determine whether the petition or other information, or both, presents prima facie evidence that the stockwater right has been lost through forfeiture pursuant to section 42-222(2), Idaho Code. If the director determines the petition or other information, or both, is insufficient, he shall notify the petitioner of his determination, which shall include a reasoned statement in support of the determination, and otherwise disregard for the purposes of this subsection the other, insufficient, information.

(2) If the director determines the petition or other information, or both, contains prima facie evidence of forfeiture due to nonuse, the director must within thirty (30) days issue an order to the stockwater right owner to show cause before the director why the stockwater right has not been lost through forfeiture pursuant to section 42-222(2), Idaho Code. Any order to show cause must contain the director's findings of fact and a reasoned statement in support of the determination.

. . . .

(14) This section applies to all stockwater rights except those stock water rights decreed to the United States based on federal law.

I.C. § 42-224(1)–(2), (14) (current version as amended in 2022).  Therefore, to issue an order to show cause as Petitioners have requested, the Director must conclude that the Petition makes a "prima facie showing" that the BLM has not put its BLM Water Rights, decreed based on state law, to beneficial use for at least five years.  "Prima facie" is defined by *Black's Law Dictionary* as: "Sufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue <a prima facie showing>." *Prima facie, Black's Law Dictionary* (11th ed. 2019).

## FINDINGS OF FACT

After careful review of the Petition (including Exhibit A and Exhibit B), the Department's associated research memorandum,[4] and Petitioners' concurrently filed Paddock Valley Petition, the Director issues the following findings:

---

[4] For the Director to give a reasoned statement supporting a determination in favor of or opposing forfeiture pursuant to Idaho Code § 42-222(2), Department staff utilized the Department's water right files and database to thoroughly review, analyze, and document the locations of the places of use for the water rights listed in Exhibit A of the Petition. *See* Mem. from Glen Gardiner & Craig Saxton, Water Allocations Analyst and Adjudication

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (CRANE CREEK ALLOTMENT) – 3

1.   Petitioners requested the Department issue an order to the BLM to show cause why the BLM's Water Rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2). *See Petition* at 1.  The following is a list of the water rights at issue: 67-12395, 67-12396, 67-12397, 67-12398, 67-12399, 67-12400, 67-12401, 67-12405, 67-12408, 67-12409, 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12437, 67-12443, 67-12445, 67-12447, 67-12508, 67-12509, 67-12740, 67-12741, 67-12742, 67-12743, 67-12744, 67-12745, 67-12746,[5] 67-12747, 67-12748,[6] 67-12749, 67-12750, 67-12753, 67-12754, 67-13006, 67-13008, 67-13009, 67-13010, 67-13013, 67-13014, 67-13015,  67-13140.  *See Petition* Ex. A; *Memorandum*.

2.   The Director has reviewed the partial decrees for the BLM Water Rights.  The following water rights are based on federal law: 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12437, 67-12443, 67-12445, and 67-12447.  In accordance with Idaho Code § 42-224(14), any further consideration of water rights based on federal law is unwarranted in this matter.  The remaining water rights at issue are based on state law and subject to further consideration by the Director.

3.   Using the Department's water rights database, the Department reviewed the places of use for the Water Rights.  *Memorandum* at 1.

4.   Petitioners' allegations in the Petition are specific to non-use within the Allotment and do not extend to use beyond the Allotment.  *See Petition* at 1–2.

5.   Based on the Memorandum, the Director finds that the places of use for the following water rights, are entirely within the Allotment: 67-12395, 67-12396, 67-12399, 67-12400, 67-12401,  67-12740, 67-12743, 67-12744, 67-12746, 67-12747, 67-12748, 67-12749, 67-12750, 67-12753, 67-12754, 67-13008, 67-13009, 67-13010, and 67-13013.  *See Memorandum* at 1, 5.

6.   Harry C. Soulen is an officer and member in Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Petition* at 3–4.  The allegations in the Petition attribute observations of nonuse of water in the Allotment to the officers and members of Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Id.* at 1–2.  Accordingly, the Director finds that Harry C. Soulen's statements are based on personal knowledge.

---

Section Manager, Idaho Dep't of Water Res., to Shelley Keen, Water Allocation Bureau Chief, Idaho Dep't of Water Res. 1 (Nov. 8, 2021) (attached to this Order as Attachment A) [hereinafter Memorandum].

[5]  Exhibit A of the Petition identifies water right 67-127<u>64</u> as one of the BLM's overlapping water rights.  The inclusion of water right 67-12764 appears to be a typographical error as 67-12764 is out of sequence with the other water rights listed in Exhibit A and the Department has no record of a water right with that number. *Memorandum* at 1 n.2.  The intended water right number is believed to be 67-127<u>46</u>, as water right 67-12746 is a BLM water right with a point of use located within the Allotment.  *Id.* at 1.  In this matter, the Director will substitute water right 67-127<u>46</u> in place of 67-127<u>64</u>, since this is most likely a simple transposition of numbers.

[6]  Exhibit A of the Petition includes water right 67-12749 twice.  This appears to be another typographical error. Based on the Department's review, it is believed that the first refence to 67-127<u>49</u> in Exhibit A should have been 67-127<u>48</u>.  *See Memorandum* at 5.  In this matter, the Director will substitute water right 67-12748 for the first reference to water right 67-12749.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (CRANE CREEK ALLOTMENT) – 4

7.   As described in footnote 2 above, on September 16, 2021, Petitioners filed the Paddock Valley Petition.  The Paddock Valley Petition is similar to the Petition, except it contains specific allegations related to the Paddock Valley Allotment.  Within the Paddock Valley Petition, Harry C. Soulen, an officer and member in Soulen Livestock Co. and Soulen Grazing Association, LLC, alleges nonuse of water by the BLM.  Petitioners' allegations in the Paddock Valley Petition are specific to non-use within the Paddock Valley Allotment and do not extend to use beyond the Paddock Valley Allotment.  *See Paddock Valley Petition* at 1–2.

8.   The Paddock Valley Petition attributes allegations of non-beneficial use of water, authorized by federal water rights within the Paddock Valley Allotment, to the officers and members of Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Paddock Valley Petition* ¶¶ 8–10.  Accordingly, the Director finds that Harry C. Soulen's statements in the Paddock Valley Petition are based on personal knowledge.[7]

9.   Based on the Memorandum, the Director finds that the places of use for three of the water rights, 67-12741, 67-12745, and 67-13140, are entirely within both the Allotment and the Paddock Valley Allotment.  *Memorandum* at 3, 5.

10.  The Director finds that some of the water rights at issue have a place of use that extends beyond both the Allotment and the Paddock Valley Allotment.  The water rights with a place of use that extends beyond the boundaries of the Allotment and the Paddock Valley Allotment are: 67-12397, 67-12398, 67-12405, 67-12408, 67-12409, 67-12508, 67-12509, 67-12742, 67-13006, 67-13014, and 67-13015.  *See Memorandum* at 2–5.

11.  The Director has not received written evidence that a principal/agent relationship existed, during the five-year period calculated pursuant to Idaho Code § 42-224(1), between the BLM and any Crane Creek Allotment or Paddock Valley Allotment livestock grazing permit or lease holders for the purpose of maintaining the BLM Water Rights.

## ANALYSIS

Forfeiture is disfavored in Idaho law.  *Application of Boyer*, 73 Idaho 152, 159, 248 P.2d 540, 544 (1952) ("Forfeitures are abhorrent and all intendments are to be indulged against a forfeiture.").  To make a prima facie showing that the BLM has not beneficially used water authorized by its water rights for five years, for each water right at issue here, Petitioners must present sufficient evidence establishing forfeiture over the entire place of use—not just those portions of the place of use within the Allotment.  The Department's Memorandum, which includes an analysis of its associated due diligence investigation, clarifies that some of the places of use of the BLM Water Rights extend beyond the boundaries of the Allotment and the related Paddock Valley Allotment.  *See Memorandum* at 2–5.  As noted in findings 4 and 7 above, Petitioners do not offer evidence of BLM's non-use of water beyond the boundaries of the

---

[7]  The Paddock Valley Petition is also addressed in the Director's *Order Partially Granting Petition; Order to Show Cause (Paddock Valley Allotment)*. Order Part. Granting Pet.; Order to Show Cause (Paddock Valley Allot't), *In re Basin 65 & 67 Water Rts., In Name of U.S. Dep't of Interior, Bureau of Land Mgmt.*, No. P-OSC-2021-002 (Idaho Dep't of Water Res. Apr. 25, 2022), https://idwr.idaho.gov/wp-content/uploads/sites/2/legal/P-OSC-2021-002/P-OSC-2021-002-20220425-Order-to-Show-Cause-Paddock-Valley.pdf.

Allotment and the Paddock Valley Allotment.  Therefore, the Petition, even when combined jointly with the Paddock Valley Petition, does not include sufficient evidence for the Director to issue an order to show cause to the extent that Petitioners have requested.

The Department must limit the scope of an order to show cause issued in this matter to only those BLM Water Rights based on state law and with a place of use that is located entirely within the property boundaries for which the Department has received supporting statements alleging non-use of water.  Accordingly, for those BLM Water Rights that have a place of use that is located either entirely or partially outside of the Allotment and the Paddock Valley Allotment (see finding 10 above), Petitioners have failed to make a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights for five years.  However, Petitioners' statements based on personal knowledge (see findings 6 and 8 above), when combined with the analysis within the Department's Memorandum, amount to a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights that have a place of use entirely within the Allotment and the Paddock Valley Allotment within the last five years.

## CONCLUSION OF LAW

The Director concludes that the "prima facie showing" burden of proof, set forth in Idaho Code § 42-224, has been satisfied to the extent that he should partially grant Petitioners' request and issue an order to the BLM to show cause before the Director why those BLM Water Rights based on state law and that have a place of use entirely within the Allotment and the Paddock Valley Allotment have not been lost through forfeiture pursuant to Idaho Code § 42-222(2).

## ORDER

Based on the foregoing, the following are HEREBY ORDERED:

1.  The *Verified Petition for Order to Show Cause* at issue is GRANTED for ONLY the following water rights: 67-12395, 67-12396, 67-12399, 67-12400, 67-12401, 67-12740, 67-12741, 67-12743, 67-12744, 67-12745, 67-12746, 67-12747, 67-12748, 67-12749, 67-12750, 67-12753, 67-12754, 67-13008, 67-13009, 67-13010, 67-13013, and 67-13140.

2.  The *Verified Petition for Order to Show Cause* at issue is DENIED for the following water rights: 67-12397, 67-12398, 67-12405, 67-12408, 67-12409, 67-12427, 67-12429, 67-12431, 67-12433, 67-12435, 67-12437, 67-12443, 67-12445, 67-12447, 67-12508, 67-12509, 67-12742, 67-13006, 67-13014, and 67-13015.

3.  In accordance with Idaho Code § 42-224(2), the United States of America acting through the Department of Interior, Bureau of Land Management must show cause before the Director of the Idaho Department of Water Resources why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 67-12395, 67-12396, 67-12399, 67-12400, 67-12401, 67-12740, 67-12741, 67-12743, 67-12744, 67-12745, 67-12746, 67-12747, 67-12748, 67-12749, 67-12750, 67-12753, 67-12754, 67-13008, 67-13009, 67-13010, 67-13013, and 67-13140.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (CRANE CREEK ALLOTMENT) – 6

4. In accordance with Idaho Code § 42-224(6), the United States of America acting through the Department of Interior, Bureau of Land Management has 21 days from completion of service of this order to request in writing a hearing pursuant to Idaho Code § 42-1701A(1)–(2). If the United States requests such a hearing, it must also serve a copy of the request upon the petitioners and the livestock grazing permit holders listed on the included certificate of service.

5. In accordance with Idaho Code § 42-224(7), if the United States fails to respond to the above order to show cause within 21 days, the stockwater rights for which the *Verified Petition for Order to Show Cause* has been partially granted shall be considered forfeited, and the Director shall issue an order within 14 days stating the stockwater rights have been forfeited pursuant to Idaho Code § 42-222(2).

6. In accordance with Idaho Code §§ 42-224(1) and 42-224(4), Soulen Livestock Co., Soulen Grazing Association, LLC, and all active Crane Creek Allotment and Paddock Valley Allotment livestock grazing permit or lease holders will be served a copy of this order.

DATED this 13th day of May 2022.

_____
MAT WEAVER for GARY SPACKMAN
Acting Director

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May 2022, I caused to be served a true and correct copy of the foregoing *Amended Order Partially Granting Petition; Amended Order to Show Cause (Crane Creek Allotment),* by the method indicated below, upon the following:

| | |
|---|---|
| Soulen Livestock Co. &<br>Soulen Grazing Association, LLC<br>P.O. Box 827<br>Weiser, ID  83672<br><br>*Petitioners* | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| Jerome & Jill Grandi<br>2294 Weiser River Rd.<br>Weiser, ID 83672<br><br>*Livestock Grazing Permit Holder* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| David Maddox<br>1021 Lower Crane Rd.<br>Weiser, ID 83672<br><br>*Livestock Grazing Permit Holder* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| USDI BLM<br>Idaho State Office<br>1387 S. Vinnell Way<br>Boise, ID 83709<br><br>*Stockwater Right Owner* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| *Courtesy Copy:*<br><br>David Negri<br>United States Department of Justice<br>Environment and Natural Resources Division<br>550 W. Fort St., MSC 033<br>Boise, ID 83724<br>david.negri@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |
| William G. Myers III<br>HOLLAND & HART LLP<br>P.O. Box 2527<br>Boise, ID 83701<br>wmyers@hollandhart.com | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |

Sarah Tschohl
Legal Assistant

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (CRANE CREEK ALLOTMENT) – 8

# Memorandum

**To:**          Shelley Keen

**Prepared by:**  Glen Gardiner & Craig Saxton

**Date:**        November 8, 2021

**Re:**          Review of Federal water rights within the Crane Creek Allotment (#361) which were
identified as Exhibit A of Soulen Livestock Co's Verified Petition for Order to Show
Cause.

---

**Comparison of Partial Decrees to IDWR Database Records and Shapefiles**

On September 16, 2021, Soulen Livestock Company and Soulen Grazing Association, LLC ("Soulen")
petitioned the Director of the Idaho Department of Water Resources ("IDWR") to issue a show cause
order pursuant to Idaho Code § 42-224(1) for a list of water rights "located on a federal grazing
allotment known as the Crane Creek Allotment (#361)." Soulen's petition refers to the list of water
rights as Exhibit A. For each of the water rights on Exhibit A, we compared information on SRBA partial
decrees to information in IDWR's water rights database. Fields compared included Name and Address,
Source, Quantity, Priority Date, Point of Diversion, Purpose and Period of Use, and Place of Use. We
found no discrepancies, although the Names on the partial decrees are abbreviated to USDI BLM, IDAHO
STATE OFFICE, whereas IDWR's database refers to the Names as UNITED STATES OF AMERICA ACTING
THROUGH USDI BUREAU OF LAND MANAGEMENT, IDAHO STATE OFFICE.

IDWR stores digitized water right places of use ("POU") in its geographic information system ("GIS"). We
verified the digitized POU for each of the water rights listed on Exhibit A matches the POU described in
the water rights database. No discrepancies were found. To complete our analysis, we then used GIS
to overlay the digitized POU for each water right in Exhibit A onto the digital boundaries of the Crane
Creek Allotment and neighboring grazing allotments. [1]

**Crane Creek Allotment Analysis**
Based on digital overlay, the POUs for the following water rights exist completely within the Crane Creek
Allotment:

> 67-12395, 67-12396, 67-12400, 67-12401, 67-12427, 67-12429, 67-12443, 67-12445, 67-12447,
> 67-12740, 67-12744, 67-12746[2], 67-12747, 67-12749, 67-12750, 67-12753, 67-12754, 67-13008,
> 67-13009, 67-13010, and 67-13013.

---

[1] The digital shapes of the allotment boundaries were created by U.S. Department of the Interior, Bureau of Land Management
with a publication date of 06-30-2017 and downloaded from the website
https://gis.blm.gov/arcgis/rest/services/range/BLM_Natl_Grazing_Allotment/MapServer

[2] The inclusion of 67-12764 was clearly a typographical error as 67-12764 is out of sequence with the other water rights and no
valid water right exists under this number. For purpose of this analysis, we are substituting 67-12746 for 67-12764.

**Review of Federal Water Rights - Crane Creek Allotment (#361) – Soulen Livestock Co's Verified Petition for Order to Show Cause**

Water rights 67-12399, 67-12431, 67-12433, 67-12435, and 67-12743, authorize water use from either a spring or a stream where the point of diversion or the instream stockwater use reach is entirely within the Crane Creek allotment.  However, because the decrees list the places of use for these rights in quarter-quarters or government lots, small portions of the decreed place of use tracts (less than 1.5 acres) for each of these rights extend outside the Crane Creek Allotment boundary.  Based on IDWR's review, water from the decreed sources and points of diversion or instream use reaches would not be conveyed to – or used in -- the portions of the place of use tracts outside the Crane Creek Allotment boundary.

POUs for the following water rights exist partially within the Crane Creek Allotment and partially outside the Crane Creek Allotment:

> 67-12397, 67-12398, 67-12405, 67-12408, 67-12409, 67-12437, 67-12508, 67-12509, 67-12741, 67-12742, 67-12745, 67-13006, 67-13014, 67-13015 and 67-13140.

The analysis below describes water rights from Exhibit A having all or portions of their authorized POU's outside the Crane Creek Allotment.

**(Boundary Water Rights, All Split between Two or More Allotments)**

**67-12397:**
Water right 67-12397 is an instream stockwater right on the Weiser River.  The POU is T12N, R4W, Sec 22, NESE & SESE and Sec 27, NENE & NWNE.  The POU for water right 67-12397 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Mann Creek Allotment is on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

**67-12398:**
Water right 67-12398 is an instream stockwater right on the Weiser River.  The POU is T12N, R4W, Sec 15, NESW, SWSW, SESW; T12N, R4W, Sec 22, NENE, NWNE, SENE, NENW, NWNW, SWNW, and SENW.  The POU for water right 67-12398 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Mann Creek Allotment and Thousand Springs Allotment are on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

**67-12405**
Water right 67-12405 is an instream stockwater right on the Weiser River.  The POU is T12N, R4W, Sec 28, NWSE, SWSE.  The POU for water right 67-12405 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Mann Creek Allotment is on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

Review of Federal Water Rights - Crane Creek Allotment (#361) – Soulen Livestock Co's Verified Petition for Order to Show Cause

November 8, 2021                                                                                        2 of 5
                                                                                              Attachment A

## 67-12408

Water right 67-12408 is an instream stockwater right on an unnamed stream, tributary to Weiser River. The POU is T11N, R4W, Sec 3, SWNE.  The POU for water right 67-12408 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Mann Creek Allotment is on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

## 67-12409

Water right 67-12409 is an instream stockwater right on the Weiser River.  The POU is T11N, R4W, Sec 3, SWNE, NWSE, and SWSE.  The POU for water right 67-12409 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Lund FFR Allotment and Mann Creek Allotment are on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

## 67-12508

Water right 67-12508 is an instream stockwater right on the Weiser River.  The POU is T12N, R4W, Sec 11, SWNE.  The POU for water right 67-12508 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment.  The Carr Individual Allotment is on the opposite side of the river from the Crane Creek Allotment.  It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

## 67-12741

Water right 67-12741 is an instream stockwater right on Crane Creek.  The POU is T12N, R3W, Sec 25, NENW, SENW, NESW, SESW.  The POU for water right 67-12741 is a stretch of Crane Creek that is the boundary of the Crane Creek Allotment.  The Paddock Valley Allotment is on the opposite side of the creek from the Crane Creek Allotment.  It appears this stretch of Crane Creek, and therefore this water right, can be accessed from multiple allotments.  The entire POU is managed by Bureau of Land Management, United States of America.

## 67-12745

Water right 67-12745 is an instream stockwater right on an unnamed stream, tributary to Crane Creek. The POU within Crane Creek Allotment is T11N, R3W, Sec 3, L2(NWNE), SWNE, L3(NENW), L4(NWNW); T11N, R3W, Sec 4, L1(NENE); T12N, R3W, Sec 33, NESE, SESE; and T12N, R3W, Sec 34, NWSW, SWSW, SESW.  The POU described as T11N, R03W, Sec 3, SENE and NESE are in both the Crane Creek Allotment and Paddock Valley Allotment.  Therefore, this water right can be accessed from multiple allotments. The entire POU is managed by Bureau of Land Management, United States of America.

Review of Federal Water Rights - Crane Creek Allotment (#361) – Soulen Livestock Co's Verified Petition for Order to Show Cause

November 8, 2021                                                                                                                            3 of 5
                                                                                                                                       Attachment A

**67-13014**

Water right 67-13014 is an instream stockwater right on an unnamed stream, tributary to the Weiser River. The POU is T12N, R4W, Sec 26, NENW, NWNW; and T12N, R4W, Sec 27, NENE. The POU for water right 67-13014 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment. The Mann Creek Allotment is on the opposite side of the river from the Crane Creek Allotment. It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments. The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

**67-13015**

Water right 67-13015 is an instream stockwater right on an unnamed stream, tributary to the Weiser River.   The POU is T12N, R4W, Sec 27, NWNE. The POU for water right 67-13015 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment. The Mann Creek Allotment is on the opposite side of the river. It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments. The entire POU is managed by Bureau of Land Management, United States of America except for a narrow stretch bordering the Weiser River owned by the Friends of Weiser River Trail.

**(Misc. Issues)**

**67-12437**

Water right 67-12437 describes the source as a spring, tributary to the Weiser River. The POU is T12N, R4W, Sec 26, SWSE. The POU is within the Crane Creek Allotment and extends into an undesignated area outside the Crane Creek Allotment. The entire POU is managed by Bureau of Land Management, United States of America.

**67-12509**

Water right 67-12509 is an instream stockwater right on the Weiser River. The POU is T12N, R4W, Sec 10, NENE, SWNE, SENE; T12N, R4W, Sec 11, NWNW. The POU for water right 67-12509 is a stretch of the Weiser River that is the boundary of the Crane Creek Allotment. The Carr Individual Allotment and Thousand Springs Allotment are on the opposite side of the river from the Crane Creek Allotment. It appears this stretch of the Weiser River, and therefore this water right, can be accessed from multiple allotments. Part of the POU area within the Crane Creek Allotment is owned by Soulen Livestock Co and part is managed by Bureau of Land Management, United States of America. Part of the area outside Crane Creek Allotment is managed by Bureau of Land Management, United States of America and part of the area is owned by Friends of Weiser River Trail.

**67-12742**

Water right 67-12742 is an instream stockwater right on Crane Creek. The POU is T11N, R3W, Sec 7, NENE, NWNE; T11N, R3W, Sec 8, NENE, NWNE, NENW, NWNW; T11N, R3W, Sec 9, SWNE, SENE, NWNW, SWNW, SENW. The POU for water right 67-12742 exists on Crane Creek Allotment, Bear Creek Allotment, and Paddock Valley Allotment. It is not clear if the right is intended to be accessed from multiple allotments. The entire POU is managed by Bureau of Land Management, United States of America.

Review of Federal Water Rights - Crane Creek Allotment (#361) – Soulen Livestock Co's Verified Petition for Order to Show Cause

November 8, 2021                                                                                                                4 of 5
                                                                                                                    Attachment A

**67-13006**

The POU for water right 67-13006 places one of five quarter-quarters (QQs) outside the Crane Creek Allotment on private property. POU T12N, R04W, S19, Lot 3 (NWSW) is five miles to the west of the remaining four QQs. There are four separate parcels within this QQ, individually owned by Angelea M Halvorson, Brian Roe, Hagen Farms, Inc, and Donna G Stout. The remaining 4 QQs are within the Crane Creek Allotment. POU's T12N, R4W, S24, SWNE, SENW, NESE, NWSE, are managed by the Bureau of Land Management, United States of America. The identified legal description would make sense if the Range was changed to R03W. This would place the QQ adjacent to the remaining water right.

**67-13140**

The POU for water right 67-13140 is an instream stockwater right on Crane Creek, tributary to the Weiser River. The POU is T11N, R3W, Sec 2, NWNE, NENW, NWNW, SWNW; T11N, R3W, Sec 3, SENE, SWSW, SESW, NESE, NWSE, SWSE; T11N, R3W, Sec 10, NWNW; T12N, R3W, Sec 35, NENE, SENE, NESE, SWSE, SESE. The POU for water right 67-13140 exists on Crane Creek Allotment and Paddock Valley Allotment. It is not clear if the right is intended to be accessed from one or both allotments. The entire POU is managed by Bureau of Land Management, United States of America.

**67-12748 (not listed on Exhibit A)**

Exhibit A of Soulen Livestock Co's "Verified Petition for Order to Show Cause" lists water right 67-12749 twice. In Exhibit A, Soulen Livestock Co water rights 67-15233 and 67-15234 are both associated with 67-12749. This appears to be a typographical error on Exhibit A. Based on the numbering sequences and POU locations, it appears 67-15233 should correlate with 67-12748. Water right 67-15234 is correctly associated with water right 67-12749.

Water right 67-12748 is an instream stockwater right on Cougar Canyon, tributary to Crane Creek. POU's T11N, R3W, Sec 3, (L1)NENE, (L2) NWNE, SENE are within the Crane Creek Allotment. However, because the decree lists the place of use for this right in quarter-quarters and government lots, a small portion (less than 0.7 acres) of the decreed place of use in T11N, R03W, Sec 3, SENE, extends into the Paddock Valley Allotment. Based on IDWR's review, water from the instream use reach would not be used in the portions of the place of use tracts outside the Crane Creek Allotment boundary. The entire POU is managed by Bureau of Land Management, United States of America.

-end-

Review of Federal Water Rights - Crane Creek Allotment (#361) – Soulen Livestock Co's Verified Petition for Order to Show Cause

November 8, 2021                                                                                                                                5 of 5

Attachment A

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF CERTAIN BASIN 65 AND 67 WATER RIGHTS, IN THE NAME OF THE UNITED STATES OF AMERICA ACTING THROUGH THE DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT | Docket No. P-OSC-2021-002<br><br>**AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE**<br><br>**(PADDOCK VALLEY ALLOTMENT)** |

**GROUNDS FOR AMENDED ORDER**

On April 25, 2022, the Director of the Idaho Department of Water Resources ("Department") issued an *Order Partially Granting Petition; Order to Show Cause* in this matter.  In it, the Director ordered the United States of America acting through the Department of Interior, Bureau of Land Management to show cause why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 65-19685, 65-19812, 65-19814, 65-19818, 65-19820, 65-19822, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071, 65-20390, 65-20464, 65-20468, 65-20475, 65-20476, 65-20477, 65-20479, 65-20480, 65-20487, 65-20488, 65-20489, 65-20597, 67-12386, 67-12751, 67-12752, 67-12775, 67-12809, 67-12810, 67-12841, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, and 67-13148.  It has come to the Department's attention that of the water rights subject to the order to show cause, the following water rights are based on federal law: 65-19812, 65-19814, 65-19818, 65-19820, 65-19822, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071 and 67-12386.  These federal water rights should not have been included in the list of water rights subject to the order to show cause.  *See* Idaho Code § 42-224(14) ("This section applies to all stockwater rights except those stock water rights decreed to the United States based on federal law.").  Pursuant to Rule 760 of the Rules of Procedure of the Idaho Department of Water Resources (IDAPA 37.01.01.760), the Director hereby withdraws the April 25, 2022 order and replaces it with this *Amended Order Partially Granting Petition; Amended Order to Show Cause*.  This amended order removes water rights 65-19812, 65-19814, 65-19818, 65-19820, 65-19822, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071 and 67-12386 from the list of water rights subject to the order to show cause.

**BACKGROUND**

On September 16, 2021, Soulen Livestock Co. and Soulen Grazing Association, LLC (collectively, "Petitioners") filed with the Department a *Verified Petition for Order to Show Cause* ("Petition").[1]  Petitioners ask the Department to issue an order pursuant to Idaho Code §

---

[1] When submitting the Petition, Petitioners failed to include copies of the exhibits referenced in the Petition. Petitioners submitted the supporting exhibits (Exhibit A and Exhibit B) to the Department on September 23, 2021.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (PADDOCK VALLEY ALLOTMENT) – 1

42-224(1) "to show cause why the Water Rights [(*see* Petition Exhibit A, yellow columns]" on the federal grazing allotment known as the Paddock Valley Allotment ("Allotment") "have not been lost through forfeiture pursuant to Idaho Code § 42-222(2)." *Petition* at 1.[2]

Petitioners assert that the water rights listed in the yellow columns of Exhibit A ("BLM Water Rights") are owned by the United States of America acting through the Department of Interior, Bureau of Land Management ("BLM"). *Id.* ¶ 1; *see Petition* Ex. A. Additionally, Petitioners assert that the points of diversion and places of use for the BLM Water Rights are located on the Allotment. *Petition* ¶ 3. Petitioners claim that no other water rights, other than the water rights owned by Soulen Livestock Co., share "the same place of use or point of diversion" as the BLM Water Rights. *Id.* ¶ 4.

Petitioners maintain that Soulen Grazing Association has, for at least the last five years, held a valid BLM grazing permit for livestock grazing on the Allotment. *Id.* ¶ 5; *see Petition* Ex. B. Petitioners assert that Soulen Grazing Association's livestock have grazed on the Allotment "each year of the permit term." *Petition* ¶ 6. Petitioners claim that Soulen Grazing Association's members have "regularly visited the Allotment each grazing season of use and at other times outside the season of use each year for more than the past five years." *Id.* ¶ 7. Petitioners allege that "[a]t no time over the past five years have Petitioners, their officers, employees, or agents witnessed, read about, or heard of the existence of livestock owned or controlled by the BLM" on the Allotment to use water under the BLM Water Rights. *Id.* ¶ 8, at 2. Petitioners allege that at no time since Soulen Grazing Association has been authorized to use the Allotment "has either Petitioner, their members or their agents or employees ever witnessed, read about, or heard of the BLM applying the [BLM] Water Rights to the beneficial use of watering livestock that the BLM owns or controls on the Allotment." *Id.* ¶ 10. Petitioners assert that no agency relationship exists between Petitioners and the BLM "for the purpose of acquiring water rights for the BLM on the Allotment." *Id.* ¶ 11. The Petition is verified by Harry C. Soulen, President of Soulen Livestock Co. and manager of Soulen Grazing Association, LLC. *Id*. at 3–4.

To comply with the statutory service requirements of Idaho Code § 42-224(4),[3] the Department submitted a Freedom of Information Act ("FOIA") request to the BLM on September 23, 2021, for a copy of all active grazing permits on the Paddock Valley Allotment and the adjoining Crane Creek Allotment. On October 8, 2021, in response to the Department's FOIA request, the BLM sent copies of four grazing permits. One permit sent by the BLM matches Permit No. 1101236, issued March 4, 2016, that Petitioners filed as Exhibit B. On October 21, 2021, the BLM confirmed that they sent one permit in error and that it is not

---

[2]  On the same day, Petitioners also filed a second verified petition, seeking an order to show cause why certain BLM water rights on the federal grazing allotment known as the Crane Creek Allotment have not been lost through forfeiture. *See* Verified Petition for Order to Show Cause, *In re Basin 67 Water Rts., In Name of U.S. Dep't of Interior, Bureau of Land Mgmt.*, No. P-OSC-2021-001 (Idaho Dep't of Water Res. Sep. 16, 2021), https://idwr.idaho.gov/wp-content/uploads/sites/2/ legal/P-OSC-2021-001/20210916-Verified-Petition-for-Order-to-Show-Cause.pdf [hereinafter Crane Creek Petition].

[3]  Idaho Code § 42-224(4) was amended during the Second Regular Session of the Sixty-sixth Idaho Legislature, effective March 24, 2022. Both prior to and after the 2022 amendment, the service requirements outlined within Idaho Code § 42-224(4) are substantially the same regarding the persons who must be served a copy of an order to show cause issued by the Department.

currently active.  The remaining two permits, sent by the BLM, are active Crane Creek
Allotment grazing permits held by the following: Jerome and Jill Grandi, and David Maddox.

## APPLICABLE LAW

Idaho Code § 42-224 states in pertinent part:

(1) Within thirty (30) days of receipt by the director of the department of water
resources of a petition or other information that a stockwater right has not been put
to beneficial use for a term of five (5) years, the director must determine whether
the petition or other information, or both, presents prima facie evidence that the
stockwater right has been lost through forfeiture pursuant to section 42-222(2),
Idaho Code. If the director determines the petition or other information, or both, is
insufficient, he shall notify the petitioner of his determination, which shall include
a reasoned statement in support of the determination, and otherwise disregard for
the purposes of this subsection the other, insufficient, information.

(2) If the director determines the petition or other information, or both, contains
prima facie evidence of forfeiture due to nonuse, the director must within thirty (30)
days issue an order to the stockwater right owner to show cause before the director
why the stockwater right has not been lost through forfeiture pursuant to section
42-222(2), Idaho Code. Any order to show cause must contain the director's
findings of fact and a reasoned statement in support of the determination.

. . . .

(14) This section applies to all stockwater rights except those stock water rights
decreed to the United States based on federal law.

I.C. § 42-224(1)–(2), (14) (current version as amended in 2022).  Therefore, to issue an order to
show cause as Petitioners have requested, the Director must conclude that the Petition makes a
"prima facie showing" that the BLM has not put its BLM Water Rights, decreed based on state
law, to beneficial use for at least five years.  "Prima facie" is defined by *Black's Law Dictionary*
as: "Sufficient to establish a fact or raise a presumption unless disproved or rebutted; based on
what seems to be true on first examination, even though it may later be proved to be untrue <a
prima facie showing>."  *Prima facie, Black's Law Dictionary* (11th ed. 2019).

## FINDINGS OF FACT

After careful review of the Petition (including Exhibit A and Exhibit B), the
Department's associated research memorandum,[4] and Petitioners' concurrently filed Crane
Creek Petition, the Director issues the following findings:

---

[4] For the Director to give a reasoned statement supporting a determination in favor of or opposing forfeiture
pursuant to Idaho Code § 42-222(2), Department staff utilized the Department's water right files and database to
thoroughly review, analyze, and document the locations of the places of use for the water rights listed in Exhibit A
of the Petition. *See* Mem. from Glen Gardiner & Craig Saxton, Water Allocations Analyst and Adjudication

1.    Petitioners requested the Department issue an order to the BLM to show cause why the BLM's Water Rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2). *See Petition* at 1.  The following is a list of the water rights at issue: 65-19685, 65-19750, 65-19812, 65-19814, 65-19816, 65-19818, 65-19820, 65-19822, 65-19824, 65-19894, 65-19897, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071, 65-20370, 65-20388, 65-20390, 65-20464, 65-20468, 65-20469, 65-20471, 65-20472, 65-20475, 65-20476, 65-20477, 65-20478, 65-20479, 65-20480, 65-20484, 65-20486, 65-20487, 65-20488, 65-20489, 65-20597, 67-12386, 67-12751, 67-12752, 67-12775, 67-12776, 67-12777, 67-12809, 67-12810, 67-12841, 67-12900, 67-12999, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, 67-13148.  *See Petition* Ex. A; *Memorandum*.

2.    The Director has reviewed the partial decrees for the BLM Water Rights.  The following water rights are based on federal law: 65-19750, 65-19812, 65-19814, 65-19816, 65-19818, 65-19820, 65-19822, 65-19824, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071 and 67-12386.  In accordance with Idaho Code § 42-224(14), any further consideration of water rights based on federal law is unwarranted in this matter.  The remaining water rights at issue are based on state law and subject to further consideration by the Director.

3.    Using the Department's water rights database, the Department reviewed the places of use for the Water Rights.  *See Memorandum* at 1.

4.    Petitioners' allegations in the Petition are specific to non-use within the Allotment and do not extend to use beyond the Allotment.  *See Petition* at 1–2.

5.    Based on the Memorandum, the Director finds that the places of use for the following water rights, are entirely within the Allotment: 65-19685, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20390, 65-20464, 65-20468, 65-20475, 65-20476, 65-20477, 65-20479, 65-20480, 65-20487, 65-20488, 65-20489, 65-20597, 67-12751, 67-12775, 67-12809, 67-12810, 67-12841, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, and 67-13148.  *See Memorandum* at 1.

6.    Harry C. Soulen is an officer and member in Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Petition* at 3–4.  The allegations in the Petition attribute observations of nonuse of water in the Allotment to the officers and members of Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Id.* at 1–2.  Accordingly, the Director finds that Harry C. Soulen's statements are based on personal knowledge.

7.    As described in footnote 2 above, on September 16, 2021, Petitioners filed the Crane Creek Petition.  The Crane Creek Petition is similar to the Petition, except it contains specific allegations related to the Crane Creek Allotment.  Within the Crane Creek Petition, Harry C. Soulen, an officer and member in Soulen Livestock Co. and Soulen Grazing Association, LLC,

Section Manager, Idaho Dep't of Water Res., to Shelley Keen, Water Allocation Bureau Chief, Idaho Dep't of Water Res. 1 (Nov. 9, 2021) (attached to this Order as Attachment A) [hereinafter Memorandum].

alleges nonuse of water by the BLM.  Petitioners' allegations in the Crane Creek Petition are specific to non-use within the Crane Creek Allotment and do not extend to use beyond the Crane Creek Allotment.  *See Crane Creek Petition* at 1–2.

8.   The Crane Creek Petition attributes allegations of non-beneficial use of water, authorized by federal water rights within the Crane Creek Allotment, to the officers and members of Soulen Livestock Co. and Soulen Grazing Association, LLC.  *Crane Creek Petition* ¶¶ 8–10.  Accordingly, the Director finds that Harry C. Soulen's statements in the Crane Creek Petition are based on personal knowledge.[5]

9.   Based on the Memorandum, the Director finds that the place of use for water right 67-12752 is entirely within both the Allotment and the Paddock Valley Allotment.  *Memorandum* at 3.

10.  The Director finds that some of the water rights at issue have a place of use that extends beyond both the Allotment and the Crane Creek Allotment.  The water rights with a place of use that extends beyond the boundaries of the Allotment and the Crane Creek Allotment are: 65-19894, 65-19897, 65-20370, 65-20388, 65-20469, 65-20471, 65-20472, 65-20478, 65-20484, 65-20486, 67-12776, 67-12777, 67-12900, and 67-12999.  *See Memorandum* at 2–5.

11.  The Director has not received written evidence that a principal/agent relationship existed, during the five-year period calculated pursuant to Idaho Code § 42-224(1), between the BLM and any Paddock Valley Allotment or Crane Creek Allotment livestock grazing permit or lease holders for the purpose of maintaining the BLM Water Rights.

## ANALYSIS

Forfeiture is disfavored in Idaho law.  *Application of Boyer*, 73 Idaho 152, 159, 248 P.2d 540, 544 (1952) ("Forfeitures are abhorrent and all intendments are to be indulged against a forfeiture.").  To make a prima facie showing that the BLM has not beneficially used water authorized by its water rights for five years, for each water right at issue here, Petitioners must present sufficient evidence establishing forfeiture over the entire place of use—not just those portions of the place of use within the Allotment.  The Department's Memorandum, which includes an analysis of its associated due diligence investigation, clarifies that some of the places of use of the BLM Water Rights extend beyond the boundaries of the Allotment and the related Crane Creek Allotment.  *See Memorandum* at 2–5.  As noted in findings 4 and 7 above, Petitioners do not offer evidence of BLM's non-use of water beyond the boundaries of the Allotment and the Crane Creek Allotment.  Therefore, the Petition, even when combined jointly with the Crane Creek Petition, does not include sufficient evidence for the Director to issue an order to show cause to the extent that Petitioners have requested.

---

[5]  The Crane Creek Petition is also addressed in the Director's *Order Partially Granting Petition; Order to Show Cause (Crane Creek Allotment)*. Order Part. Granting Pet.; Order to Show Cause (Crane Creek Allot't), *In re Basin 67 Water Rts., In Name of U.S. Dep't of Interior, Bureau of Land Mgmt.*, No. P-OSC-2021-001 (Idaho Dep't of Water Res. Apr. 25, 2022), https://idwr.idaho.gov/wp-content/uploads/sites/2/legal/P-OSC-2021-001/P-OSC-2021-001-20220425-Order-to-Show-Cause-Crane-Creek.

The Department must limit the scope of an order to show cause issued in this matter to only those BLM Water Rights based on state law and with a place of use that is located entirely within the property boundaries for which the Department has received supporting statements alleging non-use of water.  Accordingly, for those BLM Water Rights that have a place of use that is located either entirely or partially outside of the Allotment and the Crane Creek Allotment (see finding 10 above), Petitioners have failed to make a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights for five years.  However, Petitioners' statements based on personal knowledge (see findings 6 and 8 above), when combined with the analysis within the Department's Memorandum, amount to a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights that have a place of use entirely within the Allotment and the Crane Creek Allotment within the last five years.

## CONCLUSION OF LAW

The Director concludes that the "prima facie showing" burden of proof, set forth in Idaho Code § 42-224, has been satisfied to the extent that he should partially grant Petitioners' request and issue an order to the BLM to show cause before the Director why those BLM Water Rights based on state law and that have a place of use entirely within the Allotment and the Crane Creek Allotment have not been lost through forfeiture pursuant to Idaho Code § 42-222(2).

## ORDER

Based on the foregoing, the following are HEREBY ORDERED:

1. The *Verified Petition for Order to Show Cause* at issue is GRANTED for ONLY the following water rights: 65-19685, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20390, 65-20464, 65-20468, 65-20475, 65-20476, 65-20477, 65-20479, 65-20480, 65-20487, 65-20488, 65-20489, 65-20597, 67-12751, 67-12752, 67-12775, 67-12809, 67-12810, 67-12841, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, and 67-13148.

2. The *Verified Petition for Order to Show Cause* at issue is DENIED for the following water rights: 65-19750, 65-19812, 65-19814, 65-19816, 65-19818, 65-19820, 65-19822, 65-19824, 65-19894, 65-19897, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071, 65-20370, 65-20388, 65-20469, 65-20471, 65-20472, 65-20478, 65-20484, 65-20486, 67-12386, 67-12776, 67-12777, 67-12900, and 67-12999.

3. In accordance with Idaho Code § 42-224(2), the United States of America acting through the Department of Interior, Bureau of Land Management must show cause before the Director of the Idaho Department of Water Resources why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 65-19685, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20390, 65-20464, 65-20468, 65-20475, 65-20476, 65-20477, 65-20479, 65-20480, 65-20487, 65-20488, 65-20489, 65-20597, 67-12751, 67-12752, 67-12775, 67-12809, 67-12810, 67-12841, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, and 67-13148.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (PADDOCK VALLEY ALLOTMENT) – 6

4.   In accordance with Idaho Code § 42-224(6), the United States of America acting through the Department of Interior, Bureau of Land Management has 21 days from completion of service of this order to request in writing a hearing pursuant to Idaho Code § 42-1701A(1)–(2).  If the United States requests such a hearing, it must also serve a copy of the request upon the petitioners and the livestock grazing permit holders listed on the included certificate of service.

5.    In accordance with Idaho Code § 42-224(7), if the United States fails to respond to the above order to show cause within 21 days, the stockwater rights for which the *Verified Petition for Order to Show Cause* has been partially granted shall be considered forfeited, and the Director shall issue an order within 14 days stating the stockwater rights have been forfeited pursuant to Idaho Code § 42-222(2).

6.   In accordance with Idaho Code §§ 42-224(1) and 42-224(4), Soulen Livestock Co., Soulen Grazing Association, LLC, and all active Paddock Valley Allotment and Crane Creek Allotment livestock grazing permit or lease holders will be served a copy of this order.

DATED this 13th day of May 2022.

_____

MAT WEAVER for GARY SPACKMAN
Acting Director

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (PADDOCK VALLEY ALLOTMENT) – 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May 2022, I caused to be served a true and correct copy of the foregoing *Amended Order Partially Granting Petition; Amended Order to Show Cause (Paddock Valley Allotment),* by the method indicated below, upon the following:

| | |
|---|---|
| Soulen Livestock Co. &<br>Soulen Grazing Association, LLC<br>P.O. Box 827<br>Weiser, ID  83672<br><br>*Petitioners* | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| Jerome & Jill Grandi<br>2294 Weiser River Rd.<br>Weiser, ID 83672<br><br>*Livestock Grazing Permit Holder* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| David Maddox<br>1021 Lower Crane Rd.<br>Weiser, ID 83672<br><br>*Livestock Grazing Permit Holder* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| USDI BLM<br>Idaho State Office<br>1387 S. Vinnell Way<br>Boise, ID 83709<br><br>*Stockwater Right Owner* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| *Courtesy Copy:*<br><br>David Negri<br>United States Department of Justice<br>Environment and Natural Resources Division<br>550 W. Fort St., MSC 033<br>Boise, ID 83724<br>david.negri@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |
| William G. Myers III<br>HOLLAND & HART LLP<br>P.O. Box 2527<br>Boise, ID 83701<br>wmyers@hollandhart.com | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |

Sarah Tschohl
Legal Assistant

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW
CAUSE (PADDOCK VALLEY ALLOTMENT) – 8

**Memorandum**

| | |
|---|---|
| **To:** | Shelley Keen |
| **Prepared by:** | Glen Gardiner & Craig Saxton |
| **Date:** | November 9, 2021 |
| **Re:** | Review of Federal water rights within the Paddock Valley Allotment (#370) which were identified in Exhibit A of Soulen Livestock Co's Verified Petition for Order to Show Cause. |

---

**Comparison of Partial Decrees to IDWR Database Records and Shapefiles**

On September 16, 2021, Soulen Livestock Company and Soulen Grazing Association, LLC ("Soulen") petitioned the Director of the Idaho Department of Water Resources ("IDWR") to issue a show cause order pursuant to Idaho Code § 42-224(1) for a list of water rights "located on a federal grazing allotment known as the Paddock Valley Allotment (#370)."  Soulen's petition refers to the list of water rights as Exhibit A.  For each of the water rights in Exhibit A, we compared information on the SRBA partial decree to information in IDWR's water rights database.  Fields compared included Name and Address, Source, Quantity, Priority Date, Point of Diversion, Purpose and Period of Use, and Place of Use.  We found no discrepancies, although the Names on the partial decrees are abbreviated to USDI BLM, IDAHO STATE OFFICE, whereas IDWR's database refers to the Names as UNITED STATES OF AMERICA ACTING THROUGH USDI BUREAU OF LAND MANAGEMENT, IDAHO STATE OFFICE.

IDWR stores digitized water right places of use ("POU") in its geographic information system ("GIS").  We verified the digitized POU for each of the water rights listed in Exhibit A matches the POU described in the water rights database.   No discrepancies were found.  To complete our analysis, we then used GIS to overlay the digitized POU for each water right in Exhibit A onto the digital boundaries of the Paddock Valley Allotment and neighboring grazing allotment[1]:

**Paddock Valley Allotment Analysis**

Based on digital data, the POUs for the following water rights exist completely within the Paddock Valley Allotment:

> 65-19685, 65-19812, 65-19814, 65-19818, 65-19820, 65-19822, 65-20003, 65-20010, 65-20011, 65-20012, 65-20015, 65-20055, 65-20057, 65-20059, 65-20061, 65-20063, 65-20065, 65-20067, 65-20069, 65-20071, 65-20390, 65-20464, 65-20468, 65-20475, 65-20476, 65-20477, 65-20479, 65-20480, 65-20487, 65-20488, 65-20489, 65-20597, 67-12386, 67-12751, 67-12775, 67-12809, 67-12810, 67-12841, 67-13085, 67-13086, 67-13141, 67-13142, 67-13147, 67-13148.

---

[1] The digital shapes of the allotment boundaries were created by U.S. Department of the Interior, Bureau of Land Management with a publication date of 06-30-2017.  The digital allotment boundaries can be downloaded from the website https://gis.blm.gov/arcgis/rest/services/range/BLM_Natl_Grazing_Allotment/MapServer

**Review of Federal Water Rights – Paddock Valley Allotment (#370) – Soulen Livestock Co's and Soulen Grazing Association, LLC Verified Petition for Order to Show Cause.**

POUs for the following water rights exist partially within the Paddock Valley Allotment and partially outside the Paddock Valley Allotment:

> 65-20469, 65-20471, 65-20472, 65-20484, 65-19750, 65-19816, 65-19824, 65-19894, 65-19897, 65-20370, 65-20388, 65-20478, 65-20486, 67-12752, 67-12776, 67-12777, 67-12900, 67-12999.

The analysis below describes water rights in Exhibit A having all or portions of the authorized POU's exist outside the Paddock Valley Allotment boundary.


**(Water Rights extending onto Paddock Valley Reservoir)**

The unnamed streams identified as the source for rights 65-20469, 65-20471, 65-20472, and 65-20484, appear to be sources of water supplying Paddock Valley Reservoir.  Stock have access to this water from the decreed POU when the reservoir is full enough to extend into the decreed POU.

**65-20469**
Water right 65-20469 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek.  The POU is T11N, R2W, Sec 32, NESE, and is within the boundary of Paddock Valley Allotment except for the area extending onto Paddock Valley Reservoir.  The portion of the POU not within the reservoir is managed by Bureau of Land Management, United States of America.  The area within Paddock Valley Reservoir is owned by Little Willow Irrigation District.

**65-20471**
Water right 65-20471 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek.  The POU is T10N, R2W, Sec 5, (L4)NWNW, SENW, and is within the boundary of Paddock Valley Allotment.  An area within the POU extends onto Paddock Valley Reservoir.  The portion of the POU not within the reservoir is managed by Bureau of Land Management, United States of America.  The owner within Paddock Valley Reservoir is unidentified in IDWR's digital layer.

**65-20472**
Water right 65-20472 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek.  The POU is T10N, R2W, Sec 5, SENE, and is within the boundary of Paddock Valley Allotment.  An area within the POU extends onto Paddock Valley Reservoir.  The portion of the POU not within the reservoir is managed by Bureau of Land Management, United States of America.  The owner within Paddock Valley Reservoir is unidentified in IDWR's digital layer.

**65-20484**
Water right 65-20484 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek.  The POU is T10N, R2W, Sec 17, SWNE, SENE, and is within the boundary of Paddock Valley Allotment, extending across Paddock Valley Reservoir, onto land on the opposite side.  The portion of the POU not within the reservoir is managed by Bureau of Land Management, United States of America. The owner within Paddock Valley Reservoir is unidentified in IDWR's digital layer.

Review of Federal Water Rights – Paddock Valley Allotment (#370) – Soulen Livestock Co's and Soulen Grazing Association, LLC Verified Petition for Order to Show Cause.

November 9, 2021

2 of 5
Attachment A

**(Within both Paddock Valley and Crane Creek Allotment)**

**67-12752**

Water right 67-12752 is an instream stockwater right on an unnamed stream, tributary to Crane Creek. The POU is described as T12N, R3W, Sec 35, SESE and is in the Paddock Valley Allotment and Crane Creek Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**(Boundary Water Rights, All Split between Two or More Allotments)**

**65-19750**

Water right 65-19750 is for a spring, tributary to Holland Gulch.  The POU is T10N, R3W, Sec 11, SENW, and is in both the Paddock Valley Allotment and Holland Gulch Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**65-19816**

Water right 65-19816 is for a spring, tributary to Dry Creek.  The POU is 9N, R2W, Sec 23, NENW, and is in both the Paddock Valley Allotment and Willow Ridge Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**65-19824**

Water right 65-19824 is for a spring, tributary to Dry Creek.  The POU is T9N, R2W, Sec 27, SENE, and is in both the Paddock Valley Allotment and Willow Ridge Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**65-19894**

Water right 65-19894 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek.  The POU described as T10N, R1W, Sec 7, SESW, SWSE, and T10N, R1W, Sec 18, NWNE, NENE, SENE is within the Paddock Valley Allotment.  POU described as T10N, R1W, Sec 17, SWNW, SENW, SWNE, SENE, NWSE, NESE is within the Willow Ridge Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**65-19897**

Water right 65-19897 is an instream stockwater right on Indian creek, tributary to Little Willow Creek and an unnamed stream, tributary to Indian Creek.  The POU described as T10N, R1W, Sec 30, SWNE, SENW, SWSW, SWSE, NWSE, NESE, SESE, SESW, (L2)SWNW, NWSW: T10N, R1W, Sec 31, (L2)SWNW, SENE, NESW, (L1)NWNW is within the Paddock Valley Allotment.  The POU described as T10N, R1W, Sec 28, SESW; T10N, R1W, Sec 32, SWNW, SENE, NWNW, NWNE, NENW; T10N, R1W, Sec 33, NWNW, NENW, SENW, NWSW, NWSE, NESW, SWNE, SWNW is within the Willow Ridge Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

**Review of Federal Water Rights – Paddock Valley Allotment (#370) – Soulen Livestock Co's and Soulen Grazing Association, LLC Verified Petition for Order to Show Cause.**

**November 9, 2021**                                                                                                    **3 of 5**
**Attachment A**

**65-20370**

Water right 65-20370 is an instream stockwater right on an unnamed stream, tributary to Indian Creek. The POU described as T10N, R1W, Sec 30, SENE, NENE, SWNE is within the Paddock Valley Allotment. The POU described as T10N, R1W, Sec 27, SWNE; T10N, R1W, Sec 28, SENW, SWNW, SWNE, SENE, NWSW, NWNW, NENW; T10N R1W, Sec 29, NWSE, NESE, NENE, NWNW, NESW, SESW, NWNE, NENW, NWSW, SWNE, SWNW; T10N, R1W, Sec 30, SENE, NENE, SWNE is within the Willow Ridge Allotment. It appears this POU, and therefore this water right, can be accessed from multiple allotments. The POU is managed by Bureau of Land Management, United States of America.

**65-20388**

Water right 65-20388 is an instream stockwater right on an unnamed stream, tributary to Little Willow Creek. The POU described as T10N, R1W, Sec 6, SESW, SWSE, SESE are within the Paddock Valley Allotment. The POU described as T10N, R1W, Sec 5, SWSW, is within Paddock Valley Allotment and Minnie Allotment. The POU described as T10N, R1W, Sec 5, SESW, is in the Minnie Allotment. The POU described as T10N, R1W, Sec 8, NWNE is in the Foothills Allotment. It appears this POU, and therefore this water right, can be accessed from multiple allotments. The POU is managed by Bureau of Land Management, United States of America.

**65-20478**

Water right 65-20478 is an instream stockwater right on George Way Gulch, tributary to Little Willow Creek and an unnamed stream, tributary to George Way Gulch. The POU described as T10N, R1W, Sec 18, NWSW(L3), SWSW(L4), SESW; T10N, R1W, Sec 19, NENE, NWNE, SENE, NENW; T10N, R1W, Sec 13, SWNE, NESW, NESE, NWSE is within the Paddock Valley Allotment. The POU described as T10N, R1W, Sec 20, SWNW is in the Willow Ridge Allotment. It appears this POU, and therefore this water right, can be accessed from multiple allotments. The POU is managed by Bureau of Land Management, United States of America.

**65-20486**

Water right 65-20486 is an instream stockwater right on Dry Creek, tributary to Big Willow Creek and an unnamed stream, tributary to Dry Creek. The POU described as T9N, R1W, Sec 6, NENE, (L2)NWNE, SWNE, SENE, (L3)NENW, SENW, NESW, (L6)NWSW, SESW, NWSE, SWSE; T10N, R1W, Sec 31, NESE, NWSE, SWSE, SESE within the Paddock Valley Allotment. The POU described as T9N, R1W, Sec 4, NWSW; T9N, R1W, Sec 5, NENE, NWNE, NENW, SWNW, NESW, SWSW, SESW, NESE, NWSE; T10N, R1W, Sec 32, NESW, SWSW, SESW, NWSE, SWSE, SESE is within the Willow Ridge Allotment. The POU described as T9N, R1W, Sec 6, (L7)SESE; T9N, R1W, Sec 7, NWNE, NENW is in both Paddock Valley Allotment and Willow Ridge Allotment. It appears this POU, and therefore this water right, can be accessed from multiple allotments. The POU is managed by Bureau of Land Management, United States of America.

**67-12776**

Water right 67-12776 is an instream stockwater right on an unnamed stream, tributary to Crane Creek. The POU is described as T12N, R2W, Sec 29, SWNW, SENW, NWSW are within the Paddock Valley Allotment. The POU in T12N, R2W, Sec 29, SWNE is in both Paddock Valley Allotment and Crane Creek Individual Allotment. It appears this POU, and therefore this water right, can be accessed from multiple allotments. The POU is managed by Bureau of Land Management, United States of America.

**Review of Federal Water Rights – Paddock Valley Allotment (#370) – Soulen Livestock Co's and Soulen Grazing Association, LLC Verified Petition for Order to Show Cause.**

**November 9, 2021**

**4 of 5**
**Attachment A**

**67-12777**

Water right 67-12777 is an instream stockwater right on an unnamed stream, tributary to Crane Creek. The POU described as T12N, R2W, Sec 29, SWSE is in the Paddock Valley Allotment.  The POU described as T12N, R2W, Sec 29, NWNE, SWNE, NWSE is within both Paddock Valley Allotment and Crane Creek Individual Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America, except for a portion of T12N, R2W, Sec 29, NWNE which extends onto Crane Creek Reservoir.  The area within the boundary of Crane Creek Reservoir is owned by the Tracy B Baker Trust.

**67-12900**

Water right 67-12900 is an instream stockwater right on Crane Creek, tributary to Weiser River.  The POU described as T12N, R2W, Sec 29, NWNE, NWNW is within the Paddock Valley Allotment.  The POU described as T12N, R2W, Sec 29, NWNE is in both Paddock Valley Allotment and Crane Creek Individual Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America, except for portions of each quarter/quarter which extend onto Crane Creek Reservoir.  The area within the boundary of Crane Creek Reservoir is owned by the Tracy B Baker Trust.

**67-12999**

Water right 67-12999 is an instream stockwater right on an unnamed stream, tributary to South Crane Creek.  The POU described as T10N, R1W, Sec 6, SENW is in the Paddock Valley Allotment.  The POU described as T10N, R1W, Sec 6, (L3)NENW is in both Paddock Valley Allotment and Minnie Allotment.  It appears this POU, and therefore this water right, can be accessed from multiple allotments.  The POU is managed by Bureau of Land Management, United States of America.

-end-

**Review of Federal Water Rights – Paddock Valley Allotment (#370) – Soulen Livestock Co's and Soulen Grazing Association, LLC Verified Petition for Order to Show Cause.**

**November 9, 2021**                                                                                                    **5 of 5**
                                                                                                                          **Attachment A**

**BEFORE THE DEPARTMENT OF WATER RESOURCES**

**OF THE STATE OF IDAHO**

| | |
|---|---|
| IN THE MATTER OF CERTAIN BASIN 79 WATER RIGHTS, IN THE NAME OF THE UNITED STATES OF AMERICA ACTING THROUGH THE DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT | Docket No. P-OSC-2021-004<br><br>**AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE**<br><br>**(BUTCHER BAR AND CHINA CREEK ALLOTMENTS)** |

## GROUNDS FOR AMENDED ORDER

On April 25, 2022, the Director of the Idaho Department of Water Resources ("Department") issued an *Order Partially Granting Petition; Order to Show Cause* in this matter.  In it, the Director ordered the United States of America acting through the Department of Interior, Bureau of Land Management to show cause why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 79-11372, 79-11373, 79-11374, 79-11376, 79-11756, and 79-11784.  It has come to the Department's attention that water right 79-11784 is a water right based on federal law and should not have been included in the list of water rights subject to the order to show cause.  *See* Idaho Code § 42-224(14) ("This section applies to all stockwater rights except those stock water rights decreed to the United States based on federal law.").  Pursuant to Rule 760 of the Rules of Procedure of the Idaho Department of Water Resources (IDAPA 37.01.01.760), the Director hereby withdraws the April 25, 2022 order and replaces it with this *Amended Order Partially Granting Petition; Amended Order to Show Cause*.  This amended order removes water right 79-11784 from the list of water rights subject to the order to show cause.

## BACKGROUND

On October 15, 2021, Gill Family Ranches, LLC ("Petitioner") filed with the Department a *Verified Petition for Order to Show Cause* ("Petition").  Petitioner asked the Department to issue an order pursuant to Idaho Code § 42-224(1) "to show cause why the Water Rights [(*see* Petition Exhibit A)] have not been lost through forfeiture pursuant to Idaho Code [§] 42-222(2)."  *Petition* at 1.

Petitioner asserts that the water rights listed in Exhibit A ("BLM Water Rights") are owned by the United States of America acting through the Department of Interior, Bureau of Land Management ("BLM").  *Id.* ¶ 1; *see Petition* Ex. A.  Additionally, Petitioner asserts that the "points of diversion or places of use" for the BLM Water Rights are located on federal grazing allotments identified by the BLM as the Butcher Bar Allotment and the China Creek Allotment ("Allotments").  *Petition* ¶ 3.  Petitioner claims that no other water rights share "the same place of use, source, and point of diversion" as the BLM Water Rights.  *Id.* ¶ 4.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 1

Petitioner maintains that it has, for at least the last five years, held a valid BLM grazing lease for livestock grazing on the Allotments. *Id.* ¶ 5; *see Petition* Ex. B. Petitioner asserts that its livestock have grazed on the Allotments "each year of the lease term." *Petition* ¶ 6. Petitioner claims that its employees, officers, and family of its officers and employees have "regularly visited the Allotments, which boarders Petitioner's private property, each grazing season of use and at other times outside the season of use each year for more than the past five years." *Id.* ¶ 7. Petitioner alleges that "[a]t no time over the past five years has Petitioner, its officers, employees, their families, or agents, witnessed or heard of the existence of livestock owned or controlled by the BLM on either Allotment. . . ." *Id.* ¶ 8, at 2. Petitioner alleges that at no time since it has had use of the area "has Petitioner ever witnessed or heard of the BLM applying the [BLM] Water Rights to the beneficial use of watering livestock the BLM owns or controls on either Allotment." *Id.* ¶ 10. Petitioner asserts that no agency relationship exists between Petitioner and the BLM "for the purpose of acquiring water rights for the BLM on either Allotment." *Id.* ¶ 11. The Petition is verified by Marty I. Gill, manager of Gill Family Ranches, LLC. *Id.* at 3.

To comply with the statutory service requirements of Idaho Code § 42-224(4),[1] the Department submitted a Freedom of Information Act ("FOIA") request to the BLM on October 15, 2021, for a copy of all active grazing permits or leases on the Butcher Block and China Creek Allotments. On October 29, 2021, in response to the Department's FOIA request, the BLM sent a copy of one grazing lease. The lease sent by the BLM matches Lease No. 1105152, authorized September 30, 2015, that Petitioner filed as Exhibit B.

**APPLICABLE LAW**

Idaho Code § 42-224 states in pertinent part:

(1) Within thirty (30) days of receipt by the director of the department of water resources of a petition or other information that a stockwater right has not been put to beneficial use for a term of five (5) years, the director must determine whether the petition or other information, or both, presents prima facie evidence that the stockwater right has been lost through forfeiture pursuant to section 42-222(2), Idaho Code. If the director determines the petition or other information, or both, is insufficient, he shall notify the petitioner of his determination, which shall include a reasoned statement in support of the determination, and otherwise disregard for the purposes of this subsection the other, insufficient, information.

(2) If the director determines the petition or other information, or both, contains prima facie evidence of forfeiture due to nonuse, the director must within thirty (30) days issue an order to the stockwater right owner to show cause before the director

---

[1] Idaho Code § 42-224(4) was amended during the Second Regular Session of the Sixty-sixth Idaho Legislature, effective March 24, 2022. Both prior to and after the 2022 amendment, the service requirements outlined within Idaho Code § 42-224(4) are substantially the same regarding the persons who must be served a copy of an order to show cause issued by the Department.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 2

why the stockwater right has not been lost through forfeiture pursuant to section 42-222(2), Idaho Code. Any order to show cause must contain the director's findings of fact and a reasoned statement in support of the determination.

. . . .

(14) This section applies to all stockwater rights except those stock water rights decreed to the United States based on federal law.

I.C. § 42-224(1)–(2), (14) (current version as amended in 2022). Therefore, to issue an order to show cause as Petitioner has requested, the Director must conclude that the Petition makes a "prima facie showing" that the BLM has not put its BLM Water Rights, decreed based on state law, to beneficial use for at least five years. "Prima facie" is defined by *Black's Law Dictionary* as: "Sufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue <a prima facie showing>." *Prima facie, Black's Law Dictionary* (11th ed. 2019).

## FINDINGS OF FACT

After careful review of the Petition and the Department's associated research memorandum,[2] the Director issues the following findings:

1.   Petitioner requested the Department issue an order to the BLM to show cause why the BLM's Water Rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2). *See Petition* at 1. The following is a list of the water rights at issue: 79-11259, 79-11261, 79-11372, 79-11373, 79-11374, 79-11376, 79-11756, and 79-11784. *See Petition* Ex. A; *Memorandum*.

2.   The Director has reviewed the partial decrees for the BLM Water Rights. The basis for water right 79-11784 is federal law. In accordance with Idaho Code § 42-224(14), further consideration of water right 79-11784 is unwarranted in this matter. The remaining water rights at issue are based on state law and subject to further consideration by the Director.

3.   Using the Department's water rights database, the Department reviewed the places of use for the BLM Water Rights. *Memorandum* at 1.

4.   Petitioner's allegations only relate to the BLM's lack of beneficial use of water within the boundaries of the Allotments. Petitioner does not make allegations relating to the BLM's use of water outside of the boundaries of the Allotments. *See Petition* at 1–2.

---

[2]   For the Director to give a reasoned statement supporting a determination in favor of or opposing forfeiture pursuant to Idaho Code § 42-222(2), Department staff utilized the Department's water right files and database to thoroughly review, analyze, and document the locations of the places of use for the water rights listed in Exhibit A of the Petition. *See* Mem. from Glen Gardiner & Craig Saxton, Water Allocations Analyst and Adjudication Section Manager, Idaho Dep't of Water Res., to Shelley Keen, Water Allocation Bureau Chief, Idaho Dep't of Water Res. 1 (Oct. 27, 2021) (attached to this Order as Attachment A) [hereinafter Memorandum].

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 3

5.   Based on the Memorandum, the Director finds that the places of use for the following water rights, are entirely within the Allotments: 79-11372, 79-11373, 79-11374, 79-11376, and 79-11756.  *See Memorandum*.

6.   Marty I. Gill is an officer of Gill Family Ranches, LLC.  *Petition* at 3.  The allegations in the Petition attribute observations of nonuse of water in the Allotments to the officers of Gill Family Ranches, LLC.  *Id.* at 1–2.  Accordingly, the Director finds that Marty I. Gill's statements are based on personal knowledge.

7.   Based on the Memorandum, the Director finds that some of the water rights at issue have a place of use that extends beyond the Allotments.  The water rights with a place of use that extends beyond the boundaries of the Allotment are: 79-11259 and 79-11261.  *Memorandum* at 2.

8.   The Director has not received written evidence that a principal/agent relationship existed, during the five-year period calculated pursuant to Idaho Code § 42-224(1), between the BLM and any Butcher Bar Allotment or China Creek Allotment livestock grazing permit or lease holders for the purpose of maintaining the BLM Water Rights.

## ANALYSIS

Forfeiture is disfavored in Idaho law.  *Application of Boyer*, 73 Idaho 152, 159, 248 P.2d 540, 544 (1952) ("Forfeitures are abhorrent and all intendments are to be indulged against a forfeiture.").  To make a prima facie showing that the BLM has not beneficially used water authorized by its water rights for five years, for each water right at issue here, Petitioner must present sufficient evidence establishing forfeiture over the entire place of use—not just those portions of the place of use within the Allotments.  The Department's Memorandum, which includes an analysis of its associated due diligence investigation, clarifies that some of the places of use of the BLM Water Rights extend beyond the boundaries of the Allotments.  *See Memorandum*.  As noted in finding 4 above, Petitioner does not offer evidence of BLM's non-use of water beyond the boundaries of the Allotments.  Therefore, the Petition does not include sufficient evidence for the Director to issue an order to show cause to the extent that Petitioner has requested.

The Department must limit the scope of an order to show cause issued in this matter to only those BLM Water Rights based on state law and with a place of use that is located entirely within the property boundaries for which the Department has received supporting statements alleging non-use of water.  Accordingly, for those BLM Water Rights that have a place of use that is located either entirely or partially outside of the Allotments (see finding 7 above), Petitioner has failed to make a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights for five years. However, Petitioner's statements based on personal knowledge (see findings 6 above), when combined with the analysis within the Department's Memorandum, amount to a "prima facie showing" in accordance with Idaho Code § 42-224 that the BLM has not beneficially used water authorized by its water rights that have a place of use entirely within the Allotments within the last five years.

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 4

## CONCLUSION OF LAW

The Director concludes that the "prima facie showing" burden of proof, set forth in Idaho Code § 42-224, has been satisfied to the extent that he should partially grant Petitioner's request and issue an order to the BLM to show cause before the Director why those BLM Water Rights based on state law and that have a place of use entirely within the Allotments have not been lost through forfeiture pursuant to Idaho Code § 42-222(2).

## ORDER

Based on the foregoing, the following are HEREBY ORDERED:

1. The *Verified Petition for Order to Show Cause* at issue is GRANTED for ONLY the following water rights: 79-11372, 79-11373, 79-11374, 79-11376, and 79-11756.

2. The *Verified Petition for Order to Show Cause* at issue is DENIED for the following water rights: 79-11259, 79-11261, and 79-11784.

3. In accordance with Idaho Code § 42-224(2), the United States of America acting through the Department of Interior, Bureau of Land Management must show cause before the Director of the Idaho Department of Water Resources why the following stockwater rights have not been lost through forfeiture pursuant to Idaho Code § 42-222(2): 79-11372, 79-11373, 79-11374, 79-11376, and 79-11756.

4. In accordance with Idaho Code § 42-224(6), the United States of America acting through the Department of Interior, Bureau of Land Management has 21 days from completion of service of this order to request in writing a hearing pursuant to Idaho Code § 42-1701A(1)–(2). If the United States requests such a hearing, it must also serve a copy of the request upon the petitioner listed on the included certificate of service.

5. In accordance with Idaho Code § 42-224(7), if the United States fails to respond to the above order to show cause within 21 days, the stockwater rights for which the *Verified Petition for Order to Show Cause* has been partially granted shall be considered forfeited, and the Director shall issue an order within 14 days stating the stockwater rights have been forfeited pursuant to Idaho Code § 42-222(2).

6. In accordance with Idaho Code §§ 42-224(1) and 42-224(4), Gill Family Ranches, LLC will be served a copy of this order.

DATED this 13th day of May 2022.

_____
MAT WEAVER for GARY SPACKMAN
Acting Director

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO
SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May 2022, I caused to be served a true and correct copy of the foregoing *Amended Order Partially Granting Petition; Amended Order to Show Cause (Butcher Bar and China Creek Allotments),* by the method indicated below, upon the following:

| | |
|---|---|
| Gill Family Ranches, LLC<br>188 Gill Ranch Rd.<br>P.O. Box 386<br>Lucile, ID 83542<br><br>*Petitioner* | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| USDI BLM<br>Idaho State Office<br>1387 S. Vinnell Way<br>Boise, ID 83709<br><br>*Stockwater Right Owner* | ☒ Certified U.S. Mail with return receipt<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ Email |
| *Courtesy Copy:*<br><br>David Negri<br>United States Department of Justice<br>Environment and Natural Resources Division<br>550 W. Fort St., MSC 033<br>Boise, ID 83724<br>david.negri@usdoj.gov | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |
| William G. Myers III<br>HOLLAND & HART LLP<br>P.O. Box 2527<br>Boise, ID 83701<br>wmyers@hollandhart.com | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ Email |

Sarah Tschohl
Legal Assistant

AMENDED ORDER PARTIALLY GRANTING PETITION; AMENDED ORDER TO
SHOW CAUSE (BUTCHER BAR AND CHINA CREEK ALLOTMENTS) – 6

# Memorandum

**To:**            Shelley Keen

**Prepared by:**   Glen Gardiner & Craig Saxton

**Date:**          October 27, 2021

**Re:**            Review of Federal water rights within the Butcher Bar Allotment (#36138) and China Creek Allotment (#36191) which were identified in Exhibit A of Gill Family Ranches, LLC Verified Petition for Order to Show Cause.

---

**Comparison of Partial Decrees to IDWR Database Records and Shapefiles**

On October 15, 2021, Gill Family Ranches, LLC ("Gill") petitioned the Director of the Idaho Department of Water Resources ("IDWR") to issue a show cause order pursuant to Idaho Code § 42-224(1) for a list of water rights "located on a federal grazing allotment known as the Butcher Bar Allotment (#36138) and China Creek Allotment (#36191)." Gill's petition refers to the list of water rights in Exhibit A. For each of the water rights in Exhibit A, we compared information on SRBA partial decrees to information in IDWR's water rights database. Fields compared included Name and Address, Source, Quantity, Priority Date, Point of Diversion, Purpose and Period of Use, and Place of Use. We found no discrepancies, although the Names on the partial decrees list USDI BLM, IDAHO STATE OFFICE, whereas IDWR's database refers to the Names as UNITED STATES OF AMERICA ACTING THROUGH USDI BUREAU OF LAND MANAGEMENT, IDAHO STATE OFFICE.

IDWR stores digitized water right places of use ("POU") in its geographic information system ("GIS"). We verified the digitized POU for each of the water rights listed in Exhibit A matches the POU described in the water rights database. No discrepancies were found. To complete our analysis, we then used GIS to overlay the digitized POU for each water right in Exhibit A onto the digital boundaries of the Butcher Bar Allotment, China Creek Allotment and neighboring grazing allotments (Wet Gulch Allotment)[1].

**Butcher Bar Allotment Analysis**
Based on digital overlay, the POU for the following water right exists completely within the Butcher Bar Allotment:

> 79-11756.

**China Creek Allotment Analysis**
Based on digital overlay, the POUs for the following water rights exist completely within the China Creek Allotment:

> 79-11374 & 79-11376.

---

[1] The digital shapes of the allotment boundaries were created by U.S. Department of the Interior, Bureau of Land Management with a publication date of 06-30-2017. The digital allotment boundaries can be downloaded from the website https://gis.blm.gov/arcgis/rest/services/range/BLM_Natl_Grazing_Allotment/MapServer

**Review of Federal Water Rights – Butcher Bar Allotment (#36138) & China Creek Allotment (#36191) – Gill Family Ranches, LLC Verified Petition for Order to Show Cause.**

**Analysis of Rights Within Both Subject Allotments**

POUs for the following water rights exist partially within the Butcher Bar Allotment and partially within the China Creek Allotment.

**79-11372:**
Water right 79-11372 is an instream stockwater right on the Salmon River.  The POU is T26N, R1E, Sec 34, (L1)NESE, (L2)SESE.  China Creek flows through the POU described as T26N, R1E, Sec 34, (L1)NESE. Land north of China Creek is in the Butcher Bar Allotment.  Land south of China Creek is in the China Creek Allotment.  It appears this POU can be accessed from either the China Creek or Bucher Bar allotments.  The entire POU is managed by Bureau of Land Management, United States of America.

**79-11373:**
Water right 79-11373 is an instream stockwater right on China Creek, tributary to the Salmon River.  The POU is T26N, R1E, Sec 34, SENE, (L1)NESE.  China Creek flows through the POU described as T26N, R1E, Sec 34, (L1)NESE.  Land north of China Creek is in the Butcher Bar Allotment.  Land south of China Creek is in the China Creek Allotment.  It appears this POU can be accessed from either the China Creek or Bucher Bar allotments.  The entire POU is managed by Bureau of Land Management, United States of America.

**79-11784:**
Water right 79-11374 is a spring, tributary to China Creek.  The POU is T26N, R1E, Sec 34, (L1)NESE. China Creek flows through the POU.  Land north of China Creek is in the Butcher Bar Allotment.  Land south of China Creek is in the China Creek Allotment.  It appears this POU can be accessed from either the China Creek or Bucher Bar allotments.  The entire POU is managed by Bureau of Land Management, United States of America.

**Analysis of Rights Outside the Subject Allotments**

POUs for the following water rights exist entirely outside both the Butcher Bar Allotment and the China Creek Allotment.

**79-11259:**
Water right 79-11259 is an instream stockwater right on unnamed stream, tributary to the Salmon River. The POU is T26N, R1E, Sec 23, (L8)SWSW.  This POU is entirely within the Wet Gulch Allotment.  The POU is managed by Bureau of Land Management, United States of America.

**79-11261:**
Water right 79-11259 is an instream stockwater right on Wet Gulch, tributary to the Salmon River. The POU is T26N, R1E, Sec 26, (L1)NWNW.  This POU is entirely within the Wet Gulch Allotment.  The POU is managed by Bureau of Land Management, United States of America.

-end-

Review of Federal Water Rights – Butcher Bar Allotment (#36138) & China Creek Allotment (#36191) – Gill Family Ranches, LLC
Verified Petition for Order to Show Cause.

October 27, 2021                                                                                                    2 of 2

Attachment A