LAWRENCE G. WASDEN
Attorney General

DARRELL G. EARLY
Deputy Attorney General
Chief, Natural Resources Division

MICHAEL C. ORR (ISB # 6720)
JOY M. VEGA (ISB #7887)
SHANE M. BELL (ISB #10832)
Deputy Attorneys General
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8072
Michael.Orr@ag.idaho.gov
Joy.Vega@ag.idaho.gov
Shane.Bell@ag.idaho.gov

*Attorneys for the Defendants the State of Idaho, the Idaho Department of Water Resources, and Gary Spackman, in his official capacity as Director of the Idaho Department of Water Resources*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF IDAHO; the IDAHO DEPARTMENT OF WATER RESOURCES, an agency of the State of Idaho; and GARY SPACKMAN, in his official capacity as the Director of the Idaho Department of Water Resources,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00236-DKG<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants the State of Idaho, the Idaho Department of Water Resources, and Gary Spackman, in his official capacity as Director of the Idaho Department of Water Resources (collectively, "the State"), by and through their attorneys of record, hereby answer the allegations of the *First Amended Complaint for Declaratory and Injunctive Relief* filed in this matter on July 15, 2022 ("Amended Complaint"), as follows:

## GENERAL DENIAL

The State denies any allegation of the Amended Complaint not expressly admitted herein.

## RESPONSES TO "INTRODUCTION" ALLEGATIONS

1.      With regard to Paragraph 1 of the Amended Complaint, the State admits that the Plaintiff owns in trust for the people of the United States millions of acres of land within the boundaries of the State of Idaho and that the Plaintiff makes some of these acres available for grazing by livestock owned by persons or entities holding federal grazing permits.  The State admits that the Plaintiff holds thousands of decreed or licensed water rights for "stockwater" use on federal lands within Idaho but denies that any of the Plaintiff's state law-based water rights for stockwater use are held or needed "to enable" a federal grazing program.  The State admits that livestock owned by persons or entities holding federal grazing permits often drink water from the "sources," and at the "points of diversion" and "places of use," identified in the "partial decrees" for "stockwater" use issued to the Plaintiff in the Snake River Basin Adjudication ("SRBA") or licenses issued to the Plaintiff by IDWR,[1] but denies that this constitutes use or exercise of the

---

[1] The SRBA is a general stream adjudication conducted under Chapter 14 of Title 42 of the Idaho Code for the purpose of making "a comprehensive determination of the nature, extent and priority of the rights of all users of surface and ground water" in the Snake River basin.  1985 Idaho Sess. Laws 28, *amended by* 1994 Idaho Sess. Laws 1452-53.  A "partial decree" is a decree for an individual water right entered in a general stream adjudication.  Idaho Code §§ 42-1411A(13), 42-1412(6)-(8).  An Idaho water right is defined by discrete "elements," and a "partial decree" or license sets forth the elements of a water right, including but not limited to the

Plaintiff's rights for "stockwater" use.  The State admits that water rights decreed or licensed in Idaho with "stockwater" as the authorized "purpose of use" are often informally called "stockwater rights," but denies that this term refers only to the Plaintiff's stockwater rights.  The State also admits that federal law includes the constitutional provision and statutes cited in Paragraph 1, which speak for themselves.  The State denies the remaining allegations in Paragraph 1.

2.      With regard to Paragraph 2 of the Amended Complaint, the State admits that Idaho Code §§ 42-113, 42-224, and 42-501 through 42-507 were enacted and/or amended during the last five years.  The State admits that Idaho Code § 42-224 establishes the procedures for addressing forfeiture of state law-based stockwater rights pursuant to the substantive provisions of Idaho Code § 42-222(2) but denies that these statutory forfeiture procedures and provisions undermine any "congressionally authorized federal grazing program."  The forfeiture procedures of Idaho Code § 42-224 do not apply to stockwater rights decreed to the Plaintiff based on federal law, and the State denies that the Plaintiff's state law-based stockwater rights are part of a "congressionally authorized federal grazing program" or are held or needed to "enable" livestock grazing on federal lands within Idaho.  The State denies that Idaho Code §§ 42-113 and 42-501

---

"source" from which water is diverted, the "point of diversion," the "place of use" of the water, and the "purpose" for which the water may be used.  Idaho Code §§ 42-202, 42-203A, 42-219, 42-1411(2), 42-1412(6).  General stream adjudications such as the SRBA are lengthy proceedings that can take many years to complete.  "Partial decrees" for individual water rights are appealable final judgments issued pursuant to Rule 54(b)(1) of the Idaho Rules of Civil Procedure in advance of entry of a "Final Unified Decree" for the adjudication as a whole. **Exhibit A**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is true and correct copies of the partial decrees, licenses, and statutory claims for the state law-based water rights for "stockwater" use that the Plaintiff has placed at issue in this case. **Exhibit B**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is a true and correct copy of the SRBA's "Final Unified Decree" (Aug. 26, 2014), excluding its voluminous "Attachments."

through 42-507 are forfeiture statutes or "threaten" to forfeit the Plaintiff's stockwater rights. Idaho Code § 42-501 only recites "legislative intent" and has no effect on the Plaintiff or the Plaintiff's stockwater rights.  The State admits Idaho Code § 42-502 states that no agency of the federal government "shall acquire" stockwater rights unless the agency owns livestock and puts the water to beneficial use but denies that this provision applies to any of the Plaintiff's existing stockwater rights.  The State admits that Idaho Code § 42-113(2)(b) provides that certain stockwater rights having a "point of diversion" or "place of use" located on federal lands are "an appurtenance to the base property" of the persons or entities holding grazing permits for the same federal lands but denies that this provision forfeits or "threatens" the Plaintiff's licensed or decreed stockwater rights or any "congressionally authorized federal grazing program."   The State denies any remaining allegations in Paragraph 2.

3.        With regard to Paragraph 3 of the Amended Complaint, the State admits that on May 13, 2022, the Director of the Idaho Department of Water Resources ("Director") issued three amended show-cause orders stating that the Plaintiff must show cause before the Director within twenty-one days why fifty-seven stockwater rights decreed to the Plaintiff in the SRBA based on state law have not been lost for non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).  Answering Paragraph 3 further, the State admits that a fourth show-cause order was issued by the Director on June 22, 2022, stating that the Plaintiff must show cause before the Director within twenty-one days why eleven stockwater rights held by the Plaintiff based on state law have not been lost for non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).   The State denies that the show-cause orders were issued "as a direct result" of the enactment of the legislation referenced in Paragraph 2.  The show-cause orders were issued in response to petitions filed with the Idaho Department of Water Resources

("IDWR") pursuant to Idaho Code § 42-224 by certain livestock owners who hold permits to graze their livestock on federal lands, and alleged that the Plaintiff had not made use of its stockwater rights within the last five years.  The State admits that the copies of the four show-orders contained in Exhibits 1 and 2 to the Amended Complaint are complete and correct copies of the three amended show-cause orders issued on May 13, 2022, and the show-cause order issued on June 22, 2022.  The State denies that the show-cause orders "initiated" any process under Idaho Code § 42-224; and avers that the procedures of Idaho Code § 42-224 were invoked and initiated by the petitions filed by the private livestock owners.  The State denies that Idaho Code § 42-224 establishes or requires a "mandatory" series of actions that culminate in a civil action for forfeiture of the Plaintiff's stockwater rights, which is a possible rather than "mandatory" step in the procedures established by Idaho Code § 42-224.  *See generally* Idaho Code § 42-224(6)-(12). The State denies all remaining allegations in Paragraph 3, including but not limited to any allegation that an administrative forfeiture determination by IDWR under Idaho Code § 42-224(7)-(8) forfeits, threatens, or otherwise affects the Plaintiff's stockwater rights.

4.      The State denies the allegations in Paragraph 4 of the Amended Complaint.

5.      With regard to Paragraph 5 of the Amended Complaint, the State admits that the Plaintiff has requested that this Court enter judgment against the State declaring Idaho Code §§ 42-113(2)(b), 42-222(2), 42-224, 42-501, 42-502 and 42-504 to be invalid and enjoining their enforcement against the Plaintiff.  The State denies that these statutes are invalid facially or as applied to the Plaintiff and denies that the State should be enjoined from applying or enforcing these statutory provisions.

## RESPONSE TO "JURISDICTION" ALLEGATIONS

6.      With regard to Paragraph 6 of the Amended Complaint, the State admits that this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1367.

The State denies the remaining allegations in Paragraph 6.

## RESPONSES TO "VENUE" ALLEGATIONS

7.      With regard to Paragraph 7 of the Amended Complaint, the State admits that venue is

proper in this Court because the Director resides within the State of Idaho and IDWR's offices

are located within the State of Idaho, because the water rights referenced in Paragraph 79 were

claimed and decreed based on the laws of the State of Idaho and have "points of diversion" and

"places of use" within the State of Idaho, and because the statutes the Plaintiff challenges in this

action were duly enacted by the Legislature and Governor of the State of Idaho. The State denies

the remaining allegations in Paragraph 7.

## RESPONSES TO "PARTIES" ALLEGATIONS

8.      With regard to Paragraph 8 of the Amended Complaint, the State admits that the Plaintiff

is suing on its own behalf and on behalf of the United States Bureau of Land Management

("BLM") and the United States Forest Service ("USFS").  The Plaintiff has not identified any

other executive departments, subdivisions, or agencies the Plaintiff is suing on behalf of, and the

State therefore denies the remaining allegations in Paragraph 8.

9.      With regard to Paragraph 9 of the Amended Complaint, the State admits that the BLM is

a federal agency within the United States Department of the Interior and charged by Congress

with managing certain public lands in Idaho and certain other states, and that the BLM is

congressionally authorized to permit and oversee livestock grazing on some of these public

lands.  The State denies the remaining allegations in Paragraph 9.

10.     With regard to Paragraph 10 of the Amended Complaint, the State admits that the USFS is a federal agency within the United States Department of Agriculture that is charged by Congress with managing the National Forest System, including National Forest System lands within Idaho, and that the USFS is congressionally authorized to permit and oversee livestock grazing on these lands.  The State denies the remaining allegations in Paragraph 10.

11.     The State admits the allegations in Paragraph 11 of the Amended Complaint.

12.     The State admits the allegations in Paragraph 12 of the Amended Complaint, but notes that while IDWR is often colloquially referred to as an "agency" of the State of Idaho, it is in fact "an executive department" of Idaho state government.  Idaho Code § 42-1701(1).

13.     The State admits the allegations in Paragraph 13 of the Amended Complaint.

## RESPONSES TO "GENERAL ALLEGATIONS"

14.     The State admits that Paragraph 14 of the Amended Complaint correctly quotes a portion of Clause 2 of Section 3 of Article IV of the United States Constitution, which speaks for itself.[2]

15.     The State admits that Paragraph 15 of the Amended Complaint correctly quotes a portion of Clause 2 of Article VI of the United States Constitution, which speaks for itself.

16.     The State admits that Paragraph 16 of the Amended Complaint correctly quotes a portion of Clause 1 of Section 10 of Article I of the United States Constitution, which speaks for itself.

17.     The State admits that Paragraph 17 of the Amended Complaint paraphrases a sentence from the majority opinion in the case of *Block v. N. Dakota*, 461 U.S. 273 (1983), which speaks

---

[2] The "General Allegations" section of the Complaint (Paragraphs 14 through 81) is grouped into several subsections, each of which has a subtitle.  For instance, the subtitle immediately preceding Paragraph 14 states that Paragraphs 14 through 19 are "Legal Background."  The State denies any allegation that Paragraphs 14 through 19 define the "Legal Background" that is or may be applicable to resolving this case.

for itself.  The State denies any remaining allegations in Paragraph 17 because they purport to summarize, interpret, apply, or draw conclusions from the *Block* decision.

18.     The State admits Paragraph 18 of the Amended Complaint correctly quotes certain parts of 43 U.S.C. § 666 (commonly known as the "McCarran Amendment"), correctly quotes part of a single sentence in the decision in *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1 (1993), and that the decision in *Miller v. Jennings*, 243 F.2d 157 (5th Cir. 1957) addresses the McCarran Amendment's waiver of sovereign immunity.  The State denies the remaining allegations in Paragraph 18 because they purport to summarize, interpret, apply, or draw conclusions from the McCarran Amendment and the two court decisions, which speak for themselves.

19.     The State admits that Paragraph 19 of the Amended Complaint correctly quotes a portion of Section 12 of Article XI of the Idaho Constitution and correctly quotes a portion of a sentence from the decision in *Frisbie v. Sunshine Mining Co.*, 93 Idaho 169, 457 P.2d 408 (1969), which speak for themselves.  The State denies any remaining allegations in Paragraph 19.

20.     With regard to Paragraph 20 of the Amended Complaint, the State admits that some portions of what is known as the "Taylor Grazing Act of 1934" are codified at 43 U.S.C. §§ 315-315c.  The State denies the remaining allegations in Paragraph 20 because they purport to summarize, interpret, apply, or draw conclusions from the statutory provisions of the Taylor Grazing Act, which speaks for itself.  The State specifically denies any allegation that the Plaintiff's state law-based stockwater rights are based on the Taylor Grazing Act or are held or needed to implement or effectuate the Plaintiff's authorities under the Taylor Grazing Act.[3]

---

[3] The subtitle immediately preceding Paragraph 20 refers to Paragraphs 20 through 28 as addressing "Federal Land Management and Grazing."  The State denies any allegation that

21.     With regard to Paragraph 21 of the Amended Complaint, the State admits that the BLM designates grazing "allotments" on or within the federal lands it manages, which are made available for grazing to those holding grazing permits or leases.  The State admits that BLM grazing allotments in Idaho can vary significantly in size, and that the BLM may authorize multiple permit or lease holders to graze livestock within a single allotment rather than limiting each allotment to a single grazing permit or lease holder.  The State admits that grazing use of federal lands managed by the BLM does not necessarily preclude the use or management of those lands for certain other purposes.  The State lacks sufficient knowledge of the remaining allegations in Paragraph 21 to evaluate those allegations and therefore denies them.

22.     With regard to Paragraph 22 of the Amended Complaint, the State admits that a variety of water sources on BLM lands in Idaho supply the water that is consumed by the livestock authorized to graze on those lands, but denies any allegation that artificial ponds, troughs, or pipelines are water "sources" within the meaning of the Plaintiff's partial decrees or licenses for its stockwater rights.  The State lacks sufficient knowledge of the alleged "pipeline systems" referenced in Paragraph 22 to evaluate those allegations and therefore denies them.

23.     With regard to Paragraph 23 of the Amended Complaint, the State admits that 16 U.S.C. § 551 authorizes the Secretary of Agriculture "to regulate [the] occupancy and use" of "national forests."  The State denies the remaining allegations in Paragraph 23 because they purport to summarize, interpret, apply, or draw conclusions from 16 U.S.C. § 551, which speaks for itself.

24.     With regard to Paragraph 24 of the Amended Complaint, the State admits that the decision in *United States v. Grimaud*, 220 U.S. 506 (1911), affirmed the Secretary of

---

Paragraph 20 through 28 define or correctly summarize the legal authorities and facts relevant to questions of "Federal Land Management and Grazing" that may arise in this case.

Agriculture's authority to regulate grazing on "forest reserves" under the version of 16 U.S.C. § 551 then in effect.  The State denies the remaining allegations in Paragraph 24 because they purport to summarize, interpret, apply, or draw conclusions from the *Grimaud* decision or 16 U.S.C. § 551, which speak for themselves.

25.     With regard to Paragraph 25 of the Amended Complaint, the State admits that the USFS regulates livestock grazing on national forest lands through a permitting process that authorizes permit holders to graze their livestock on designated lands.  The State admits that through this permitting process, and possibly other forms of regulation, the USFS limits the number and location of stock authorized to graze on national forest lands.  The State admits that livestock owned by multiple or successive grazing permittees often consume water from the same sources on the same allotments but denies that this constitutes a use or exercise of the Plaintiff's stockwater rights.  The State denies any allegation that the USFS "administers" the Plaintiff's state law-based stockwater rights, because the legal authority to administer state law-based stockwater rights is vested in IDWR, as the Plaintiff admitted in Paragraph 12 of the Amended Complaint.  The State denies any remaining allegations in Paragraph 25.

26.     With regard to Paragraph 26 of the Amended Complaint, the State admits that federal agencies other than the BLM and the USFS manage federal lands in Idaho, and that some of these other agencies allow grazing on certain of those lands and hold decreed stockwater rights. The State lacks sufficient knowledge of the allegation regarding "grazing programs . . . managed under other provisions of federal law" to evaluate that allegation and therefore denies the same. The State denies the remaining the allegations in Paragraph 26, including but not limited to the allegation that federal agencies' state law-based stockwater rights are held or needed "to support their grazing programs."

27.     The State admits that Paragraph 27 of the Amended Complaint quotes part of a single sentence from the decision in *United States v. State of Idaho*, 131 Idaho 468, 959 P.2d 449 (1998).  This decision speaks for itself and the State denies the remaining allegations in Paragraph 27, including but not limited to any allegation that this decision addressed or referred to the Plaintiff's claims for stockwater rights based on state law.  The Plaintiff's claims for stockwater rights based on state law were addressed in a separate decision, *Joyce Livestock Company* v. *United States*, 144 Idaho 1, 156 P.3d 502 (2007) ("*Joyce Livestock*"), which rejected the Plaintiff's argument that "application of Idaho water law to [the Plaintiff] would violate the purposes underlying the [Taylor Grazing] Act."  *Id.* at 19, 156 P.3d at 520.

28.     The State admits that Paragraph 28 of the Amended Complaint correctly quotes part of one sentence in the pre-2017 version of Idaho Code § 42-501, which has been repealed.  The State admits that from 1939 to 2017 the Plaintiff owned few livestock and the vast majority of livestock that grazed on public lands in Idaho during this period were privately-owned but denies any allegation that this was not also true prior to 1939 or has not been true since 2017.  The State admits that the SRBA commenced in 1987 and the SRBA's *Final Unified Decree* was issued in 2014,[4] and that in the SRBA the Plaintiff obtained partial decrees for thousands of stockwater rights, some of which were claimed and decreed based on federal law, but many of which were claimed and decreed based on Idaho state law.  The *Final Unified Decree* and the Plaintiff's partial decrees speak for themselves, and the State denies any remaining allegations in Paragraph

---

[4] Water rights for certain statutorily-defined "domestic" and "stockwater" uses can still be claimed and decreed in the SRBA pursuant to the SRBA's *Order Governing Procedures in the SRBA for Adjudication of Deferred  De Minimis Domestic and Stock Water Claims* (June 28, 2012) and *Order Amending Procedures in the SRBA for Adjudication of Deferred  De Minimis Stockwater Claims* (Oct. 17, 2017).  *Final Unified Decree* at 9.

28, including but not limited to any allegation that the Plaintiff's state law-based stockwater

rights were decreed "for use by . . . federally permitted but privately owned, livestock."[5]

29.     The State admits the allegations in Paragraph 29 of the Amended Complaint.[6]

30.     With regard to Paragraph 30 of the Amended Complaint, the State admits that on

November 19, 1987, the District Court of the Fifth Judicial District of the State of Idaho, in and

for the County of Twin Falls, issued an order commencing the SRBA as a general stream

adjudication pursuant to Chapter 14 of Title 42 of the Idaho Code.  The State denies the

remaining allegations in Paragraph 30.

31.     With regard to Paragraph 31 of the Amended Complaint, the State admits that in the

SRBA the Plaintiff claimed and obtained decrees for thousands of water rights, some based on

Idaho state law and others based on federal law ("federal reserved water rights").  The State

admits that most of the state law-based stockwater rights that are the subject of the amended

show-cause orders referenced in Paragraph 3 were decreed to the Plaintiff in the SRBA, but

decrees entered in a general stream adjudication such as the SRBA speak for themselves and are

conclusive as to the nature and extent of the decreed water rights.  Idaho Code § 42-1401A(5);

*First Sec. Corp. v. Belle Ranch, LLC*, 165 Idaho 733, 741, 451 P.3d 446, 454 (2019); *Final

Unified Decree*, In re SRBA, Case No. 39576 at 7, 9-10 (Idaho 5th Jud. Dist.) (Aug. 25, 2014).

The State denies the remaining allegations in Paragraph 31 because they purport to characterize

---

[5] Copies of the Plaintiff's state law-based partial decrees and the SRBA's *Final Unified Decree*,
excluding the voluminous attachments, are provided in **Exhibits A** and **B** to this Answer.

[6] The subtitle immediately preceding Paragraph 29 refers to Paragraphs 29 through 40 as
addressing "The Snake River Basin Adjudication and Federal Stockwater Rights."  The State
denies any allegation that Paragraphs 29 through 40 define or correctly summarize the legal
authorities and facts relevant to any questions of "The Snake River Basin Adjudication and
Federal Stockwater Rights" that may arise in this case.

the nature or extent of the Plaintiff's stockwater rights, which are defined by SRBA decrees and licenses issued by IDWR rather than by the Plaintiff's characterizations of those decrees. The State specifically denies the allegation that the Plaintiff's stockwater rights "aris[e] from the consumption of water by livestock owned by federal grazing permittees." Answering Paragraph 31 further, the State denies the allegation in footnote 1 that any unadjudicated "statutory" claims the Plaintiff filed with IDWR pursuant to Idaho Code § 42-243 constitute "rights."

32.     With regard to Paragraph 32 of the Amended Complaint and the associated footnote, the State admits that the Plaintiff claimed thousands of state law-based stockwater rights pursuant to "the constitutional method of appropriation," which prior to 1971 allowed appropriators to perfect surface water rights under state law by simply diverting water and applying it to a "beneficial use." The State admits that the Plaintiff obtained decrees for many (but not all) of these claims, but denies that the claimed stockwater uses were made by the Plaintiff's livestock. The State admits that since 1971 surface water rights can no longer be perfected in Idaho under the "constitutional method of appropriation," but that surface water rights perfected before 1971 under this method remain valid unless lost for non-use pursuant to statutory forfeiture or common-law abandonment.[7] The State admits that Idaho law has long recognized instream watering of livestock as a "beneficial use" for purposes of perfecting a water right. The State

---

[7] Idaho law enacted in 1971 limits the appropriation of surface water under state law to the "statutory method of appropriation," pursuant to which a surface water right can be perfected only through the filing of an application for a permit to appropriate public waters, followed by the issuance of a permit and a license. Idaho Code § 42-201; *Joyce Livestock,* 144 Idaho at 7-8, 156 P.3d at 508-09. Surface water rights perfected before 1971 under the "constitutional method of appropriation" can still be claimed and decreed in a general stream adjudication such as the SRBA, however. *Joyce Livestock,* 144 Idaho at 7-8, 156 P.3d at 508-09. Ground water rights could be perfected under the "constitutional method of appropriation" only until 1963. *A&B Irr. Dist. v. Aberdeen-American Falls Ground Water Dist*., 141 Idaho 746, 748, 118 P.3d 78, 81 (2005); 1963 Idaho Sess. Laws 624.

admits that Paragraph 32 correctly quotes the first sentence of Section 3 of Article XV of the Idaho Constitution, and that pursuant to Idaho Code §§ 42-113(1) and 42-227 certain stockwatering and domestic uses of water are exempt from the general statutory requirement of obtaining a permit before diverting or using the water for those purposes.  Idaho Code § 42-201(2).  These constitutional and statutory provisions speak for themselves, and the State denies the remaining allegations in Paragraph 32 and the associated footnote because they purport to summarize, interpret, apply, or draw conclusions from these constitutional and statutory provisions.

33.     With regard to Paragraph 33 of the Amended Complaint, the State admits that the Plaintiff claimed some stockwater rights in the SRBA based upon state law, and others based on federal law, and some based on both.  The State denies any allegations in Paragraph 33 asserting the State knew or could have known of the Plaintiff's reasons for claiming some stockwater rights under state law but others under federal law.  The State denies all remaining allegations in Paragraph 33, including but not limited to any allegation that the Plaintiff's state law-based stockwater rights could also or alternatively have been decreed as federal reserved water rights.

34.     With regard to Paragraph 34 of the Amended Complaint, the State admits that the State and some private parties objected to many of the Plaintiff's claims in the SRBA for stockwater rights, and that many of these objections were either withdrawn or resolved by settlements.  The State admits that once all objections to the Plaintiff's claims had been withdrawn or resolved, the Plaintiff's claimed stockwater rights were generally decreed.  The State denies the remaining allegations in Paragraph 34.

35.     With regard to Paragraph 35 of the Amended Complaint, the State admits that Exhibit 3 to the Amended Complaint contains a copy of a "Stipulation and Joint Motion for Order

Approving Stipulation" regarding certain unidentified SRBA "subcases" that was signed by the Plaintiff and certain private parties in 2002.[8]  The State was not a party to the stipulation and joint motion, which speak for themselves.  The State denies the remaining allegations in Paragraph 35 because they purport to summarize, interpret, apply, or draw conclusions from the stipulation and joint motion.

36.     With regard to Paragraph 36 of the Amended Complaint, the State admits that in some instances no permittees objected to the Plaintiff's SRBA claims for stockwater rights.  The State also admits that in some instances the Plaintiff may currently hold the only stockwater right(s) decreed on a given "source," but denies any allegation or implication that in such instances federal permittees are using the Plaintiff's stockwater rights to water their livestock, or that federal permittees cannot claim and be decreed their own stockwater rights for the same "sources" and "places of use" in the future.  The State denies the remaining allegations in Paragraph 36.

37.     With regard to Paragraph 37 of the Amended Complaint, the State admits that many of the objections that were filed to the Plaintiff's SRBA claims for stockwater rights were either withdrawn or resolved, sometimes pursuant to settlements, and that once all objections to the Plaintiff's claims for stockwater rights had been withdrawn or resolved,  the claims were generally decreed by the SRBA court via "partial decrees" entered pursuant to Idaho Code § 42-1412(6) and Rule 54(b)(1) of the Idaho Rules of Civil Procedure.  The State admits that, pursuant

---

[8] A "subcase" is the SRBA proceeding that addresses an individual water right claim, and each SRBA subcase is assigned a subcase number.  Some SRBA filings, such as the stipulation referenced in Paragraph 35, are made in multiple subcases simultaneously, and the individual subcases often are identified by an attachment that lists the subcase numbers.  Exhibit 3 to the Complaint is not a complete copy of the document because it does not include the attachment listing the subcase numbers (i.e., the water right numbers) to which the stipulation applies.

to the Idaho statutes and procedural rules governing the conduct of the SRBA, individual water right claims were addressed in separate "subcases" in which many individual water right claims were adjudicated prior to entry of the *Final Unified Decree* in 2014.  The State admits that the SRBA court issued partial decrees to the Plaintiff for thousands of stockwater rights, including thousands of stockwater rights that authorize "instream" stockwatering.  The State admits that some of the Plaintiff's stockwater rights were decreed based on federal law rather than state law, and that some of the Plaintiff's decreed stockwater rights authorize the physical diversion of water out of the stream channel and into conveyance, storage, and/or distribution structures.  The State denies the remaining allegations in Paragraph 37.

38.     With regard to Paragraph 38 of the Amended Complaint and the associated footnote, the State admits that the *Joyce Livestock* case arose out of litigation in the SRBA between the Plaintiff and a federal grazing permittee over claims each had filed for stockwater rights based on state law, and objections each filed to the other's state law-based stockwater right claims. The State admits that Paragraph 38 correctly quotes part of a single sentence in the *Joyce Livestock* decision.  The State denies the remaining allegations in Paragraph 38 and the associated footnote 3 because they purport to summarize, interpret, apply, or draw conclusions from the *Joyce Livestock* decision and the decision in *LU Ranching Co. v. United States*, 144 Idaho 89, 156 P.3d 590 (2007), which speak for themselves.

39.     With regard to Paragraph 39 of the Amended Complaint, the State admits that the *Joyce Livestock* decision denied certain SRBA claims the Plaintiff had filed for state law-based stockwater rights but did not explicitly address any of the Plaintiff's previously decreed stockwater rights.  The State admits that Paragraph 39 correctly quotes a sentence from the *Notice of Court's Intent to Issue Partial Decree for Federal Uncontested Right Based on State*

*Law and Notice of Hearing Thereon*, entered in SRBA subcase No. 74-15468 on February 28, 2007 ("*Notice*").  The State denies the remaining allegations in Paragraph 39 because they purport to summarize, interpret, apply, or draw conclusions from the *Joyce Livestock* decision and the *Notice*, which speak for themselves.

40.     With regard to Paragraph 40 of the Amended Complaint and the associated footnote 4, the State admits the SRBA's *Final Unified Decree* was signed on August 25, 2014 and entered on August 26, 2014, and incorporated by reference approximately 158,600 partial decrees that had previously been issued in SRBA proceedings, which were included in an "Attachment" to the *Final Unified Decree*.  The State admits that the *Final Unified Decree* is conclusive as to the nature and extent of all water rights within the Snake River Basin with priority dates prior to November 19, 1987,  including but not limited to water rights decreed in the partial decrees attached and incorporated by reference into the *Final Unified Decree* as of August 26, 2014, but denies any allegation that the *Final Unified Decree* is not also conclusive as to the nature and extent of any water rights subsequently adjudicated, decreed and incorporated into the *Final Unified Decree* by reference pursuant to the SRBA's *Order Governing Procedures in the SRBA for Adjudication of Deferred  De Minimis Domestic and Stock Water Claims* (June 28, 2012) and *Order Amending Procedures in the SRBA for Adjudication of Deferred  De Minimis Stockwater Claims* (Oct. 17, 2017), and the SRBA's *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* (Aug. 26, 2014).  The State admits that claims for water rights for certain statutorily-defined *de minimis* "domestic" and "stockwater" uses can still be filed and adjudicated in the SRBA pursuant to the SRBA's *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* (June 28, 2012) and *Order Amending Procedures in the SRBA for Adjudication of Deferred De Minimis Stockwater*

*Claims* (Oct. 17, 2017).  The State denies any remaining allegations in Paragraph 40 and the associated footnote 4.

41.     With regard to Paragraph 41 of the Amended Complaint, the State admits that when Senate Bill No. 1111 ("S.B. 1111") took effect in 2017 it repealed Chapter 5 of Title 42 of the Idaho Code and replaced it with a new chapter entitled "Stockwater Rights,"[9] and that the statutes of Chapter 5 of Title 42 of the Idaho Code have been amended several times since then. The State admits that Idaho Code § 42-113 was amended in 2018, and that Idaho Code § 42-224 was enacted in 2020 and amended in 2022 via 2022 Idaho House Bill 608 ("H.B. 608"), which took effect in March 2022.[10]  These statutes speak for themselves, and the State denies the remaining allegations in Paragraph 41 because they purport to summarize, interpret, apply, or draw conclusions from these statutes.  The State specifically denies any allegations these statutes "led directly" to the proceedings currently pending under Idaho Code § 42-224, or that the statutes pose a "threat" federally-held stockwater rights.

42.     The State admits the allegations in Paragraph 42 of the Amended Complaint.

43.     The State admits that the first quotation in Paragraph 43 of the Amended Complaint correctly quotes a single sentence in S.B. 1111, which speaks for itself and has been amended by subsequent legislation.  The State denies the remaining allegations in Paragraph 43.

---

[9] **Exhibit C**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is a true and complete copy of S.B. 1111 as enacted.

[10] **Exhibit D**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is a true and complete copy of H.B. 608 as enacted. The subtitles immediately preceding and following Paragraph 41 refers to Paragraphs 41 through 81 as addressing Idaho legislation "targeting" or attempting to "terminate" federal stockwater rights." The State denies all allegations and inferences that Idaho law "targets" or attempts to "terminate" federal stockwater rights.

44.     The State admits that Paragraph 44 of the Amended Complaint correctly quotes part of a single sentence in S.B. 1111 as codified in Idaho Code § 42-501.  The State denies the remaining allegations in Paragraph 44 because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1111 and Idaho Code § 42-501, which speak for themselves.  Idaho Code § 42-501 simply recites "legislative intent" and the State specifically denies that this statute has any effect on the Plaintiff or the Plaintiff's stockwater rights.

45.     The State denies the allegations in Paragraph 45 of the Amended Complaint, as S.B. 1111 and the *Joyce Livestock* decision speak for themselves.

46.     The State admits that Paragraph 46 of the Amended Complaint correctly quotes part of a single sentence in S.B. 1111 and parts of two sentences in the *Joyce Livestock* decision.  The State denies the remaining allegations in Paragraph 46 and the associated footnote because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1111 and the *Joyce Livestock* decision, which speak for themselves.  The State specifically denies any allegation that Idaho Code § 42-501 "completely eliminated" any "exception recognized *Joyce Livestock*." Idaho Code § 42-501 simply recites "legislative intent" and the State denies that this statute has any effect on the Plaintiff or the Plaintiff's stockwater rights.

47.     The State admits that Paragraph 47 of the Amended Complaint correctly quotes a single sentence in the pre-2017 version of Idaho Code § 42-501, which was repealed by S.B. 1111.  The State denies the remaining allegations in Paragraph 47 because they purport to summarize, interpret, apply, or draw conclusions from the pre-2017 version of Idaho Code § 42-501, S.B. 1111 and the *Joyce Livestock* decision, all of which speak for themselves.

48.     With regard to Paragraph 48 of the Amended Complaint, the State admits that S.B. 1111 as enacted had "only a prospective effect," but denies any implied allegation that one or more of

the statutes challenged in this case now have retroactive effect.  The State denies the remaining allegations in Paragraph 48 because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1111 and the *Joyce Livestock* decision, which speak for themselves.

49.     The State admits that Paragraph 49 of the Amended Complaint[11] correctly quotes a single sentence in a letter sent by the Idaho Governor, the Speaker of the Idaho House of Representatives, and the President Pro Tem of the Idaho Senate to the Secretary of the United States Department of the Interior and the Secretary of the United States Department of Agriculture in March 2018.  The State admits that the letter included as an attachment a blank form entitled "Notice of Abandonment of Water Right."  The State denies the remaining allegations in Paragraph 49 because they purport to summarize, interpret, apply, or draw conclusions from the letter and the attachment, which speak for themselves.[12]

50.     With regard to Paragraph 50 of the Amended Complaint, the State admits that in March 2018 the Governor signed 2018 House Bill No. 718 ("H.B. 718").[13]  H.B. 718 speaks for itself and the statutory forfeiture procedures enacted by H.B. 718 were never applied to or enforced against the Plaintiff before being repealed in 2022 by H.B. 608, as the Plaintiff has admitted in Paragraph 57 of the Amended Complaint.  The State denies the remaining allegations in Paragraph 50 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 718, which speaks for itself.

---

[11] The subtitle immediately preceding Paragraph 49 refers to Paragraphs 49 through 57 as addressing certain Idaho legislation that "adopt[ed] a novel procedure for forfeiting decreed federal stockwater rights."  The State denies any allegation that the Idaho legislation adopted "a novel procedure for forfeiting decreed federal stockwater rights."

[12] The State reserves the right to object to the admissibility of this letter pursuant to Rule 408 of the Federal Rules of Evidence.

[13] **Exhibit E** to this Answer contains a copy of H.B. 718 as enacted.

51.     The State admits that Paragraph 51 of the Amended Complaint correctly quotes part of a single sentence in H.B. 718 as enacted in 2018.  H.B. 718 speaks for itself and the statutory forfeiture procedures enacted by H.B. 718 were never applied to or enforced against the Plaintiff before being repealed in 2022 by H.B. 608, as the Plaintiff has admitted in Paragraph 57 of the Amended Complaint.  The State denies the remaining allegations in Paragraph 51 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 718, which speaks for itself.

52.     The State admits the allegations in Paragraph 52 of the Amended Complaint, but notes that, as the Plaintiff admits in Paragraph 57, the statutory forfeiture procedures enacted by H.B. 718 were never applied to or enforced against the Plaintiff before being repealed in 2022 by H.B. 608.

53.     The State admits that Paragraph 53 of the Amended Complaint correctly quotes parts of two sentences in H.B. 718 but denies the remaining allegations in Paragraph 53.  The State also notes that, as the Plaintiff admits in Paragraph 57, the statutory forfeiture procedures enacted by H.B. 718 were never applied to or enforced against the Plaintiff before being repealed in 2022 by H.B. 608.  The State denies the remaining allegations in Paragraph 53 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 718, which speaks for itself.

54.     The State denies the allegations in Paragraph 54 of the Amended Complaint because they purport to summarize, interpret, apply, or draw conclusions from H.B. 718, which speaks for itself, and avers that the statutory forfeiture procedures enacted by H.B. 718 were never applied to or enforced against the Plaintiff before being repealed in 2022 by H.B. 608, as the Plaintiff has admitted in Paragraph 57.

55.     The State admits that Paragraph 55 of the Amended Complaint correctly quotes part of a sentence in a letter that the Governor of Idaho sent to the Secretary of the Department of the Interior on July 9, 2018.  The State denies the remaining allegations in Paragraph 55 because they purport to summarize, interpret, apply, or draw conclusions from the letter, which speaks for itself.[14]

56.     With regard to Paragraph 56 of the Amended Complaint, the State admits that on August 28, 2018, IDWR sent to the BLM, USFS, and several other federal agencies a list of all stockwater rights decreed to the Plaintiff in the SRBA based on the "constitutional method of appropriation."  The list was provided in hard copy to each federal agency in a tabular form, and in electronic form via an Excel spreadsheet file on a compact disk.  The State admits that the list included approximately 17,995 water right numbers,[15] and the priority date and source for each water right, but no other information.  The State denies the remaining allegations in Paragraph 56, including but not limited to allegations that the list or its cover letter stated the water rights

---

[14] The State reserves the right to object to the admissibility of this letter pursuant to Rule 408 of the Federal Rules of Evidence.

[15] The allegation in Paragraph 56 that the list identified each water right only via a "basin," "sequence" and "suffix" number is correct but ignores the fact that, as the Plaintiff knows, the basin, sequence, and suffix numbers are the water right numbers.  Water rights numbers decreed by the SRBA are broken into three parts in the online databases maintained by the SRBA and IDWR.  The first two numerals of the water right identify the administrative "basin" in which the water right is located, and the next five "sequence" numerals identify the individual water right within the basin.  The "basin" and "sequence" numbers are separated by a hyphen and, if the water right originated from the "split" of a parent water right into two or more water rights, are followed by an alphabetic "suffix." (Example: water right no. 25-00229A, which is one of the water rights on the list referenced in Paragraph 57.)  Despite suggestions to the contrary in Paragraph 56, the Plaintiff is thoroughly familiar with this numbering system, and also knows how to use water right numbers to extract additional information from the SRBA's and IDWR's online databases, such as the water right's ownership, quantity, point of diversion, place of use, purpose of use, etc.

were subject to forfeiture pursuant to the procedures of H.B. 718 or that H.B. 718 required
IDWR to provide additional information in the list.

57.      With regard to Paragraph 57 of the Amended Complaint, the State admits that all state
law-based water rights licensed or decreed under Idaho law, including but not limited to those on
the list referenced in Paragraph 56, are potentially subject to forfeiture proceedings if not applied
to the beneficial use for which they appropriated for a period of five years, but denies that IDWR
compiled the list "purporting to identify water rights owned by the United States that were
subject to forfeiture."  The State admits that the Governor never formally "approved" the list
within the meaning of the H.B. 718's forfeiture procedures, and that H.B. 718's  forfeiture
procedures were never applied to or enforced against the Plaintiff before being repealed in 2022
by H.B.608.  The State denies the remaining allegations in Paragraph 57, including but not
limited to the allegation that Idaho Code § 42-224 establishes or authorizes "anti-federal
forfeiture proceedings."

58.      With regard to Paragraph 58 of the Amended Complaint, the State admits that 2018
Senate Bill No. 1305 ("S.B. 1305") was enacted during the same legislative session during which
H.B. 718 was enacted, and that Paragraph 58 correctly quotes a portion of one sentence in Idaho
Code § 42-113(2) as amended by S.B. 1305.[16]  The State denies the remaining allegations in
Paragraph 58 because they purport to summarize, interpret, apply, or draw conclusions from S.B.
1305 and Idaho Code § 42-113(2), which speak for themselves.[17]

59.      The State admits that Paragraph 59 of the Amended Complaint correctly quotes a portion

---

[16] **Exhibit F**, attached hereto and adopted by reference elsewhere in this Answer pursuant to
F.R.C.P. 10(c), is a true and complete copy of S.B. 1305, as enacted.

[17] The subtitle immediately preceding Paragraph 58 states that 2018 Senate Bill No. 1305 ("S.B.
1305") made federally owned stockwater rights "appurtenant to the [grazing] permittees' base

of one sentence in Idaho Code § 42-113(2) as amended by S.B. 1305.  The State denies the remaining allegations in Paragraph 59 and the associated footnote 6 because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1305, Idaho Code § 42-113(2), 43 U.S.C. § 315b, 43 C.F.R. § 4100.0-5, 36 C.F.R. § 222.1(b)(3), and the decision in *Pub. Lands Council v. Babbitt*, 529 U.S. 728 (2000), all of which speak for themselves.

60.    The State denies the allegations in Paragraph 60 because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1305 and the *Joyce Livestock* decision, which speak for themselves.

61.    The State admits the allegations in Paragraph 61 of the Amended Complaint.

62.    With regard to Paragraph 62 of the Amended Complaint, the State admits that 2020 House Bill No. 592 ("H.B. 592") amended some of the legislation that had previously been enacted or amended by S.B. 1111 and H.B. 718, but did not amend Idaho Code § 42-113.[18]  The State denies the remaining allegations in Paragraph 62 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 592, S.B. 1111, H.B. 718 and S.B. 1305, which speak for themselves.[19]

---

property."  The State denies any allegation that S.B. 1305 made all federally owned stockwater rights appurtenant to grazing permittees' "base property."

[18] **Exhibit G**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is a true and complete copy of H.B. 592, as enacted.  **Exhibits C** and **E** to this Answer are copies of S.B. 1111 and H.B. 718, as enacted.

[19] The subtitle immediately preceding Paragraph 62 refers to H.B. 592 as "remov[ing] the Governor's check on forfeiture proceedings" and "mak[ing] other changes to H.B. 718."  The State admits that H.B. 592 repealed the forfeiture provisions of H.B. 718.  The State denies any allegations in this subtitle to the extent they purport to summarize, interpret, apply, or draw conclusions from H.B. 592 and H.B. 718, which speak for themselves.

63.     With regard to Paragraph 63 of the Amended Complaint, the State admits that H.B. 592

repealed the forfeiture provisions enacted by H.B. 718 and added a new statute to Chapter 2 of

Title 42 of the Idaho Code (Idaho Code § 42-224) that defines the procedures for determining

whether a state law-based stockwater right has been lost through non-use pursuant to the

substantive forfeiture provisions of Idaho Code § 42-222(2), and that Paragraph 63 correctly

quotes certain isolated phrases in H.B. 592.  The State denies the remaining allegations in

Paragraph 63 because they purport to summarize, interpret, apply, or draw conclusions from

H.B. 592 and Idaho Code § 42-224, which speak for themselves.

64.     The State admits the allegations in Paragraph 64 of the Amended Complaint.

65.     The State admits that Paragraph 65 of the Amended Complaint correctly quotes part of a

sentence in Idaho Code § 42-224(4), which speaks for itself.  The State denies the remaining

allegations in Paragraph 65, including but not limited to any implied allegation that the statutory

requirement of providing federal grazing permit or lease holders with a copy of a show-cause

order issued in connection with a stockwater right having a place of use on their federal grazing

allotment "targets" or otherwise discriminates against the Plaintiff.

66.     With regard to Paragraph 66 of the Amended Complaint, the State admits that the

substantive forfeiture provisions of Idaho Code § 42-222(2) are "longstanding" but denies any

allegation that enactment of H.B. 592 altered or amended Idaho Code § 42-222(2).  The State

admits that Paragraph 66 correctly quotes part of  Idaho Code § 42-222(2) and correctly quotes

part of a sentence in the decision in *Sagewillow, Inc. v. Idaho Dep't of Water Res*., 138 Idaho

831, 70 P.3d 669 (2003), which cited the decision in *Zezi v. Lightfoot*, 57 Idaho 707, 68 P.2d 50

(1937).  The State denies the remaining allegations in Paragraph 66 because they purport to

summarize, interpret, apply, or draw conclusions from Idaho Code § 42-222(2) and the *Sagewillow* and *Zezi* decisions, which speak for themselves.

67.     With regard to Paragraph 67 of the Amended Complaint, the State admits that H.B. 592 amended certain provisions of Idaho Code §§ 42-502 and 42-224, and that Paragraph 67 correctly quotes part of a sentence in each statute as they were amended by H.B. 592.  The State denies the remaining allegations in Paragraph 67 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 592 and Idaho Code §§ 42-502 and 42-224, which speak for themselves.

68.     With regard to Paragraph 68 of the Amended Complaint, the State admits that H.B. 592 amended certain provisions of Idaho Code § 42-504 and that Paragraph 68 correctly quotes a single passage from Idaho Code § 42-504 as amended by H.B. 592.  The State denies the remaining allegations in Paragraph 68 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 592 and Idaho Code § 42-504, which speak for themselves.

69.     With regard to Paragraph 69 of the Amended Complaint, the State admits that IDWR issued a show-cause order to the Plaintiffs on October 27, 2021, pursuant to the version of Idaho Code § 42-224 that was in effect at that time, and that Exhibit 4 to the Amended Complaint contains a complete and correct copy of the show-cause order signed by the Director on that date.  The State denies the remaining allegations in Paragraph 69 because they purport to summarize, interpret, apply, or draw conclusions from the show-cause order, which speaks for itself.

70.     The State admits that the stockwater rights at issue in the show-cause order referenced in Paragraph 70 of the Amended Complaint were decreed in the SRBA but denies the allegation that these stockwater rights "supported grazing by two separate Forest Service permittees."  The

State admits that Paragraph 70 correctly quotes a portion of a private agreement between the Plaintiff and one of its grazing permittees. The State denies the remaining allegations in Paragraph 70 because they purport to summarize, interpret, apply, or draw conclusions from the private agreement or the partial decrees for the stockwater rights identified in the show-cause order, which speak for themselves. The State also denies any allegation that the private agreement between the Plaintiff and the grazing permittee is binding upon the State or defines "beneficial use" of the stockwater rights identified in the show-cause order.

71.     With regard to Paragraph 71 of the Amended Complaint, the State admits that on November 12, 2021, IDWR issued an order withdrawing the show-cause order referenced in Paragraphs 69 and 70, and that Exhibit 5 to the Amended Complaint contains a complete and correct copy of the order signed by the Director on that date. The State denies the remaining allegations in Paragraph 71 because they purport to summarize, interpret, apply, or draw conclusions from the November 12, 2021 order, which speaks for itself.

72.     With regard to Paragraph 72 of the Amended Complaint, the State admits that, in addition to the petition that led to issuance of the show-cause order referenced in Paragraph 69, IDWR also received other petitions filed by private parties pursuant to Idaho Code § 42-224 but did not issue show-cause orders in response to those petitions until after Idaho Code § 42-224 was amended by H.B. 608. The State denies the remaining allegations in Paragraph 72 because they purport to summarize, interpret, apply, or draw conclusions from Idaho Code § 42-224, which speaks for itself.

73.     With regard to Paragraph 73 of the Amended Complaint, the State admits that H.B. 608 took effect on March 24, 2022, and made amendments to Idaho Code § 42-224.[20]  The State denies the remaining allegations in Paragraph 73 because they purport to summarize, interpret, apply, or draw conclusions from Idaho Code § 42-224 and the *Joyce Livestock* decision, which speak for themselves.[21]

74.     The State admits that Paragraph 74 of the Amended Complaint correctly quotes certain passages in Idaho Code § 42-224 as amended by H.B. 608.  The State denies the remaining allegations in Paragraph 74 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 608 and Idaho Code § 42-224, which speak for themselves.

75.     The State admits that Paragraph 75 of the Amended Complaint correctly quotes a passage in Idaho Code § 42-224 as amended by H.B. 608.  The State denies the remaining allegations in Paragraph 75 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 608 and Idaho Code § 42-224, which speak for themselves.

76.     The State admits that Paragraph 76 of the Amended Complaint correctly quotes two small parts of Idaho Code § 42-224 as amended by H.B. 608.  The State denies the remaining allegations on Paragraph 76 because they purport to summarize, interpret, apply, or draw conclusions from Idaho Code § 42-224, H.B. 608, and the *Joyce Livestock* decision, all of which speak for themselves.

---

[20] **Exhibit D**, attached hereto and adopted by reference elsewhere in this Answer pursuant to F.R.C.P. 10(c), is a true and complete copy of H.B. 608, as enacted.

[21] The subtitle immediately preceding Paragraph 73 refers to H.B. 608 as "remov[ing] IDWR's discretion over forfeiture proceedings," as "attempt[ing] to insulate new policy from review in federal court," and as "impos[ing] limits on permittee agency relationships."  The State denies these allegations because they purport to summarize, interpret, apply, or draw conclusions from H.B. 608, which speaks for itself.

77.     The State admits that Paragraph 77 of the Amended Complaint correctly quotes certain passages in Idaho Code § 42-224 as amended by H.B. 608.  The State denies the remaining allegations in Paragraph 77 because they purport to summarize, interpret, apply, or draw conclusions from H.B. 608 and Idaho Code § 42-224, which speak for themselves.

78.     The State admits the allegations in Paragraph 78 of the Amended Complaint.

79.     With regard to Paragraph 79 of the Amended Complaint, the State admits that the Plaintiff informed the State that twenty-four of the stockwater rights listed in the show-cause orders referenced in Paragraph 78 had been decreed based on federal law, that IDWR withdrew, amended and re-issued the show-cause orders, and that the amended show-cause orders do not apply to the twenty-four stockwater rights based on federal law.[22]  The State also admits that Paragraph 79 correctly quotes certain parts of the amended show-cause orders, that the Plaintiff requested a stay of the hearings, and that IDWR issued orders staying the hearings.  The State denies the remaining allegations in Paragraph 79 and the associated footnote 7 because they purport to summarize, interpret, apply, or draw conclusions from the amended show-cause orders and filings in those proceedings, Idaho Code § 42-224, 43 U.S.C. § 141, former 43 U.S.C. § 300, and the 1926 Presidential Executive Order known as "Public Water Reserve 107," all of which speak for themselves.  The State specifically denies any allegation that the Plaintiff's state law-based stockwater rights can or will be forfeited or otherwise affected by any administrative order issued by IDWR pursuant to Idaho Code § 42-224.

80.     With regard to Paragraph 80 of the Amended Complaint, the State admits that on June 22, 2022, IDWR issued a show-cause order pursuant to Idaho Code § 42-224 regarding eleven

---

[22] **Exhibit H** contains copies of the partial decrees for these stockwater rights, which were decreed based on federal law ("federal reserved rights").

federally owned stockwater rights used on certain lands managed by the Plaintiff, that the Plaintiff had until July 18, 2022, to request a hearing on the show-cause order, and that the Plaintiff requested a stay of the hearing.  The State denies the remaining allegations in Paragraph 80 because they purport to summarize, interpret, apply, or draw conclusions from Idaho Code § 42-224, the show-cause order, and the filings in that proceeding, all of which speak for themselves.[23]  The State specifically denies any allegation that the Plaintiff's state law-based stockwater rights can or will be forfeited or otherwise affected by any administrative order issued by IDWR pursuant to Idaho Code § 42-224.

81.     The State denies the allegations in Paragraph 81 of the Amended Complaint because they purport to summarize, interpret, apply, or draw conclusions from S.B. 1111, H.B. 718, S.B. 1305, H.B. 592, and H.B. 608, the Idaho statutes enacted, amended, and/or repealed by these bills, and the *Joyce Livestock* decision, all of which speak for themselves.  The State specifically denies the allegations in Paragraph 81 that H.B. 608 and Idaho Code § 42-224, which apply only to state law-based water rights, have an effect on federal reserved stockwater rights or pose a "threat" to any "congressionally authorized federal grazing program."

## RESPONSES TO "DECLARATORY RELIEF" ALLEGATIONS

82.     With regard to Paragraph 82 of the Amended Complaint, the State admits that the Plaintiff has challenged the validity and enforceability of Idaho Code §§ 42-113(2)(b) and 42-224, and it is the State's position that these statutes are valid and enforceable against the Plaintiff.  The State denies any remaining allegations in Paragraph 82.

---

[23] On July 28, 2022, the Director of IDWR issued an order staying the proceedings under the show-cause order of June 22, 2022, pending the outcome of this case or until otherwise ordered by the Director.

83.     With regard to Paragraph 83 of the Amended Complaint, the State admits that Idaho

Code §§ 113(2)(b), 42-224, 42-501, 42-502 and 42-504 were enacted, amended and/or repealed

by S.B. 1111, H.B. 718, S.B. 1305, H.B. 592, and/or H.B. 608.  The State denies the remaining

allegations in Paragraph 83, including but not limited to any allegation that these statutory

provisions operate "in combination" rather than separately and independently, and any allegation

that Idaho Code §§ 42-501 and 42-502 have or can have any effect on the Plaintiff's existing

stockwater rights.

84.     The State denies the allegations in Paragraph 84.

85.     With regard to Paragraph 85 of the Amended Complaint, the State admits it asserts that

Idaho Code §§ 42-113, 42-222(2), 42-224, 42-501, 42-502 and 42-504 are valid.  The State

admits that, consistent with IDWR's obligation to comply with validly enacted legislative

directives and in response to petitions relating to the Plaintiff's stockwater rights that were filed

with IDWR pursuant to Idaho Code § 42-224, IDWR has begun to comply with the provisions of

Idaho Code § 42-224 and intends to continue to do so.  The State denies the remaining

allegations in Paragraph 85.

86.     The State admits Paragraph 86 of the Amended Complaint correctly quotes parts of 28

U.S.C. § 2201(a) and F.R.C.P 57, and that these provisions authorize this Court declare the legal

rights and obligations of parties in certain cases.  The State denies that the Plaintiff is entitled to

such declaratory relief this case, and denies any remaining allegations in Paragraph 86.

### RESPONSES TO "FIRST CLAIM FOR RELIEF" ALLEGATIONS

87.     In response to Paragraph 87 of the Amended Complaint, the State incorporates by

reference its answers to Paragraphs 1 through 86 of the Amended Complaint as though fully set

forth herein.

88.     With regard to Paragraph 88 of the Amended Complaint, the State admits that H.B. 608 amended Idaho Code § 42-224, which defines procedures for determining whether stockwater rights based on Idaho state law have been lost through non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).  The State denies the remaining allegations in Paragraph 88.

89.     The State denies the allegations in Paragraph 89 of the Amended Complaint, including but not limited to the allegation that the statutory forfeiture procedures defined by H.B. 608 and Idaho Code § 42-224 are an "administrative proceeding."

90.     The State denies the allegations in Paragraph 90 of the Amended Complaint.

**RESPONSES TO "SECOND CLAIM FOR RELIEF" ALLEGATIONS**

91.     In response to Paragraph 91 of the Amended Complaint, the State incorporates by reference its answers to Paragraphs 1 through 90 of the Amended Complaint as though fully set forth herein.

92.     The State denies the allegations in Paragraph 92 of the Amended Complaint.

93.     The State denies the allegations in Paragraph 93 of the Amended Complaint.

94.     The State denies the allegations in Paragraph 94 of the Amended Complaint.

95.     The State denies the allegations in Paragraph 95 of the Amended Complaint.

96.     The State denies the allegations in Paragraph 96 of the Amended Complaint.

97.     The State denies the allegations in Paragraph 97 of the Amended Complaint.

**RESPONSES TO "THIRD CLAIM FOR RELIEF" ALLEGATIONS**

98.     In response to Paragraph 98 of the Amended Complaint, the State incorporates by reference its answers to Paragraphs 1 through 97 of the Amended Complaint as though fully set forth herein.

99.     With regard to Paragraph 99 of the Amended Complaint, the State admits that a "civil action" pursuant to Idaho Code § 42-224(10)-(12) could result in issuance of a court order and judgment determining that some or all of the state law-based stockwater rights at issue in this case have been lost through non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).  The State also admits that Paragraph 99 correctly quotes part of a sentence from the decision in *Royal Indemnity Co. v. United States*, 313 U.S. 289 (1941), which speaks for itself. The State denies the remaining allegations in Paragraph 99.

100.     The State denies the allegations in in Paragraph 100 of the Amended Complaint.

## RESPONSES TO "FOURTH CLAIM FOR RELIEF" ALLEGATIONS

101.     In response to Paragraph 101 of the Amended Complaint, the State incorporates by reference its answers to Paragraphs 1 through 100 of the Amended Complaint, as though fully set forth herein.

102.     The State denies the allegations in Paragraph 102 of the Amended Complaint.

103.     The State lacks sufficient knowledge of the "settlements" referenced in Paragraph 103 of the Amended Complaint to evaluate the allegations in that paragraph, and in any case the "settlements" speak for themselves.  The State therefore denies the allegations in Paragraph 103.

104.     The State denies the allegations in Paragraph 104 of the Amended Complaint.

## RESPONSES TO "FIFTH CLAIM FOR RELIEF" ALLEGATIONS

105.     In response to Paragraph 105 of the Amended Complaint, the State incorporates by reference its answers to Paragraphs 1 through 104 of the Amended Complaint as though fully set forth herein.

106.     With regard to Paragraph 106 of the Amended Complaint, the State admits that a "civil action" pursuant to Idaho Code § 42-224(10)-(12) could result in issuance of a court order and

judgment determining that some or all of the state law-based stockwater rights at issue in this case have been lost through non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).  The State denies the remaining allegations in Paragraph 106.

107.    The State admits that Paragraph 107 of the Amended Complaint correctly quotes part of a sentence in Idaho Code § 42-222(2).  The State also admits that upon issuance of a court order and judgment pursuant to Idaho Code § 42-224(12) declaring any of the Plaintiff's state law-based stockwater rights to have been forfeited through five years of non-use, the stockwater rights would "revert to the state and again be subject to appropriation under this chapter."  Idaho Code § 42-222(2). [24]  The State denies the remaining allegations in Paragraph 107.

108.    The State denies the allegations in Paragraph 108 of the Amended Complaint, including but not limited to the allegation that Idaho Code § 42-224 operates "retroactively."

109.    The State denies the allegations in Paragraph 109 of the Amended Complaint, including but not limited to the allegation that Idaho Code §§ 42-113(2)(b) and 42-504 operate "retroactively."

## RESPONSE TO "PRAYER FOR RELIEF"

110.    The State denies that the Plaintiff is entitled to a judgment awarding the relief requested in Paragraph 110 of the Amended Complaint, denies that the Plaintiff has stated facts entitling it to relief, denies that the Plaintiff has stated claims for which relief may be granted, and requests that this Court dismiss the Amended Complaint with prejudice.

## AFFIRMATIVE DEFENSES

1.    The Plaintiff's claims, or some of them, fail to allege claims against the State for which relief may be granted.

---

[24] The phrase "this chapter" refers to Chapter 2 of Title 42 of the Idaho Code.

2.      The Plaintiff lacks standing to challenge statutory provisions that were never applied to the Plaintiff and have been repealed, including but not limited to the forfeiture provisions enacted by H.B. 718 and codified at former Idaho Code § 42-503, which was repealed in 2020; and the forfeiture provisions of Idaho Code § 42-224 as enacted in 2020, which have been amended.

3.      The Plaintiff lacks standing to challenge the show-cause orders at issue in this case because they do not and cannot have any effect on the Plaintiff's decreed stockwater rights, nor can any subsequent order that IDWR issues pursuant to Idaho Code § 42-224 have any effect on the Plaintiff's decreed stockwater rights.  Under the plain language of Idaho Code § 42-224, only the SRBA court has the authority to declare the Plaintiff's decreed stockwater rights to have been lost for non-use pursuant to the statutory forfeiture provisions of Idaho Code § 42-222(2).

4.      The Plaintiff's claims are moot to the extent they challenge statutory provisions that have been amended or repealed.

5.      The Plaintiff's claims are not ripe to the extent they challenge statutory provisions that have not been applied to the Plaintiff.

6.      The Plaintiff's claims that its state law-based stockwater rights were decreed for use by federal grazing permittees, to support or enable federal grazing programs, or for any purpose other than watering livestock owned by the Plaintiff, are barred and foreclosed by the doctrine of *res judicata* and/or principles of collateral estoppel.

7.      The Plaintiff's claims that its state law-based stockwater rights are not subject to the requirements, limitations, standards and procedures of Idaho water law, including but not limited to the statutory forfeiture procedures and provisions of Idaho Code §§ 42-224 and 42-222(2), are barred and foreclosed by the doctrine of *res judicata* and/or principles of collateral estoppel.

## STATE'S REQUEST FOR RELIEF

**WHEREFORE,** Defendants the State of Idaho, the Idaho Department of Water Resources, and Gary Spackman, in his official capacity as Director of the Idaho Department of Water Resources pray that the Court enter judgment in their favor and against Plaintiff United States of America, as follows:

1. That the Plaintiff's Amended Complaint be dismissed in its entirety and that the Plaintiff take nothing thereby.

2. For an Order declaring the challenged laws of the State of Idaho valid and enforceable.

3. For an Order awarding the State its reasonable costs and attorney fees pursuant to Federal Rule of Civil Procedure 54(d) and as otherwise allowed by law, for having to defend this matter.

4. For any and all further relief as the Court may find to be just, equitable, and appropriate under the circumstances.

Respectfully submitted, this 29th day of July, 2022.

> LAWRENCE G. WASDEN
> Attorney General
> DARRELL G. EARLY
> Deputy Attorney General
> Chief, Natural Resources Division
>
>  /s/ Michael C. Orr_____
> MICHAEL C. ORR (ISB # 6720)
> Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2022, a true and correct copy of the above and foregoing document was sent to all parties listed below through the PACER network.


Stephen Bartell
Department of Justice
Environment & Natural Resources Division
Stephen.bartell@usdoj.gov

David Negri
US Department of Justice
Environment & Natural Resources Division
David.negri@usdoj.gov

Thomas Snodgrass
US Department of Justice
Environment & Natural Resources Division
Thomas.snodgrass@usdoj.gov


_/s/ Michael C. Orr_____
MICHAEL C. ORR
Deputy Attorney General

# EXHIBIT A

### to

### *First Amended Complaint for Declaratory and Injunctive Relief (Case No. 1:22-cv-00236-DKG)*

### Copies of SRBA Partial Decrees, Water Right Licenses, and Statutory Claims for State Law-Based Stockwater Rights

2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-19685 |

NAME AND ADDRESS:       USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:         UNNAMED STREAM              TRIBUTARY: PADDOCK VALLEY RESERVOIR

QUANTITY:       0.02  CFS

                THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                GALLONS PER DAY.

PRIORITY DATE:  06/28/1934

POINT OF DIVERSION:  T11N R02W S20      NESENW    (Instream Beginning Point) Within Washington County
                                        SENESW    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE           PERIOD OF USE      QUANTITY
                     Stockwater               01-01 TO 12-31     0.02  CFS

PLACE OF USE:        Stockwater                            Within Washington County
                     T11N R02W S20      SWNE               SENW
                                        NESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                DETERMINATION OF HISTORICAL BENEFICIAL USE.
                THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        Barry Wood
                                        Administrative District Judge
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                                    2000 JAN 03  PM 02:00
                                                    DISTRICT COURT - SRBA
                                                    TWIN FALLS CO., IDAHO
                                                    FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20003 |
| _____ | ) | |

**NAME AND ADDRESS:**   USDI BLM
IDAHO STATE OFFICE
1387 S VINNELL WAY
BOISE, ID 83709-1657

**SOURCE:**   INDIAN CREEK          TRIBUTARY: LITTLE WILLOW CREEK
UNNAMED STREAM                     INDIAN CREEK

**QUANTITY:**   0.02 CFS

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

**PRIORITY DATE:**   06/28/1934

**POINT OF DIVERSION:**   T09N R02W S02   SESENE   (Instream Beginning Point) Within Payette County
                                          NENWSW   (Instream Ending Point)
                         S03             SWSENE   (Instream Ending Point)
                                          SWSENW   (Instream Ending Point)
                         S11             SWNWNE   (Instream Beginning Point)
                                          SWSENE   (Instream Ending Point)
                                          SWSENE   (Instream Beginning Point)
                         S35             SENWSE   (Instream Beginning Point)
                         T10N R02W S34   NENWSE   (Instream Beginning Point)
                         S35             NWNWSW   (Instream Beginning Point)
                                          SENWSW   (Instream Ending Point)

**PURPOSE AND**
**PERIOD OF USE:**   PURPOSE OF USE        PERIOD OF USE         QUANTITY
                    Stockwater            01-01 TO 12-31        0.02 CFS

**PLACE OF USE:**   Stockwater                          Within Payette County
                    T09N R02W S02        SWNE            SENE
                                 LOT 04 (NWNW)           SWNW
                                         NESW            NWSW
                                         SESW            NWSE
                                         SWSE
                    S03                  NWNE            SWNE
                                         SENE     LOT 03 (NENW)
                                         SENW            NESE
                    S11                  NENE            NWNE
                                         SENE
                    T10N R02W S34        SESW            NWSE
                                         SWSE
                    S35                  NESW            NWSW
                                         SWSW            SESW
                                         NWSE            SWSE

**OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:**

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

Barry Wood
Administrative District Judge
Presiding Judge of the
Snake River Basin Adjudication

```
                                                          2000 JAN 03  PM 02:00
                                                          DISTRICT COURT - SRBA
                                                          TWIN FALLS CO., IDAHO
                                                          FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20010 |
| _____ | ) | |

NAME AND ADDRESS:          USDI BLM
                           IDAHO STATE OFFICE
                           1387 S VINNELL WAY
                           BOISE, ID  83709-1657

SOURCE:                    UNNAMED STREAM          TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:                  0.02 CFS

                           THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                           GALLONS PER DAY.

PRIORITY DATE:             06/28/1934

POINT OF DIVERSION:        T10N R02W S15    SWSENW    (Instream Ending Point)    Within Washington County
                                      S22    SESWNW    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:             PURPOSE OF USE          PERIOD OF USE        QUANTITY
                           Stockwater              01-01 TO 12-31       0.02 CFS

PLACE OF USE:              Stockwater                             Within Washington County
                           T10N R02W S15    SWNW              SENW
                                            NWSW              SWSW
                                      S22    NWNW              SWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                           THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                           DETERMINATION OF HISTORICAL BENEFICIAL USE.
                           THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                           NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                           ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                           DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                           ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                                  RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    _____
                                                    Barry Wood
                                                    Administrative District Judge
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20011 |
| _____ | ) | |

NAME AND ADDRESS:    USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID  83709-1657

SOURCE:              LITTLE WILLOW CREEK        TRIBUTARY: BIG WILLOW CREEK
                     UNNAMED STREAM                        LITTLE WILLOW CREEK

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:  T10N R02W S14      SESENE    (Instream Beginning Point) Within Washington County
                                        SWSENW    (Instream Beginning Point)
                                        SENWSE    (Instream Beginning Point)
                     S15 LOT 04 (SENENE)          (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE        QUANTITY
                     Stockwater                01-01 TO 12-31       0.02  CFS

PLACE OF USE:        Stockwater                          Within Washington County
                     T10N R02W S14         SWNE                    SENE
                              LOT 04 (NWNW)                        SWNW
                                        SENW                       NWSE
                     S15              SENE          LOT 04 (NWNW)
                                      SWNW                    SENW
                                      NESW                    NESE
                                      NWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    Barry Wood
                                                    Administrative District Judge
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20012 |

| NAME AND ADDRESS: | USDI BLM |
| | IDAHO STATE OFFICE |
| | 1387 S VINNELL WAY |
| | BOISE, ID 83709-1657 |

| SOURCE: | LITTLE WILLOW CREEK | TRIBUTARY: BIG WILLOW CREEK |
| | UNNAMED STREAM | LITTLE WILLOW CREEK |

QUANTITY:         0.02 CFS

                 THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                 GALLONS PER DAY.

PRIORITY DATE:    06/28/1934

POINT OF DIVERSION:  T10N R01W S18    NESESE    (Instream Beginning Point) Within Washington County
                     R02W S12    NENENW    (Instream Beginning Point)
                                 NENWNW    (Instream Beginning Point)
                                 NWNESE    (Instream Beginning Point)
                          S13    SENWNW    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
| Stockwater | 01-01 TO 12-31 | 0.02 CFS |

PLACE OF USE:     Stockwater                        Within Washington County

| | T10N R01W S18 | NWNW | | SWNW |
| | | SENW | | NESW |
| | | NWSE | | SWSE |
| | | SESE | | |
| | R02W S12 | NENW | | NWNW |
| | | SENW | | NESW |
| | | SWSW | | SESW |
| | | NWSE | | SWSE |
| | | SESE | | |
| | S13 | NENE | | NWNW |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                 THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                 DETERMINATION OF HISTORICAL BENEFICIAL USE.
                 THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                 NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                 ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                 DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                 ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

Barry Wood
Administrative District Judge
Presiding Judge of the
Snake River Basin Adjudication

```
2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20015 |
| _____ | ) | |

| | | | |
|---|---|---|---|
| NAME AND ADDRESS: | USDI BLM<br>IDAHO STATE OFFICE<br>1387 S VINNELL WAY<br>BOISE, ID  83709-1657 | | |
| SOURCE: | LITTLE WILLOW CREEK<br>UNNAMED STREAM | TRIBUTARY: BIG WILLOW CREEK<br>LITTLE WILLOW CREEK | |
| QUANTITY: | 0.02  CFS | | |

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T10N R02W S09      NESESW      (Instream Ending Point)     Within Washington County
                                         SESESW      (Instream Beginning Point)
                                         SWSESE      (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE           PERIOD OF USE        QUANTITY
                      Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                               Within Washington County
                      T10N R02W S09      SESW                  SWSE
                                         SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

_____
Barry Wood
Administrative District Judge
Presiding Judge of the
Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20390 |
| _____ | ) | |

NAME AND ADDRESS:     USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID 83709-1657

SOURCE:              UNNAMED STREAM          TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:            0.02 CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:  T10N R01W S07    NWSWNE    (Instream Ending Point)    Within Washington County
                     S08             NWNWNW    (Instream Beginning Point)
                                     NENWNW    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE          PERIOD OF USE        QUANTITY
                     Stockwater              01-01 TO 12-31       0.02 CFS

PLACE OF USE:        Stockwater                              Within Washington County
                     T10N R01W S07    NENE                 NWNE
                                      SWNE                 SENE
                     S08              NWNW                 SWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        B. Wood
                                        _____
                                        Barry Wood
                                        Administrative District Judge
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                                          2000 JAN 03  PM 02:00
                                                          DISTRICT COURT - SRBA
                                                          TWIN FALLS CO., IDAHO
                                                          FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20464 |
| _____ | ) | |

**NAME AND ADDRESS:**     USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID 83709-1657

**SOURCE:**               UNNAMED STREAM          TRIBUTARY: LITTLE WILLOW CREEK

**QUANTITY:**             0.02 CFS

                          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                          GALLONS PER DAY.

**PRIORITY DATE:**        06/28/1934

**POINT OF DIVERSION:**   T10N R01W S19      SWSESW    (Instream Beginning Point) Within Washington County
                          R02W S13      NWNESW    (Instream Ending Point)

**PURPOSE AND
PERIOD OF USE:**          PURPOSE OF USE          PERIOD OF USE        QUANTITY
                          Stockwater              01-01 TO 12-31       0.02 CFS

**PLACE OF USE:**         Stockwater                        Within Washington County
                          T10N R01W S19 LOT 03 (NWSW)    LOT 04 (SWSW)
                                             SESW
                          R02W S13       NESW              SESW
                                         SWSE
                               S24       NENE              NWNE
                                         SENE              NESE
                                         SESE

**OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:**

                          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                          DETERMINATION OF HISTORICAL BENEFICIAL USE.
                          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                                    RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        Barry Wood
                                        Administrative District Judge
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20468 |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:        UNNAMED STREAM        TRIBUTARY: PADDOCK VALLEY RESERVOIR

QUANTITY:      0.02 CFS

               THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
               GALLONS PER DAY.

PRIORITY DATE:      06/28/1934

POINT OF DIVERSION:    T10N R02W S04        NESWNE    (Instream Beginning Point) Within Washington County
                                 S05 LOT 01 (NWNENE)   (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:     PURPOSE OF USE          PERIOD OF USE      QUANTITY
                   Stockwater              01-01 TO 12-31     0.02 CFS

PLACE OF USE:      Stockwater                            Within Washington County
                   T10N R02W S04        SWNE             NENW
                            LOT 04 (NWNW)
                        S05 LOT 01 (NENE)
                   T11N R02W S33        SWSW             SESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

               THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
               DETERMINATION OF HISTORICAL BENEFICIAL USE.
               THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
               NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
               ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
               DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
               ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    _____
                                                    Barry Wood
                                                    Administrative District Judge
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20475 |

NAME AND ADDRESS:     USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID 83709-1657

SOURCE:     UNNAMED STREAM     TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:     0.02 CFS

              THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
              GALLONS PER DAY.

PRIORITY DATE:     06/28/1934

POINT OF DIVERSION:   T10N R02W S09     SESESE     (Instream Ending Point)   Within Washington County
                             S10     SESESW     (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:   PURPOSE OF USE          PERIOD OF USE       QUANTITY
                 Stockwater              01-01 TO 12-31      0.02 CFS

PLACE OF USE:    Stockwater                          Within Washington County
                 T10N R02W S09     NENE
                          S10     SWSW          SESW
                                  SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

              THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
              DETERMINATION OF HISTORICAL BENEFICIAL USE.
              THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
              NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
              ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
              DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
              ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

       With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                   _____
                                                   Barry Wood
                                                   Administrative District Judge
                                                   Presiding Judge of the
                                                   Snake River Basin Adjudication

```
                                                      2000 JAN 03  PM 02:00
                                                      DISTRICT COURT - SRBA
                                                      TWIN FALLS CO., IDAHO
                                                      FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20476 |

NAME AND ADDRESS:   USDI BLM
                    IDAHO STATE OFFICE
                    1387 S VINNELL WAY
                    BOISE, ID  83709-1657

SOURCE:             UNNAMED STREAM          TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:           0.02 CFS

                    THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                    GALLONS PER DAY.

PRIORITY DATE:      06/28/1934

POINT OF DIVERSION: T1ON R02W S23 LOT 01 (NWNENE)   (Instream Ending Point)    Within Washington County
                              S24      SWNWSW         (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:      PURPOSE OF USE          PERIOD OF USE      QUANTITY
                    Stockwater              01-01 TO 12-31     0.02 CFS

PLACE OF USE:       Stockwater                          Within Washington County
                    T1ON R02W S23 LOT 01 (NENE)    LOT 02 (SENE)
                              S24      SWNW            NWSW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                    THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                    DETERMINATION OF HISTORICAL BENEFICIAL USE.
                    THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                    NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                    ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                    DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                    ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                             _____
                                             Barry Wood
                                             Administrative District Judge
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20477 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:          UNNAMED STREAM          TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:        0.02  CFS

                 THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                 GALLONS PER DAY.

PRIORITY DATE:   06/28/1934

POINT OF DIVERSION:   T10N R02W S13      NESWSW     (Instream Ending Point)   Within Washington County
                              S24      SESENW     (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:    Stockwater                              Within Washington County
                T10N R02W S13       SWSW                SESW
                        S24 LOT 02 (NWNE)              SWNE
                            LOT 03 (NENW)              SENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                 THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                 DETERMINATION OF HISTORICAL BENEFICIAL USE.
                 THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                 NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                 ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                 DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                 ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                         _B. Wood_____
                                         Barry Wood
                                         Administrative District Judge
                                         Presiding Judge of the
                                         Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20479 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                UNNAMED STREAM          TRIBUTARY: INDIAN CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T10N R01W S25      NWSWNW      (Instream Beginning Point) Within Washington County
                       R02W S25           NENWSW      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE          QUANTITY
                       Stockwater              01-01 TO 12-31         0.02  CFS

PLACE OF USE:          Stockwater                           Within Washington County
                       T10N R02W S25      SWNW              NWSW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              Barry Wood
                                              Administrative District Judge
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT — SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20480 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                UNNAMED STREAM            TRIBUTARY: INDIAN CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T10N R02W S25      NENWSE   (Instream Beginning Point) Within Washington County
                                          SWSWSE   (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE            PERIOD OF USE      QUANTITY
                       Stockwater                01-01 TO 12-31     0.02 CFS

PLACE OF USE:          Stockwater                                  Within Washington County
                       T10N R02W S25      NWSE                     SWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                          _____
                                          Barry Wood
                                          Administrative District Judge
                                          Presiding Judge of the
                                          Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20487 |
| _____ | ) | |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:       UNNAMED STREAM          TRIBUTARY: INDIAN CREEK

QUANTITY:     0.02  CFS

              THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
              GALLONS PER DAY.

PRIORITY DATE:     06/28/1934

POINT OF DIVERSION:   T09N R02W S01     NWSENW     (Instream Ending Point)    Within Payette County
                              S12     NENWNE     (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:     Stockwater                          Within Payette County
                 T09N R02W S01     SENW               NESW
                                   NWSE               SWSE
                          S12     NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

              THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
              DETERMINATION OF HISTORICAL BENEFICIAL USE.
              THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
              NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
              ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
              DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
              ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        Barry Wood
                                        Administrative District Judge
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20488 |
| | ) | |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID 83709-1657

SOURCE:               UNNAMED STREAM          TRIBUTARY: INDIAN CREEK

QUANTITY:             0.02 CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T09N R02W S01    NENWSW    (Instream Ending Point)    Within Payette County
                                       SESWSW    (Instream Beginning Point)
                      S02              SESESE    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE            PERIOD OF USE        QUANTITY
                      Stockwater                01-01 TO 12-31       0.02 CFS

PLACE OF USE:         Stockwater                          Within Payette County
                      T09N R02W S01    NWSW               SWSW
                      S02              SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _B. Wood_____
                                        Barry Wood
                                        Administrative District Judge
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                                    2000 JAN 03  PM 02:00
                                                    DISTRICT COURT - SRBA
                                                    TWIN FALLS CO., IDAHO
                                                    FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20489 |
| _____ | ) | |

**NAME AND ADDRESS:**   USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID 83709-1657

**SOURCE:**   UNNAMED STREAM        TRIBUTARY: INDIAN CREEK

**QUANTITY:**   0.02 CFS

            THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
            GALLONS PER DAY.

**PRIORITY DATE:**   06/28/1934

**POINT OF DIVERSION:**   T09N R02W S12       NWSENW   (Instream Ending Point)   Within Payette County
                                             NENESW   (Instream Beginning Point)

**PURPOSE AND
PERIOD OF USE:**

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02 CFS |

**PLACE OF USE:**   Stockwater                       Within Payette County
                    T09N R02W S12       SWNW         SENW
                                        NESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

            THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
            DETERMINATION OF HISTORICAL BENEFICIAL USE.
            THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
            NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
            ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
            DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
            ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    Barry Wood
                                                    Administrative District Judge
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2000 JAN 03  PM 02:00
DISTRICT COURT – SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20597 |
| _____ | ) | |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                UNNAMED STREAM            TRIBUTARY: DRY CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T09N R02W S28      NESWSE      (Instream Beginning Point) Within Payette County
                                   S33      SENENE      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE              PERIOD OF USE        QUANTITY
                       Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                               Within Payette County
                       T09N R02W S28      SWSE                  SESE
                                   S33      NENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                      Barry Wood
                                                      Administrative District Judge
                                                      Presiding Judge of the
                                                      Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12395 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                UNNAMED STREAM    TRIBUTARY: WEISER RIVER

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T12N R04W S13      NESWSW    (Instream Ending Point)   Within Washington County
                              S24         NENWNW    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE            PERIOD OF USE        QUANTITY
                       Stockwater                01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                              Within Washington County
                       T12N R04W S13      SWSW
                              S24         NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                        _____
                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re SRBA )
)                    PARTIAL DECREE PURSUANT TO
Case No. 39576 )                    I.R.C.P. 54(b) FOR
)
_____ )                    Water Right 67-12396

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:                0.02  CFS

        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
        GALLONS PER DAY.

PRIORITY DATE:           06/28/1934

POINT OF DIVERSION:      T12N R04W S23    SWNESW   (Instream Ending Point)   Within Washington County
                                          SENWSE   (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE        PERIOD OF USE        QUANTITY
                         Stockwater            01-01 TO 12-31       0.02  CFS

PLACE OF USE:            Stockwater                           Within Washington County
                         T12N R04W S23    NESW                NWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
        DETERMINATION OF HISTORICAL BENEFICIAL USE.
        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              John M. Melanson
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | } | PARTIAL DECREE PURSUANT TO |
| | } | I.R.C.P. 54(b) FOR |
| Case No. 39576 | } | |
| | } | Water Right 67-12399 |

NAME AND ADDRESS:          USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID  83709-1657

SOURCE:                   UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:                 0.02  CFS

                          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                          GALLONS PER DAY.

PRIORITY DATE:            06/28/1934

POINT OF DIVERSION:       T12N R04W S35      NENENE    (Instream Beginning Point) Within Washington County
                                             NWNESW    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:            PURPOSE OF USE           PERIOD OF USE        QUANTITY
                         Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:            Stockwater                            Within Washington County
                         T12N R04W S35      NENE                NWNE
                                            SWNE                SENW
                                            NESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                          DETERMINATION OF HISTORICAL BENEFICIAL USE.
                          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                             John M. Melanson
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

```
                                                    2004 MAY 06  PM 02:00
                                                    DISTRICT COURT - SRBA
                                                    TWIN FALLS CO., IDAHO
                                                    FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12400 |
| _____ | ) | |

NAME AND ADDRESS:       USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:               0.02 CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          06/28/1934

POINT OF DIVERSION:     T11N R04W S02 LOT 2   (SWNWNE)    (Instream Ending Point)    Within Washington County
                                      LOT 2   (SENWNE)    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE              PERIOD OF USE          QUANTITY
                        Stockwater                  01-01 TO 12-31         0.02  CFS

PLACE OF USE:           Stockwater                              Within Washington County
                        T11N R04W S02 LOT 2   (NWNE)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication
```

2004 MAY 06   PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12401 |

**NAME AND ADDRESS:**     USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID 83709-1657

**SOURCE:**               UNNAMED STREAMS    TRIBUTARY: WEISER RIVER

**QUANTITY:**             0.02  CFS

           THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
           GALLONS PER DAY.

**PRIORITY DATE:**        06/28/1934

**POINT OF DIVERSION:**   T11N R04W S01      NENWNW     (Instream Beginning Point) Within Washington County
                                   S02      SWSWNE     (Instream Ending Point)
                                            NESENE     (Instream Ending Point)
                          T12N R04W S35     SESENE     (Instream Beginning Point)
                                            NESESE     (Instream Ending Point)
                                            NESESE     (Instream Beginning Point)

**PURPOSE AND**
**PERIOD OF USE:**        PURPOSE OF USE          PERIOD OF USE        QUANTITY
                         Stockwater              01-01 TO 12-31       0.02  CFS

**PLACE OF USE:**         Stockwater                         Within Washington County
                         T11N R04W S01      NWNW
                                   S02      NENE             SWNE
                                            SENE
                         T12N R04W S35      SENE             NESE
                                            SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

           THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
           DETERMINATION OF HISTORICAL BENEFICIAL USE.
           THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
           NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
           ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
           DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
           ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                        John M. Melanson
                                                        Presiding Judge of the
                                                        Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12740 |
| _____ | ) | |

NAME AND ADDRESS:       USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 CRANE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          06/28/1934

POINT OF DIVERSION:     T12N R02W S19 LOT 2    (SWSWNW)    (Instream Ending Point)    Within Washington County
                                               NWNESW      (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE              PERIOD OF USE        QUANTITY
                        Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:           Stockwater                              Within Washington County
                        T12N R02W S19 LOT 2    (SWNW)              NESW
                                       LOT 3    (NWSW)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                            John M. Melanson
                                                            Presiding Judge of the
                                                            Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12741 |
| _____ | ) | |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               CRANE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T12N R03W S25      NWNENW     (Instream Beginning Point) Within Washington County
                                         SESESW     (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE              PERIOD OF USE        QUANTITY
                      Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                               Within Washington County
                      T12N R03W S25      NENW                  SENW
                                         NESW                  SESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12743 |
| _____ | ) | |

NAME AND ADDRESS:         USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID 83709-1657

SOURCE:                   UNNAMED STREAM   TRIBUTARY: CRANE CREEK

QUANTITY:                 0.02  CFS

                          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                          GALLONS PER DAY.

PRIORITY DATE:            06/28/1934

POINT OF DIVERSION:       T11N R03W S05    NESENE    (Instream Beginning Point) Within Washington County
                                   S07    NENWNE    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:            PURPOSE OF USE            PERIOD OF USE        QUANTITY
                          Stockwater                01-01 TO 12-31      0.02  CFS

PLACE OF USE:             Stockwater                                 Within Washington County
                          T11N R03W S05      NWNE                 SWNE
                                             SENE                 NENW
                                             SWNW                 SENW
                                             NWSW                 SWSW
                                   S06       SESE
                                   S07       NENE                 NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                          DETERMINATION OF HISTORICAL BENEFICIAL USE.
                          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                      _____
                                                      John M. Melanson
                                                      Presiding Judge of the
                                                      Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12744 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                UNNAMED STREAM   TRIBUTARY: CRANE CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T12N R03W S29      SESENW      (Instream Beginning Point) Within Washington County
                                 S33      SESESW      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE           PERIOD OF USE        QUANTITY
                       Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                                Within Washington County
                       T12N R03W S29       SWNE                      SENW
                                           NWSE                      SWSE
                                           SESE
                                 S32       NENE                      SENE
                                 S33       SWNW                      NESW
                                           NWSW                      SESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                             _____
                                             John M. Melanson
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

```
2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12745 |
| _____ | ) | |

NAME AND ADDRESS:    USDI BLM
IDAHO STATE OFFICE
1387 S VINNELL WAY
BOISE, ID 83709-1657

SOURCE:    UNNAMED STREAMS   TRIBUTARY: CRANE CREEK

QUANTITY:    0.02  CFS

    THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:    06/28/1934

POINT OF DIVERSION:

| | | | |
|---|---|---|---|
| T11N R03W S03 LOT 3 | (NWNENW) | (Instream Ending Point) | Within Washington County |
| | NENESE | (Instream Ending Point) | |
| T12N R03W S33 | NWNESE | (Instream Beginning Point) | |
| | SWSESE | (Instream Beginning Point) | |

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02 CFS |

PLACE OF USE:

| | | | | | |
|---|---|---|---|---|---|
| Stockwater | | | | Within Washington County | |
| T11N R03W S03 LOT 2 | (NWNE) | | | SWNE | |
| | SENE | | | | |
| | LOT 4 | (NWNW) | LOT 3 | (NENW) | |
| S04 LOT 1 | (NENE) | | | NESE | |
| T12N R03W S33 | NESE | | | SESE | |
| S34 | NWSW | | | SWSW | |
| | SESW | | | | |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

    THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
    THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12746 |

NAME AND ADDRESS:    USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID 83709-1657

SOURCE:              COUGAR CANYON   TRIBUTARY: CRANE CREEK

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:  T12N R03W S28        NWNWNW    (Instream Beginning Point) Within Washington County
                                          SENESW    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE         QUANTITY
                     Stockwater                01-01 TO 12-31        0.02  CFS

PLACE OF USE:        Stockwater                                Within Washington County
                     T12N R03W S28      NWNW             SWNW
                                        SENW             NESW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12747 |
| _____ | ) | |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 COUGAR CANYON    TRIBUTARY: CRANE CREEK

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          06/28/1934

POINT OF DIVERSION:     T11N R03W S34        NWNENW      (Instream Beginning Point) Within Washington County
                        T12N R03W S34        SWNENW      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE            PERIOD OF USE          QUANTITY
                        Stockwater                01-01 TO 12-31         0.02  CFS

PLACE OF USE:           Stockwater                                 Within Washington County
                           T12N R03W S34          NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12748 |
| _____ | ) | |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID 83709-1657

SOURCE:               COUGAR CANYON   TRIBUTARY: CRANE CREEK

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T11N R03W S03 LOT 2    (NENWNE)     (Instream Beginning Point) Within Washington County
                                             NWSENE       (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE                PERIOD OF USE          QUANTITY
                      Stockwater                    01-01 TO 12-31         0.02 CFS

PLACE OF USE:         Stockwater                                   Within Washington County
                      T11N R03W S03 LOT 1    (NENE)      LOT 2    (NWNE)
                                             SENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12749 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               UNNAMED STREAM   TRIBUTARY: CRANE CREEK

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T11N R03W S07        NENWNE      (Instream Ending Point)    Within Washington County
                      T12N R03W S31        NENENW      (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE          PERIOD OF USE          QUANTITY
                      Stockwater              01-01 TO 12-31         0.02 CFS

PLACE OF USE:         Stockwater                                     Within Washington County
                      T11N R03W S06 LOT 1     (NENE)     LOT 2  (NWNE)
                                              SWNE              SENE
                                              NESE              NWSE
                                              SWSE
                                S07           NWNE
                      T12N R03W S31           NWNE              SWNE
                                              NENW              NWSE
                                              SWSE              SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                             John M. Melanson
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12750 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                STAR BUTTE CREEK   TRIBUTARY: CRANE CREEK

QUANTITY:              0.02 CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T12N R03W S23      NESESE    (Instream Ending Point)    Within Washington County
                                          NWSESE    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE        QUANTITY
                       Stockwater              01-01 TO 12-31       0.02 CFS

PLACE OF USE:          Stockwater                            Within Washington County
                       T12N R03W S23      SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                   John M. Melanson
                                                   Presiding Judge of the
                                                   Snake River Basin Adjudication

```
                                              2004 MAY 06  PM 02:00
                                              DISTRICT COURT - SRBA
                                              TWIN FALLS CO., IDAHO
                                              FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12751 |


NAME AND ADDRESS:    USDI BLM
                 IDAHO STATE OFFICE
                 1387 S VINNELL WAY
                 BOISE, ID 83709-1657

SOURCE:    UNNAMED STREAMS   TRIBUTARY: COVE CREEK
        COVE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:    0.02  CFS

    THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:    06/28/1934

POINT OF DIVERSION:    T11N R03W S33    SENENW    (Instream Beginning Point) Within Washington County
                                            NWSWSE    (Instream Ending Point)
                                            SWSWSE    (Instream Ending Point)
                                            SWSESE    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:    Stockwater                  Within Washington County

| T11N R03W S33 | | |
|---|---|---|
| | SWNE | NENW |
| | SENW | NWSE |
| | SWSE | SESE |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

    THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
    THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

## RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                             John M. Melanson
                             Presiding Judge of the
                             Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12752 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               UNNAMED STREAM    TRIBUTARY: CRANE CREEK

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T12N R03W S35     NESESE     (Instream Beginning Point) Within Washington County
                                        NWSESE     (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE              PERIOD OF USE        QUANTITY
                      Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                                Within Washington County
                      T12N R03W S35     SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12753 |
| _____ | ) | |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 DEAD MAN GULCH   TRIBUTARY: CRANE CREEK

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          06/28/1934

POINT OF DIVERSION:     T11N R03W S06 LOT 3   (NWNENW)    (Instream Beginning Point) Within Washington County
                                   S07      NWNWNE      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE              PERIOD OF USE        QUANTITY
                        Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:           Stockwater                              Within Washington County
                        T11N R03W S06 LOT 3   (NENW)              SENW
                                             NESW                SESW
                                   S07        NWNE                NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

       With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                          John M. Melanson
                                          Presiding Judge of the
                                          Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12754 |
| _____ | ) | |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                CRANE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T11N R03W S07      SENENW    (Instream Ending Point)    Within Washington County
                                          SENENW    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE         QUANTITY
                       Stockwater              01-01 TO 12-31        0.02  CFS

PLACE OF USE:          Stockwater                              Within Washington County
                       T11N R03W S07          NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12775 |
| _____ | ) | |

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  UNNAMED STREAM   TRIBUTARY: CRANE CREEK

QUANTITY:                0.02  CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           06/28/1934

POINT OF DIVERSION:      T12N R02W S32       NWNWNW     (Instream Ending Point)    Within Washington County
                                             NWNWNW     (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE            PERIOD OF USE        QUANTITY
                         Stockwater                01-01 TO 12-31       0.02  CFS

PLACE OF USE:            Stockwater                            Within Washington County
                         T12N R02W S32       NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                         THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                         THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    _____
                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 06   PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12809 |
| _____ | ) | |

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM<br>IDAHO STATE OFFICE<br>1387 S VINNELL WAY<br>BOISE, ID  83709-1657 |
| SOURCE: | UNNAMED STREAM   TRIBUTARY: SOUTH CRANE CREEK |
| QUANTITY: | 0.02  CFS |
| | THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000 GALLONS PER DAY. |
| PRIORITY DATE: | 06/28/1934 |

POINT OF DIVERSION:   T11N R02W S35   SWSWNE   (Instream Beginning Point) Within Washington County
                                      NESENW   (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:   Stockwater                               Within Washington County
                T11N R02W S35      SWNE              SENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12810 |
| _____ | ) | |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                UNNAMED STREAM   TRIBUTARY: SOUTH CRANE CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T11N R02W S35      SWNESE   (Instream Ending Point)   Within Washington County
                                          NENESE   (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE        QUANTITY
                       Stockwater              01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                          Within Washington County
                       T11N R02W S35        NESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

DISTRICT COURT-SRBA
TWIN FALLS CO. IDAHO
FILED

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re SRBA                    )        PARTIAL DECREE PURSUANT TO
                              )        I.R.C.P. 54(b) FOR    2003 MAR 20  PM 2 27
Case No. 39576                )
                              )        Water Right 67-12841
_____      )

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:        UNNAMED STREAM              TRIBUTARY: CRANE CREEK

QUANTITY:      1.00  AFY

               THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
               GALLONS PER DAY.

PRIORITY DATE:     01/01/1957

POINT OF DIVERSION:    T11N R02W S06 LOT 1   (SWNENE)     Within Washington County
                                             NWSENE

PURPOSE AND
PERIOD OF USE:     PURPOSE OF USE              PERIOD OF USE        QUANTITY
                   Stockwater from Storage     01-01 TO 12-31       1.00  AFY
                   Stockwater Storage          01-01 TO 12-31       1.00  AFY

PLACE OF USE:      Stockwater Storage                      Within Washington County
                       T11N R02W S06 LOT 1   (NENE)        SENE

                   Stockwater from Storage                 Within Washington County
                       T11N R02W S06 LOT 1   (NENE)        SENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

               THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
               DETERMINATION OF HISTORICAL BENEFICIAL USE.
               THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
               NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
               ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
               DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
               ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                           RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              _Roger Burdick_____
                                              Roger Burdick
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13008 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               DEAD MAN GULCH   TRIBUTARY: CRANE CREEK

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T12N R03W S31 LOT 4   (NWSWSW)   (Instream Beginning Point) Within Washington County
                                   LOT 4   (SWSWSW)   (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE          PERIOD OF USE        QUANTITY
                      Stockwater              01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                           Within Washington County
                      T12N R03W S31 LOT 4   (SWSW)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

      With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                          John M. Melanson
                                          Presiding Judge of the
                                          Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13009 |

NAME AND ADDRESS:     USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID  83709-1657

SOURCE:              UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:  T12N R03W S30 LOT 1   (NWNWNW)   (Instream Ending Point)   Within Washington County
                                  LOT 1   (NWNWNW)   (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE          PERIOD OF USE          QUANTITY
                     Stockwater              01-01 TO 12-31         0.02  CFS

PLACE OF USE:        Stockwater                              Within Washington County
                     T12N R03W S30 LOT 1   (NWNW)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13010 |
| _____ | ) | |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T12N R04W S14     NENESE   (Instream Ending Point)   Within Washington County
                                        SWSESE   (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE          PERIOD OF USE        QUANTITY
                      Stockwater              01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                        Within Washington County
                      T12N R04W S14     NESE            SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

      With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                        _____
                                                        John M. Melanson
                                                        Presiding Judge of the
                                                        Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13013 |

NAME AND ADDRESS:          USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID  83709-1657

SOURCE:                   UNNAMED STREAM   TRIBUTARY: WEISER RIVER

QUANTITY:                 0.02  CFS

                          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                          GALLONS PER DAY.

PRIORITY DATE:            06/28/1934

POINT OF DIVERSION:       T12N R04W S23      NWNESW    (Instream Ending Point)    Within Washington County
                                             NENWSE    (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:            PURPOSE OF USE          PERIOD OF USE          QUANTITY
                          Stockwater              01-01 TO 12-31         0.02  CFS

PLACE OF USE:             Stockwater                                 Within Washington County
                          T12N R04W S23      NESW                    NWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                          DETERMINATION OF HISTORICAL BENEFICIAL USE.
                          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                          ENTRY OF A FINAL UNIFIED DECREE.   I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              John M. Melanson
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2004 MAY-06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 67-13015 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                UNNAMED STREAM    TRIBUTARY: WEISER RIVER

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T12N R04W S27       SENWNE     (Instream Beginning Point) Within Washington County
                                           SENWNE     (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE            PERIOD OF USE        QUANTITY
                       Stockwater                01-01 TO 12-31       0.02 CFS

PLACE OF USE:          Stockwater                                Within Washington County
                         T12N R04W S27       NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                John M. Melanson
                                                Presiding Judge of the
                                                Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13085 |

2004 NOV 16  AM 10: 01

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

NAME AND ADDRESS:    USDI BLM
IDAHO STATE OFFICE
1387 S VINNELL WAY
BOISE, ID  83709-1657

SOURCE:    SOUTH CRANE CREEK   TRIBUTARY: CRANE CREEK

QUANTITY:    0.02  CFS

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:    05/01/1957

POINT OF DIVERSION:    T11N R02W S28    SESESE  Within Washington County

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:    Stockwater                    Within Washington County
T11N R02W S28    SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

**AMENDED**

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13086 |
| | ) | |

DISTRICT COURT-SRBA
Fifth Judicial District
County of Twin Falls - State of Idaho

MAR 3 0 2010

By _____
                        Clerk
Deputy Clerk

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                SOUTH CRANE CREEK    TRIBUTARY: CRANE CREEK

QUANTITY:              0.02 CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T11N R02W S28    SWNWSE (Instream Ending Point)    Within Washington County
                                        NWNWSE (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE       QUANTITY
                       Stockwater              01-01 TO 12-31      0.02 CFS

PLACE OF USE:          Stockwater                              Within Washington County
                       T11N R02W S28          NWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                Eric J. Wildman
                                                Presiding Judge of the
                                                Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13140 |

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:        CRANE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:      0.02 CFS

               THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
               GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:    T11N R03W S10      SWNWNW      (Instream Ending Point)     Within Washington County
                       T12N R03W S35      SENENE      (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:     PURPOSE OF USE              PERIOD OF USE          QUANTITY
                   Stockwater                  01-01 TO 12-31         0.02  CFS

PLACE OF USE:      Stockwater                                     Within Washington County
                   T11N R03W S02       NWNE              NENW
                                       NWNW              SWNW
                             S03       SENE              SWSW
                                       SESW              NESE
                                       NWSE              SWSE
                             S10       NWNW
                   T12N R03W S35       NENE              SENE
                                       NESE              SWSE
                                       SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

               THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
               DETERMINATION OF HISTORICAL BENEFICIAL USE.
               THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
               NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
               ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
               DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
               ENTRY OF A FINAL UNIFIED DECREE.   I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

       With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                 John M. Melanson
                                                 Presiding Judge of the
                                                 Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13141 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                COVE CREEK   TRIBUTARY: WEISER RIVER

QUANTITY:              0.02 CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T11N R03W S33      NENWNE      (Instream Beginning Point) Within Washington County
                                          SENENW      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE            PERIOD OF USE        QUANTITY
                       Stockwater                01-01 TO 12-31      0.02  CFS

PLACE OF USE:          Stockwater                                    Within Washington County
                       T11N R03W S33      NWNE                       NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREES.  I.C. SECTION 42-1412(6).

                       RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                          John M. Melanson
                                          Presiding Judge of the
                                          Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13142 |
| _____ | ) | |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                UNNAMED STREAM   TRIBUTARY: COVE CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T11N R03W S25     SENESW     (Instream Beginning Point) Within Washington County
                                         NENWSW        (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE        QUANTITY
                       Stockwater              01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                                 Within Washington County
                       T11N R03W S25     NESW                     NWSW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              John M. Melanson
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2004 MAY 06  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13147 |

NAME AND ADDRESS:    USDI BLM
IDAHO STATE OFFICE
1387 S VINNELL WAY
BOISE, ID  83709-1657

SOURCE:    UNNAMED STREAM   TRIBUTARY: CRANE CREEK

QUANTITY:    0.02  CFS

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:    06/28/1934

POINT OF DIVERSION:    T12N R03W S25    NWSENE   (Instream Ending Point)   Within Washington County
NENESE   (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:    Stockwater                Within Washington County
T12N R03W S25    SENE         NESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

```
                                                    2004 MAY 06  PM 02:00
                                                    DISTRICT COURT - SRBA
                                                    TWIN FALLS CO., IDAHO
                                                    FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-13148 |

NAME AND ADDRESS:          USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID 83709-1657

SOURCE:                   UNNAMED STREAM    TRIBUTARY: CRANE CREEK

QUANTITY:                 0.02 CFS

                          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                          GALLONS PER DAY.

PRIORITY DATE:            06/28/1934

POINT OF DIVERSION:       T12N R03W S25      SENWNE      (Instream Beginning Point) Within Washington County
                                             NENWNE      (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:            PURPOSE OF USE             PERIOD OF USE        QUANTITY
                          Stockwater                 01-01 TO 12-31       0.02  CFS

PLACE OF USE:             Stockwater                                      Within Washington County
                          T12N R03W S25      NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                          DETERMINATION OF HISTORICAL BENEFICIAL USE.
                          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                                       RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 JUN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 79-11372 |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 SALMON RIVER    TRIBUTARY: SNAKE RIVER

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          06/28/1934

POINT OF DIVERSION:     T26N R01E S34 LOT 1   (SENESE)     (Instream Ending Point)    Within Idaho County
                                      LOT 2   (SWSESE)     (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE           PERIOD OF USE         QUANTITY
                        Stockwater               01-01 TO 12-31        0.02  CFS

PLACE OF USE:           Stockwater                               Within Idaho County
                        T26N R01E S34 LOT 1   (NESE)      LOT 2   (SESE)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2004 JUN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 79-11373 |

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  CHINA CREEK    TRIBUTARY: SALMON RIVER

QUANTITY:                0.02 CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           06/28/1934

POINT OF DIVERSION:      T26N R01E S34        SWSENE      (Instream Beginning Point) Within Idaho County
                                     LOT 1   (SENESE)    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE              PERIOD OF USE        QUANTITY
                         Stockwater                  01-01 TO 12-31       0.02  CFS

PLACE OF USE:            Stockwater                               Within Idaho County
                              T26N R01E S34        SENE       LOT 1   (NESE)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                         THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                         THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                        _____
                                                        John M. Melanson
                                                        Presiding Judge of the
                                                        Snake River Basin Adjudication

2004 JUN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 79-11374 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                LITTLE CHINA CREEK   TRIBUTARY: CHINA CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T26N R01E S28      SESWNE      (Instream Ending Point)    Within Idaho County
                                          NENENW      (Instream Beginning Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE          QUANTITY
                       Stockwater              01-01 TO 12-31         0.02 CFS

PLACE OF USE:          Stockwater                                Within Idaho County
                       T26N R01E S28      NWNE                 SWNE
                                          NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).


                                RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                                   John M. Melanson
                                                   Presiding Judge of the
                                                   Snake River Basin Adjudication

2004 JUN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 79-11376 |

NAME AND ADDRESS:    USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID  83709-1657

SOURCE:              UNNAMED STREAM   TRIBUTARY: LITTLE CHINA CREEK

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/28/1934

POINT OF DIVERSION:  T26N R01E S28      SWNWNW     (Instream Beginning Point) Within Idaho County
                                        NENWNW     (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE                PERIOD OF USE        QUANTITY
                     Stockwater                    01-01 TO 12-31       0.02  CFS

PLACE OF USE:        Stockwater                                Within Idaho County
                     T26N R01E S28       NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                             _____
                                             John M. Melanson
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

2004 JUN 03  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 79-11756 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID 83709-1657

SOURCE:               UNNAMED STREAM   TRIBUTARY: SALMON RIVER

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/28/1934

POINT OF DIVERSION:   T26N R01E S22      SWSESE    (Instream Beginning Point) Within Idaho County
                                S23 LOT 7  (NWSWSW)    (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE           PERIOD OF USE        QUANTITY
                      Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:         Stockwater                        Within Idaho County
                      T26N R01E S22          SESE
                                S23 LOT 7   (SWSW)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              John M. Melanson
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2000 NOV 10  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 75-11102 |

NAME AND ADDRESS:      USDA FOREST SERVICE
                       550 W FORT ST, MSC O33
                       BOISE, ID  83724

SOURCE:                TOWER CREEK, NORTH FORK     TRIBUTARY: TOWER CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/01/1876

POINT OF DIVERSION:    T24N R22E S13     SESW     (Instream Beginning Point) Within Lemhi County
                                 S33     NENE     (Instream Ending Point)

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE       QUANTITY
                       Stockwater              06-01 TO 10-31      0.02  CFS

PLACE OF USE:          Stockwater                              Within Lemhi County
                       T24N R22E S13     SWSW              SESW
                                 S14     NESW              NWSW
                                         SESW              SWSE
                                         SESE
                                 S15     SESW              NESE
                                         NWSE              SWSE
                                 S22     NWNE              SWNE
                                         NENW              SESW
                                         NWSE              SWSE
                                 S27     NENW              SWNW
                                         SENW              NWSW
                                         SWSW
                                 S33     NENE
                                 S34     NWNW.

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

Barry Wood
Administrative District Judge
Presiding Judge of the
Snake River Basin Adjudication

2000 NOV 10  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 75-13808 |

NAME AND ADDRESS:     USDA FOREST SERVICE
                      550 W FORT ST, MSC 033
                      BOISE, ID  83724

SOURCE:               CHUTE GULCH SPRING      TRIBUTARY: SINKS

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        06/01/1876

POINT OF DIVERSION:   T24N R22E S19      SWSE      Within Lemhi County

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE         PERIOD OF USE      QUANTITY
                      Stockwater             06-01 TO 08-31     0.02  CFS

PLACE OF USE:         Stockwater                        Within Lemhi County
                      T24N R22E S19      SWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                      RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    Barry Wood
                                                    Administrative District Judge
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

```
2000 NOV 10  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 75-13813 |

| | |
|---|---|
| NAME AND ADDRESS: | USDA FOREST SERVICE<br>550 W FORT ST, MSC 033<br>BOISE, ID 83724 |
| SOURCE: | MAGPIE SPRING          TRIBUTARY: SINKS |
| QUANTITY: | 0.02  CFS |
| | THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000 GALLONS PER DAY. |
| PRIORITY DATE: | 06/01/1876 |
| POINT OF DIVERSION: | T24N R22E S17          NESW     Within Lemhi County |

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 06-01 TO 08-31 | 0.02  CFS |

| | |
|---|---|
| PLACE OF USE: | Stockwater                              Within Lemhi County<br>T24N R22E S17      NESW |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

_____
Barry Wood
Administrative District Judge
Presiding Judge of the
Snake River Basin Adjudication

```
                                                        2000 NOV 10  PM 02:00
                                                        DISTRICT COURT - SRBA
                                                        TWIN FALLS CO., IDAHO
                                                        FILED _____
```

                IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
                    STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re SRBA                    )          PARTIAL DECREE PURSUANT TO
                              )          I.R.C.P. 54(b) FOR
Case No. 39576                )
_____ )             Water Right 75-13822


NAME AND ADDRESS:      USDA FOREST SERVICE
                       550 W FORT ST, MSC 033
                       BOISE, ID  83724

SOURCE:                LOWER COTTONWOOD CREEK SPRING  TRIBUTARY: SINKS

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/01/1876

POINT OF DIVERSION:    T24N R22E S17          NESE      Within Lemhi County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE           PERIOD OF USE      QUANTITY
                       Stockwater               06-01 TO 10-31     0.02  CFS


PLACE OF USE:          Stockwater                          Within Lemhi County
                       T24N R22E S17      NESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).


                                RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                        _____
                                                        Barry Wood
                                                        Administrative District Judge
                                                        Presiding Judge of the
                                                        Snake River Basin Adjudication

2000 DEC 29  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 75-13826 |
| _____ | ) | |

NAME AND ADDRESS:      USDA FOREST SERVICE
                       550 W FORT ST, MSC 033
                       BOISE, ID 83724

SOURCE:                UPPER COTTONWOOD CREEK SPRING  TRIBUTARY: SINKS

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/01/1876

POINT OF DIVERSION:    T24N R22E S17      SENE      Within Lemhi County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE          QUANTITY
                       Stockwater              06-01 TO 10-31         0.02 CFS

PLACE OF USE:          Stockwater                                Within Lemhi County
                       T24N R22E S17      SENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        Roger Burdick
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                                      2000 DEC 29  PM 02:00
                                                      DISTRICT COURT - SRBA
                                                      TWIN FALLS CO., IDAHO
                                                      FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 75-13899 |

NAME AND ADDRESS:    USDA FOREST SERVICE
                     550 W FORT ST, MSC 033
                     BOISE, ID  83724

SOURCE:              UPPER SOUTH FORK KRILEY SPRING TRIBUTARY: SINKS

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/01/1876

POINT OF DIVERSION:  T24N R22E S33        NWNW     Within Lemhi County

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE           PERIOD OF USE      QUANTITY
                     Stockwater               06-01 TO 08-31     0.02  CFS

PLACE OF USE:        Stockwater                            Within Lemhi County
                     T24N R22E S33        NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                          RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                   _____
                                                   Roger Burdick
                                                   Presiding Judge of the
                                                   Snake River Basin Adjudication

2000 DEC 29  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 75-13912 |

NAME AND ADDRESS:    USDA FOREST SERVICE
                     550 W FORT ST, MSC O33
                     BOISE, ID 83724

SOURCE:              LOWER MAGPIE SPRING        TRIBUTARY: SINKS

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       06/01/1876

POINT OF DIVERSION:  T24N R22E S20        NWNW      Within Lemhi County

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE      QUANTITY
                     Stockwater                06-01 TO 10-31     0.02 CFS

PLACE OF USE:        Stockwater                            Within Lemhi County
                     T24N R22E S20        NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                          RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        Roger Burdick
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

State of Idaho
Department of Water Resources



# WATER RIGHT LICENSE

License No.    75-7279   Priority  02/25/1982   Amount     0.02   CFS      0.3    AF

THIS IS TO CERTIFY, that   U.S. Dept. of Agri., Forest Service

of       Ogden, Utah                                 , has complied with the terms and conditions of

Permit No.   75-7279      issued pursuant to Application for Permit dated   02/25/1982      , and has

submitted proof to the Department of Water Resources on   03/29/1983             , that he has applied water to a

beneficial use; and examination by the Department indicates that the works have a capacity for the

diversion of 0.02 cfs   of water from          Upper S. Fork Kriley Spring

tributary to        sinks                              , and that the permit holder has

applied to a beneficial use and established a right to use water as follows:

| RATE OF DIVERSION | VOLUME | BENEFICIAL USE | PERIOD OF USE |
|---|---|---|---|
| 0.02 cfs | 0.3 af | Stockwater | 09/01 - 11/30 |

Location of point of diversion:   NWNW, Sec. 33, Twp 24N, Rge 22E, Lemhi Co.

Location of place of use:

| TWP. | RGE. | SEC. | NE¼ | | | | NW¼ | | | | SW¼ | | | | SE¼ | | | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | |
| 24N | 22E | 33 | | | | | X | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

Total number of acres irrigated _____

MICROFILMED

Subject to all prior water rights.

NOTE: Modifications to or variance from the use of water as shown on this license must be made in accordance with Section 42-222, Idaho Code, or the applicable Idaho law. This right may be forfeited by five years of non-use.

The right to the use of the water hereby confirmed is restricted and appurtenant to the lands or place of use herein described, as provided by the laws of Idaho.

Witness the seal and signature of the Director, affixed at Boise, Idaho this 3RD day of July , 19 86 .

Acting for the Director



State of Idaho
Department of Water Resources

# WATER RIGHT LICENSE

### WATER RIGHT NO. 75-7288

**Priority:** February 25, 1982      Amount:      .02 CFS          .3 AF

This is to certify, that U.S. DEPT. OF AGRI.
FOREST SERVICE
FEDERAL BLDG.
324 25TH ST.
OGDEN, UT 84401                    has complied with the terms and conditions
of the permit issued pursuant to Application for Permit dated February 25, 1982, and
has submitted proof to the Department of Water Resources on March 29, 1983, that
water has been applied to a beneficial use; an examination by the Department indicates
that the works have a diversion capacity of .02 cfs of water from;

**SPRING**                                   tributary to **SINKS**

and that a water right has been established as follows:

| BENEFICIAL USE | PERIOD OF USE | RATE OF DIVERSION | VOLUME |
|---|---|---|---|
| Stockwater | 10/01 to 12/31 | .02  cfs | .3  af |

**LOCATION OF POINT OF DIVERSION(S):**        NENW , Sec. 20, Township 24N, Range 22E
                                                Lemhi County

**PLACE OF USE:**  Stockwater

**TWN RGE SEC**

24N 22E 20          NENW

**CONDITIONS/REMARKS:**

1. The right to the use of the water hereby confirmed is limited
   to the amount which can actually be beneficially used and is
   restricted and appurtenant to the lands or place of use and to
   the purpose herein described, as provided by the laws of Idaho.
2. This right is subject to all prior water rights and may be forfeited
   by five years of non-use.
3. Modifications to or variance from this license must be made within
   the limits of Section 42-222, **Idaho Code**, or the applicable Idaho law.
4. This right, when considered with all other rights common to the
   same grazing allotment, shall be limited to the quantity of water
   beneficially used by the number of stock within the allotment.

This license is issued pursuant to the provisions of Section 42-219, **Idaho Code**.
Witness the seal and signature of the Director, affixed at Boise, this 20^TH day
of _FEBRUARY_ , 19_87_ .

                                    Acting for the Director

SIGNED

MAR 03 1987

870211

State of Idaho
Department of Water Resources

# WATER RIGHT LICENSE

License No.    75-7335    Priority    12/22/1982    Amount    0.02    CFS    0.6    AF

THIS IS TO CERTIFY, that    U.S. Dept. of Agri., Forest Service

of    Ogden, Utah                          , has complied with the terms and conditions of

Permit No.    75-7335    issued pursuant to Application for Permit dated    12/22/1982    , and has

submitted proof to the Department of Water Resources on    02/24/1984    , that he has applied water to a

beneficial use; and examination by the Department indicates that the works have a capacity for the

diversion of 0.02 cfs    of water from    Lower Magpie Spring

tributary to    sinks    , and that the permit holder has

applied to a beneficial use and established a right to use water as follows:

| RATE OF DIVERSION | VOLUME | BENEFICIAL USE | PERIOD OF USE |
|---|---|---|---|
| 0.02 cfs | 0.6 af | Stockwater | 06/01 - 09/30 |

Location of point of diversion:    NWNW, Sec. 20, Twp 24N, Rge 22E, Lemhi Co.

Location of place of use:

| TWP. | RGE. | SEC. | NE¼ | | | | NW¼ | | | | SW¼ | | | | SE¼ | | | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | |
| 24N | 22E | 20 | | | | | | X | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

Total number of acres irrigated _____

Subject to all prior water rights.

NOTE: Modifications to or variance from the use of water as shown on this license must be made in accordance with Section 42-222, Idaho Code, or the applicable Idaho law. This right may be forfeited by five years of non-use.

The right to the use of the water hereby confirmed is restricted and appurtenant to the lands or place of use herein described, as provided by the laws of Idaho.

Witness the seal and signature of the Director, affixed at Boise, Idaho this 3ʳᵈ day of July , 19 86.

Acting for the Director

State of Idaho
Department of Water Resources

# Water Right License

## WATER RIGHT NO. 75-07672

**Priority:** February 04, 2000

Maximum Diversion Rate: 0.02 CFS
Maximum Diversion Volume: 2.0 AF

It is hereby certified that US DEPT OF INTERIOR
BUREAU OF LAND MANAGEMENT
SALMON DISTRICT
1206 S CHALLIS ST
SALMON ID 83467 has complied with the terms and
conditions of the permit, issued pursuant to Application for Permit dated February 04, 2000; and has
submitted Proof of Beneficial Use on November 06, 2001. An examination indicates that the works have
a diversion capacity of 0.02 cfs of water from:

## SOURCE
SPRING        **Tributary:** SINKS

and a water right has been established as follows:

| BENEFICIAL USE | PERIOD OF USE | DIVERSION RATE | ANNUAL DIVERSION VOLUME |
|---|---|---|---|
| STOCKWATER | 01/01 to 12/31 | 0.02 CFS | 2.0 AF |
| WILDLIFE | 01/01 to 12/31 | 0.02 CFS | 2.0 AF |

## LOCATION OF POINT(S) OF DIVERSION:
SPRING NE¼NW¼SE¼ Sec. 11, Twp 23N, Rge 22E, B.M. LEMHI County

## PLACE OF USE: STOCKWATER AND WILDLIFE

| Twp Rge Sec | NE | | | | NW | | | | SW | | | | SE | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NE | NW | SW | SE | NE | NW | SW | SE | NE | NW | SW | SE | NE | NW | SW | SE | Totals |
| 23N 22E 10 | | | | | | | | | | | | | | | | X | |
| 23N 22E 15 | | | | | X | X | | | | | | | | | | | |

## CONDITIONS OF APPROVAL

1. This development is known as Gold Star Pipeline Project 365155.

2. The issuance of this right does not grant any right-of-way or easement across the land of another.

3. This right, when considered with all other rights common to the same grazing allotment, is limited to
   the quantity of water beneficially used by the number of stock within the allotment.

This license is issued pursuant to the provisions of Section 42-219, Idaho Code. The water right
confirmed by this license is subject to all prior water rights and shall be used in accordance with Idaho
law and applicable rules of the Department of Water Resources.

Signed and sealed this **23rd** day of **September**, 2010.

GARY SPACKMAN
Interim Director

75 4236

Form No. 243
7/78

Claim No. _____

# STATE OF IDAHO
## DEPARTMENT OF WATER RESOURCES

# CLAIM TO A WATER RIGHT



. Under the provisions of Section 42-243, Idaho Code, any person using or claiming rights to the public waters of Idaho established by diversion and application to a beneficial use must file a claim with the Department of Water Resources on or before June 30, 1983. Exempted from this filing are single family domestic uses as defined in Section 42:230(d), Idaho Code. Also exempted are rights represented by a permit, license, decree, adjudicated right, or a previously filed claim.

**The filing of this claim does not confirm the water right claimed but failure to file may result in forfeiture of a water right.**

Notice is hereby given that ___United States of America - Forest Service___
(Name of Claimant)
___324 25th Street, Federal Building, Ogden, Utah 84401___ Telephone No. __(801) 625-5360__
(Mailing Address)               (Zip Code)

claims a right to the diversion and beneficial use of the surface or ground water. The extent and nature of said claim is as follows:

(1) Date of priority: (When was the water first applied to a beneficial use) _____ 06/01/*1969*

A claim is not acceptable on a ground water source with a priority later than March 25, 1963 or on a surface water source with a priority later than May 20, 1971. An exception is that a claim may be filed on single family domestic use from a ground water source.

(2) Describe the source of water: (Name of stream, lake, spring, etc., or ground water)
___Browns Spring___ tributary to ___Sinks___

(3) Describe the purpose for which the water has been used and the time during the year when you have used the right claimed:

|  | (cfs, gpd, AFA) | (Domestic, Irrigation, Stock, Etc.) |  | (Both dates inclusive) (Mo., Day) |  | (Mo., Day) |
|---|---|---|---|---|---|---|
| Quantity | .02 cfs | Use Livestock watering | Period of Use From | 6/1 | To | 8/31 |
| Quantity | | Use | Period of Use From | | To | |
| Quantity | | Use | Period of Use From | | To | |
| Quantity | | Use | Period of Use From | | To | |
| Quantity | | Use | Period of Use From | | To | |

(4) __.02 cfs__ TOTAL QUANTITY USED.
(cfs, gpd, AFA)

(5) A) Point of diversion: (Location of point where water is diverted from its source)
__SW__ ¼ __SE__ ¼. Sec. __30__ Twp. __24N__ Rge. __22E__ B.M., County of __Lemhi__
Additional points of diversion: ___018-019___
B) Describe means of diversion of water: (Pump and pipeline, well, diversion dam, reservoir, length of ditch and field, etc.). Give sizes and capacities: be as specific as possible. Describe any changes in the system and give the date of the change. ___Headbox piped to a trough___

(6) A) Describe location of use by listing number of irrigated acres within each 40-acre tract in appropriate box. If use is not for irrigation, place an "X" in appropriate box to show location.

| T | R | SEC. | NE¼ |  |  |  | NW¼ |  |  |  | SW¼ |  |  |  | SE¼ |  |  |  | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ |  |
| 24N | 22E | 30 |  |  |  |  |  |  |  |  |  |  |  |  |  |  | X |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

No. of acres _____

B) If water is used for other than irrigation, fully describe that use, being as specific as possible: _____
___Stock watering 86 head of cattle___

NOTE: Include here the type and number of stock watered: _____
(7) If you are claiming water as a member of an organization, list name of organization: _____

(8)  Remarks _____



Scale: 2 inches equal 1 mile.

Map should show the location of the point of diversion and the place of use of the water by 40-acre subdivisions, section, township and range of the public land survey system.

State of ~~Idaho~~ Utah )
) ss.
County of ____Weber____ )

Be it known that the undersigned, being duly sworn, deposes and says that he, she, they subscribed the foregoing claim to a water right, together with all attached information, and that the matters and facts therein are true to the best of the affiant's knowledge.  United States of America - Forest Service

(for)  L. KENT MAYS, JR., Deputy Regional Forester,
(Claimant)  Resource

Sworn to before me this __10__ day of ____February____ , 19__82__.

_Sandra S. Barbara_
Notary Public
Residing at  Willard, Box Elder County, Utah

My commission expires ____2-20-85____

**FOR DEPARTMENT USE ONLY**

Received by _CW_  Date _2-25-82_   Exception filed by:   Fowarded to   Date
Process check by _HLJ_  Date _3-4-82_                    claimant by:
$10.00 fee received by _CW_  Date _6-4-82_
Published in _Recorder Herald_
Dates _4-1 and 4-8-82_  #2389

Form No. 243
7/78

Claim No. ___75-4241___

  

# STATE OF IDAHO
## DEPARTMENT OF WATER RESOURCES

# CLAIM TO A WATER RIGHT

Under the provisions of Section 42-243, **Idaho Code**, any person using or claiming rights to the public waters of Idaho established by diversion and application to a beneficial use must file a claim with the Department of Water Resources on or before June 30, 1983. Exempted from this filing are single family domestic uses as defined in Section 42-230(d), Idaho Code. Also exempted are rights represented by a permit, license, decree, adjudicated right, or a previously filed claim.

**The filing of this claim does not confirm the water right claimed but failure to file may result in forfeiture of a water right.**

Notice is hereby given that ___United States of America – Forest Service___
(Name of Claimant)

___324 25th Street, Federal Building, Ogden, Utah  84401___   Telephone No.: _(801) 625-5360_
(Mailing Address)                    (Zip Code)

claims a right to the diversion and beneficial use of the surface or ground water. The extent and nature of said claim is as follows:

(1) Date of priority: (When was the water first applied to a beneficial use) ___06/01/1967___

    A claim is not acceptable on a ground water source with a priority later than March 25, 1963 or on a surface water source with a priority later than May 20, 1971. An exception is that a claim may be filed on single family domestic use from a ground water source.

(2) Describe the source of water: (Name of stream, lake, spring, etc., or ground water)
___Old Kriley Spring___ tributary to ___Sinks___

(3) Describe the purpose for which the water has been used and the time during the year when you have used the right claimed:

|  | (cfs, gpd, AFA) |  | (Domestic, Irrigation, Stock, Etc.) |  | (Both dates inclusive) (Mo., Day) |  | (Mo., Day) |
|---|---|---|---|---|---|---|---|
| Quantity | .02 cfs | Use | Livestock watering | Period of Use From | 6/1 | To | 8/31 |
| Quantity |  | Use |  | Period of Use From |  | To |  |
| Quantity |  | Use |  | Period of Use From |  | To |  |
| Quantity |  | Use |  | Period of Use From |  | To |  |
| Quantity |  | Use |  | Period of Use From |  | To |  |

(4) ___.02 cfs___   TOTAL QUANTITY USED.
(cfs, gpd, AFA)

(5) A) Point of diversion: (Location of point where water is diverted from its source)
___NE___ ¼ ___NE___ ¼, Sec. ___31___ Twp. ___24N___ Rge. ___22E___ B.M., County of ___Lemhi___
Additional points of diversion: _____
___018-020___
B) Describe means of diversion of water: (Pump and pipeline, well, diversion dam, reservoir, length of ditch and field, etc.). Give sizes and capacities: be as specific as possible. Describe any changes in the system and give the date of the change.
___Headbox piped to a trough___

(6) A) Describe location of use by listing number of irrigated acres within each 40-acre tract in appropriate box. If use is not for irrigation, place an "X" in appropriate box to show location.

| T | R | SEC. | NE¼ | | | | NW¼ | | | | SW¼ | | | | SE¼ | | | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | NE¼ | NW¼ | SW¼ | SE¼ | |
| 24N | 22E | 31 | X | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

No. of acres ___1___

B) If water is used for other than irrigation, fully describe that use, being as specific as possible: _____
___Stock watering 86 head of cattle___
_____
_____
_____

NOTE: Include here the type and number of stock watered: _____
If you are claiming water as a member of an organization, list name of organization: _____

(8)   Remarks _____



BIRD CREEK QUADRANGLE
IDAHO—LEMHI CO.
7.5 MINUTE SERIES (TOPOGRAPHIC)

Scale: 2 inches equal 1 mile.

Map should show the location of the point of diversion and the place of use of the water by 40-acre subdivisions, section, township and range of the public land survey system.

State of ~~XXXXX~~ Utah                    )
                                            ) ss.
County of _____Weber_____                )

Be it known that the undersigned, being duly sworn, deposes and says that he, she, they subscribed the foregoing claim to a water right, together with all attached information, and that the matters and facts therein are true to the best of the affiant's knowledge.   United States of America - Forest Service   *Richard F. Sanders*

(for)          L. KENT MAYS, JR., Deputy Regional Forester,
                                        (Claimant) Resource

Sworn to before me this ___10___ day of _____February_____, 19 __82__

_Sandra S. Carlson_
Notary Public
Residing at  Willard, Box Elder County, Utah

My commission expires ___2-20-85___

### FOR DEPARTMENT USE ONLY

Received by *Cw*        Date 2-25-82     Exception filed by:        Fowarded to          Date
Prelim Check by *Kow*   Date 3-5-82                                 claimant by:
$30.00 fee received by *Cw*  Date 6-14-82
Published in *Alexander Herald*
Dated 4-1 & 4-8-82      #22309

# EXHIBIT B

**to**

***First Amended Complaint for
Declaratory and Injunctive Relief
(Case No. 1:22-cv-00236-DKG)***

**Copy of SRBA *Final Unified Decree*
(excluding "Attachments")**



ORIGINAL

IDWR Document Depository
PO Box 83720
Boise, ID 83720-0098

Chief Natural Resources Division
Office of the Attorney General
PO Box 44449
Boise, ID 83711-4449

United States Department of Justice
Environment & Natural Resources Div.
550 West Fort Street, MSC 033
Boise, ID 83724

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | |
| | ) | |
| | ) | FINAL UNIFIED DECREE |
| Case No. 39576 | ) | |
| | ) | |
| | ) | |

## I. PROCEDURE

On June 17, 1987, the State of Idaho, ex rel. A. Kenneth Dunn in his official capacity

as Director of the Idaho Department of Water Resources, filed a petition in the above-entitled

Court seeking commencement of a "general adjudication <u>inter</u> <u>se</u> of all rights arising under

state or federal law to the use of surface and ground waters from the Snake River basin water

system and for the administration of such rights." *Petition* at 2. On November 19, 1987, this

Court issued its *Commencement Order* thereby initiating the above-entitled general stream

adjudication of all rights to the use of the waters of the Snake River Basin within the State of

Idaho pursuant to Idaho Code § 42-1406A (Supp. 1987).[1]  The *Commencement Order* adopted by reference this Court's October 14, 1987, *Memorandum Opinion on Commencement of Adjudication* as "further findings of fact and further conclusions of law as permitted by I.R.C.P. 52(a)." *Commencement Order* at 4.

As set forth in the *Memorandum Opinion on Commencement of Adjudication*, Idaho Code § 42-1406A (Supp. 1987) required that the adjudication be commenced within the terms of the McCarran Amendment, 43 U.S.C. § 666. This Court determined that for the adjudication to come within the terms of the McCarran Amendment the entire Snake River Basin water system within the State of Idaho had to be adjudicated. This Court defined the entire Snake River Basin water system within Idaho as follows:

> Beginning at the point where the southern boundary line of the state of Idaho meets the western boundary line of the state of Idaho, then following the western boundary of the state north to the northern boundary of the Clearwater Basin, in Idaho, in section 36, T. 36 N., R. 6 W., B.M., then following the northern watershed divide of the Clearwater River Basin north and east to the eastern boundary of the state of Idaho in section 4, T. 42 N., R. 11 E., B.M., then following the eastern boundary of the state southeast to the northern boundary of the Bear River Basin in section 35, T. 10 S., R. 46 E., B.M., then following the northern watershed divide of the Bear River Basin, in Idaho, southwest to the southern boundary of the state of Idaho in section 26, T. 16 S., R. 28 E., B.M., then following the southern boundary line of the state of Idaho west to the point of beginning.

*Commencement Order* at 5. A map showing the boundaries of the Snake River Basin water system is attached for illustrative purposes as Attachment 1, as required by Idaho Code § 42-1413 (2003). The following counties are wholly located within the boundaries of the Snake River Basin water system:

| Ada | Canyon | Idaho | Owyhee |
| Adams | Clark | Jefferson | Payette |

---

[1] Idaho Code § 42-1406A was added by section 1 of chapter 18, 1985 Idaho Sess. L. at 28. Section 42-1406A was subsequently amended by section 11 of chapter 454, 1994 Idaho Sess. L. at 1452-53, and now appears as an uncodified law in the 1994 Idaho Session Laws.

| | | | |
|---|---|---|---|
| Bingham | Clearwater | Jerome | Teton |
| Blaine | Custer | Lemhi | Twin Falls |
| Boise | Elmore | Lewis | Valley |
| Bonneville | Fremont | Lincoln | Washington |
| Butte | Gem | Madison | |
| Camas | Gooding | Minidoka | |

*Commencement Order* at 5. The following counties are partly located within the boundaries

of the Snake River Basin water system:

| | |
|---|---|
| Bannock | Nez Perce |
| Caribou | Oneida |
| Cassia | Power |
| Latah | Shoshone |

*Id.* at 6.

The *Commencement Order* also determined that "all classes of water uses . . . within

the water system [must] be adjudicated as part of the Snake River Basin adjudication." *Id.*

At 6. On January 17, 1989, however, this Court entered its *Findings of Fact, Conclusions of*

*Law, and Order Establishing Procedures for Adjudication of Domestic and Stock Water Uses*

that allowed claimants of *de minimis* domestic and stock water rights, as defined in Idaho

Code § 42-1401A(5) and (12) (Supp. 1988), to elect to defer adjudication of their claims;

provided, all such claimants "shall be joined as parties in this proceeding and will be bound

by all decrees entered in this case, including the final decree." *Findings of Fact* at 3.

The *Commencement Order* directed the Director of the Idaho Department of Water

Resources ("Director"): 1) to investigate the water system as provided in Idaho Code § 42-

1410 (Supp. 1987); 2) to prepare the notice of order commencing a general adjudication

containing that information required by Idaho Code § 42-1408A(1) (Supp. 1987); 3) to serve

notice of the order commencing a general adjudication in accordance with chapter 14, title

42, Idaho Code; and 4) to file with this Court affidavits and other documents stating the

persons served with a notice of order commencing the adjudication. *Commencement Order* at 7-8.

Based upon the claims submitted; the files and records of the Idaho Department of Water Resources and the Court; the examination of the ditches, diversions, lands irrigated, and other uses of water within the water system; the Director's Reports and evidence herein, this Court enters the following findings of fact and conclusions of law:

## II. FINDINGS OF FACT

1.      All requirements for joinder of the United States as a party under state and federal law, including but not limited to 43 U.S.C. § 666, have been satisfied.

2.      The Nez Perce Tribe participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Notice of Claim to a Water Right Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance* (March 18, 1993).

3.      The Northwestern Band of the Shoshoni Nation participated in this proceeding by filing notices of claim for water rights reserved under federal law and by filing a general notice of appearance with the Court. *Partial Protective Filing by the Northwestern Band of the Shoshoni Nation of Notices of Claim for Water Rights Reserved Under Federal Law* (filed with Dept. of Water Res. March 25, 1993); *Notice of Appearance on Behalf of the Northwestern Band of the Shoshoni Nation* (March 22, 1993).

4.      The Shoshone-Bannock Tribes sought and were granted intervention in this proceeding. *Order Granting Permissive Intervention by the Shoshone-Bannock Tribes* (April 12, 1993).

FINAL UNIFIED DECREE                                                      Page 4

5.     The Shoshone-Paiute Tribes of the Duck Valley Indian Reservation sought and were granted intervention in this proceeding. *Motion to Intervene and Request for Expedited Hearing* (SRBA Consolidated Subcase No. 51-12756, Jan. 12, 1999); *Order Granting Tribes' Motion to Intervene, Order Requiring Written Status Reports and Order for Scheduling Conference Reports* (SRBA Subcases Nos. 51-12756 et al., Dec. 6, 1999).

6.     The Director served notice of the commencement of the Snake River Basin Adjudication ("SRBA") in accordance with chapter 14, title 42, Idaho Code and the orders of this Court.  This included service of the notice of commencement on the State of Idaho and the United States; service of the notice of commencement on all other persons by publication; service of the notice of commencement by posting in each county courthouse, county recorder's office and county assessor's office in which any part of the water system is located; service of the notice of commencement by mail on each person listed as owning real property on the real property assessment roll within the boundaries of the Snake River Basin water system; and filing of a copy of the notice of commencement in the office of the county recorder in each county in which any part of the water system is located.

7.     In addition to the steps taken in paragraph 6, the Idaho Department of Water Resources also served notices of commencement on persons who may have used water within the water system, but were not listed as owners of real property.  The sources of information the Idaho Department of Water Resources reviewed for this purpose were: 1) water right records of the Idaho Department of Water Resources for each basin wholly or partly within the water system; 2) cooperating farm/ranch operator records of the United States Department of Agriculture, Agricultural Stabilization and Conservation Service for each basin wholly or partly within the water system; and 3) mining claim records on federal

land of the United States Department of Interior, Bureau of Land Management for each basin wholly or partly within the water system.

8.     The Director has completed an examination of the Snake River Basin water system and submitted Director's Reports to this Court in conformance with the requirements of chapter 14, title 42, Idaho Code and the orders of this Court.

9.     As required by title 42, chapter 14, Idaho Code and this Court's orders, claims to water rights arising under state or federal law to the use of the surface and ground waters from the Snake River Basin water system have been adjudicated resulting in the issuance of partial decrees that have been certified as final pursuant to I.R.C.P. 54(b).[2]

10.    Idaho Code § 42-1412(8) (2003) provides that: "Upon resolution of all objections to water rights acquired under state law, to water rights established under federal law, and to general provisions, and after entry of partial decree(s), the district court shall combine all partial decrees and the general provisions into a final decree."  The Court finds that the conditions of Idaho Code § 42-1412(8) (2003) have been met with respect to the water rights identified in Attachments 2, 4, 5 and 6 and the general provisions in Attachment 3, enabling the Court to issue this Final Unified Decree.


## III.  CONCLUSIONS OF LAW

1.     The SRBA is a general stream adjudication *inter se* of all water rights arising under state or federal law to the use of surface and ground waters from the Snake River Basin water system and for the administration of such rights.

2.     The State of Idaho is a party to this proceeding.

---

[2] At the time of entry of this Final Unified Decree there are a total of 103 subcases pending final resolution.  A separate *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* is being entered contemporaneously herewith, which provides for the continued processing of the subcases listed therein.

3.      The Director was withdrawn as a party to this proceeding in 1994.  Idaho Code § 42-1401B (2003); *State of Idaho, ex rel. Higginson v. United States*, 128 Idaho 246, 256-57, 912 P.2d 614, 624-25 (1995).

4.      The United States is a party to this proceeding under 43 U.S.C. § 666.

5.      This Final Unified Decree is conclusive as to the nature and extent of all rights of the United States to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, including, but not limited to, water rights held by the United States in trust for any Indian tribe, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

6.      The Nez Perce Tribe, the Northwestern Band of the Shoshoni Nation, the Shoshone-Bannock Tribes, and the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation are parties to this proceeding.

7.      The *Consent Decree Approving Entry of Partial Final Decrees Determining the Rights of the United States as Trustee for the Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use of Water in the Snake River Basin within Idaho and Partial Final Decrees Determining Minimum Stream Flow Water Rights Held by the Idaho Water Resources Board* with its six attachments dated January 30, 2007 (*"Nez Perce Consent Decree"*), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference.  The *Nez Perce Consent Decree* is conclusive as to the nature and extent of all rights of the Nez Perce Tribe to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

8.      The *Revised Partial Final Consent Decree Determining the Rights of the Shoshone-Bannock Tribes to the Use of Water in the Upper Snake River Basin*, dated August 13, 2014 ("*Shoshone-Bannock Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Bannock Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Bannock Tribes to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

9.      The *Revised Consent Decree Approving Entry of Partial Decrees Determining the Rights of the United States as Trustee for the benefit of the Shoshone-Paiute Tribes to the Use of Water in the Snake River Basin within Idaho* with its three attachments, dated December 12, 2006 ("*Shoshone-Paiute Consent Decree*"), is included in Attachment 4 and is hereby incorporated into this Final Unified Decree by reference. The *Shoshone-Paiute Consent Decree* is conclusive as to the nature and extent of all rights of the Shoshone-Paiute Tribes of the Duck Valley Indian Reservation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

10.     This Final Unified Decree is conclusive as to the nature and extent of all rights of the Northwestern Band of the Shoshoni Nation to the use of the waters of the Snake River Basin water system within the State of Idaho with a priority date before November 19, 1987, except for those water rights expressly exempted by Idaho Code § 42-1420 (2003) or by order of this Court.

11.     Claimants in each of the SRBA basins received notice of the commencement of the SRBA in accordance with chapter 14, title 42, Idaho Code and orders of this Court. These notice procedures satisfy constitutional due process requirements. *LU Ranching Co. v. U.S.*, 138 Idaho 606 (2003).

## IV. ORDER

NOW THEREFORE this Court ORDERS, ADJUDGES AND DECREES as follows:

1.     This Final Unified Decree is conclusive as to the nature and extent of all water rights within the Snake River Basin within the State of Idaho with a priority date prior to November 19, 1987, except the following described water rights shall not be lost by failure to file a notice of claim, as provided in Idaho Code § 42-1420 (2003):

      a.     Any domestic and stock water right, as defined in Idaho Code § 42-111 (1990), Idaho Code § 42-1401A(5) (1990), and Idaho Code § 42-1401A(12) (1990), the adjudication of which was deferred in accordance with this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*;

      b.     A water right application for permit filed under chapters 2 or 15, title 42, Idaho Code;

      c.     A water right permit issued under chapters 2 or 15, title 42, Idaho Code, unless the Director required the permit holder to file a notice of claim in accordance with subsection (7) of section 42-1409, Idaho Code;

      d.     A water right license issued under chapters 2 or 15, title 42, Idaho Code, if proof of beneficial use was not filed with the Department of Water Resources

before November 19, 1987, unless the Director required the license holder to

file a notice of claim in accordance with subsection (7) of section 42-1409,

Idaho Code; and

e.      A claim to a water right under federal law, if the priority of the right claimed

is later than November 18, 1987.

All other water rights with a priority before November 19, 1987, not expressly set forth in

this Final Unified Decree are hereby decreed as disallowed.[3] Any water rights with a priority

date subsequent to November 18, 1987, were not required to be claimed in the SRBA, but to

the extent any such water rights were claimed in the SRBA and a partial decree issued, the

partial decree is conclusive as to the nature and extent of the right.

2.      All partial decrees issued by this Court are set forth in Attachments 2 and 4 to this

Final Unified Decree and are incorporated herein by reference.

3.      Attachment 2 consists of a name index and a copy of all partial decrees issued by this

Court.

4.      General provisions decreed by this Court are set forth in Attachment 3 to this Final

Unified Decree and are incorporated herein by reference.

5.      Attachment 4 consists of the federal and tribal reserved water rights partially decreed

and/or otherwise memorialized in a consent decree issued in conjunction with the approval of

a federal reserved water right settlement, including all consent decrees and all attachments

thereto; all partial decrees issued by this Court as part of the respective settlements; and all

Federal, State and/or Tribal legislation necessary to enact and approve the water right

settlements.  In the case of any conflict between this Final Unified Decree and the partial

---

[3] Excepting those claim numbers listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith.

consent decrees approving reserved water right settlements, the partial consent decrees approving the reserved water right settlements as set forth in Attachment 4 shall control.

6.      All claims to water rights filed in this proceeding that were decreed disallowed by this Court are set forth in Attachment 5 to this Final Unified Decree and are incorporated herein by reference.

7.      The water right numbers for those water rights of record with the Idaho Department of Water Resources that were required to be claimed but were not claimed in this proceeding and therefore were decreed disallowed by this Court are set forth in Attachment 6 and are incorporated herein by reference.   The portion of any disallowed water right that was deferrable pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* is not affected by this paragraph.

8.      This Final Unified Decree is binding against all persons including any persons that deferred filing of domestic and/or stock water claims pursuant to this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*, which is set forth in Attachment 7 to this Final Unified Decree and is incorporated herein by reference.

9.      The adjudication of deferred domestic and stock water claims and the administration of such rights prior to their adjudication shall be governed by this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* and applicable state law.

10.     All water rights based on beneficial uses, licenses, permits, posted notices, and statutory claims required to be claimed in this proceeding are superseded by this Final

FINAL UNIFIED DECREE                                                                 Page 11

Unified Decree. Provided, however, this Final Unified Decree does not supercede the third-party beneficiary contractual rights conferred on certain classes of water rights pursuant to the "Contract to Implement Chapter 259, Sess. Law 1983" as authorized by 1983 Idaho Sess. Laws 689 and codified as Idaho Code § 61-540 (2002). The scope of third-party beneficiaries and contract rights are defined in this Court's *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011) included as Attachment 9.

11.     All prior water right decrees and general provisions within the Snake River Basin water system are superseded by this Final Unified Decree except as expressly provided otherwise by partial decree or general provisions of this Court.

12.     This Final Unified Decree shall not be construed to define, limit or otherwise affect the apportionment of benefits to lands within an irrigation district pursuant to chapter 7, title 43, Idaho Code.

13.     This Final Unified Decree shall not be construed to supersede or affect otherwise the following: 1) any administrative changes to the elements of a water right completed after the entry of a partial decree but prior to the entry of this Final Unified Decree; or 2) elements of a water right defined by a license where, in accordance with Idaho Code § 42-1421(3) (2003), a partial decree was issued based on a permit prior to the issuance of the license.

14.     The time period for determining forfeiture of a partial decree based upon state law shall be measured from the date of issuance of the partial decree by this Court and not from the date of this Final Unified Decree. State law regarding forfeiture does not apply to partial decrees based upon federal law.

15.     The decreed water rights shall be administered in the Snake River Basin water system in accordance with this Final Unified Decree and applicable federal, state and tribal law, including the administrative provisions set forth in the federal reserved water right settlement agreements in Attachment 4.

16.     Nothing in this Final Unified Decree shall be interpreted or construed as exempting the holder of a decreed water right based on state law from exercising or changing such right in compliance with applicable Idaho law.

17.     This Court retains jurisdiction of this proceeding to:  a) resolve any issues related to the Final Unified Decree that are not reviewable under the Idaho Administrative Procedures Act and/or the rules of the Idaho Department of Water Resources; b) adjudicate any domestic or stock water rights deferred under this Court's June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims*; and c) enter partial decrees, orders of disallowance, or other final determination for the pending subcases listed in the *Order Regarding Subcases Pending Upon Entry of Final Unified Decree* entered contemporaneously herewith.  Any order amending or modifying this Final Unified Decree, including the attachments hereto, will be entered on the register of action for Civil Case No. 39576 in the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls, and will be filed with the Idaho Department of Water Resources in lieu of issuing an Amended Final Unified Decree.   Attachment 8 contains instructions on how to access any orders amending this Final Unified Decree.

18.     The incorporation by reference of partial decrees and orders of this Court contained in the Attachments to this Final Unified Decree does not constitute a reissuance of such partial decrees and orders.

FINAL UNIFIED DECREE                                                              Page 13

19.     This Final Unified Decree, including the entirety of Attachments 1 through 10 listed below, shall be entered in the records of the clerk of the District Court for the Fifth Judicial District of the State of Idaho, in and for the County of Twin Falls.

| | |
|---|---|
| Attachment 1 | Snake River Basin Water System Map. |
| Attachment 2 | Partially Decreed Water Rights, including a name index, consisting of 770 pages. |
| Attachment 3 | General Provisions, consisting of 113 pages. |
| Attachment 4 | Federal and Tribal Reserved Water Right Settlements, including all Consent Decrees and all Attachments thereto, all Partial Decrees issued by this Court as part of the Respective Settlements, and all Federal, State and/or Tribal Legislation Necessary to Enact and Approve the Water Right Settlements consisting of 2,857 pages. |
| Attachment 5 | List of Water Right Numbers for Filed Water Right Claims Decreed as Disallowed consisting of 66 pages. |
| Attachment 6 | List of Water Right Numbers for Unclaimed Water Rights Decreed as Disallowed consisting of 24 pages. |
| Attachment 7 | June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages. |
| Attachment 8 | Instructions on Searching the Final Unified Decree consisting of 5 pages. |
| Attachment 9 | *Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011). |
| Attachment 10 | *Register of Actions*, Twin Falls County Case No. 39576 (i.e., SRBA Main Case). |

20.     A certified paper and electronic copy of the entire Final Unified Decree shall be provided to the Director.  The Director shall record the Final Unified Decree excluding all

Attachments other than Attachments 7 and 8 in the office of the county recorder of each county in which the place of use or point of diversion of any individual decreed water right in the Final Unified Decree is located. The Director shall maintain a copy of the Final Unified Decree for public inspection.

DATED this 25th day of August, 2014.

ERIC J. WILDMAN
Presiding Judge
Snake River Basin Adjudication

# ATTACHMENT 1

SNAKE   RIVER   BASIN   WATER
SYSTEM MAP consisting of 1 page.

# ATTACHMENT 2

## PARTIALLY DECREED WATER RIGHTS, INCLUDING A NAME INDEX AND A WATER RIGHT NUMBER INDEX
(water right number index in electronic copy only).

TABLE OF CONTENTS

1.   NAME INDEX                          Pages 1 to 770

2.   WATER RIGHT NO. INDEX (electronic copy only)

3.   PARTIAL DECREES                     Beginning Page 771

# ATTACHMENT 3

## GENERAL PROVISIONS
consisting of 113 pages.

# ATTACHMENT 4

FEDERAL AND TRIBAL
RESERVED WATER RIGHT
SETTLEMENTS, INCLUDING
ALL CONSENT DECREES AND
ALL ATTACHMENTS THERETO,
ALL PARTIAL DECREES
ISSUED BY THIS COURT AS
PART OF THE RESPECTIVE
SETTLEMENTS, AND ALL
FEDERAL, STATE AND/OR
TRIBAL LEGISLATION
NECESSARY TO ENACT AND
APPROVE THE WATER RIGHT
SETTLEMENTS CONSISTING OF
2,857 PAGES.

## TABLE OF CONTENTS FOR ATTACHMENT 4

Page

*Revised Partial Final Consent Decree Determining the Rights of the
Shoshone-Bannock Tribes to the Use of Water in the Upper Snake
River Basin*, dated August 13, 2014.                                          1

*The 1990 Fort Hall Indian Water Rights Agreement by and between
the Shoshone Bannock Tribes of the Fort Hall Indian Reservation,
the State of Idaho, the United States, and Certain Idaho Water Users,*
dated July 5, 1990.                                                         211

*Public Law 101-602, 104 Stat. 3059* (November 16, 1990).                   288

*Chapter 228, 1991 Idaho Sess. L. 547.*                                     293

*H.C.R. No. 16, 1985 Idaho Sess. L. 745.*                                   294

*Resolutions of the Business Council of the Shoshone-Bannock
Tribes,* dated June 15, 1990; July 5, 1990; and June 14, 1991.              295

*Revised Consent Decree Approving Entry of Partial Decrees
Determining the Rights of the United States as Trustee for the
Benefit of the Shoshone-Paiute Tribes to the Use of Water in the
Snake River Basin within Idaho*, dated December 12, 2006.                   300

*Consent Decree Approving Entry of Partial Final Decrees
Determining the Rights of the United States as Trustee for the
Benefit of the Nez Perce Tribe and the Nez Perce Tribe to the Use
of Water in the Snake River Basin within Idaho and Partial Final
Decrees Determining Minimum Stream Flow Water Rights
Held by the Idaho Water Resources Board*, dated January 30, 2007.           669

*Snake River Water Rights Act of 2004, Pub. L. 108-447, Division J,
Title X* (December 8, 2004).                                               2523

*Chapter 148, 2005 Idaho Sess. L. 461.*                                    2534

*Chapter 149, 2005 Idaho Sess. L. 462-465.*                                2535

*Chapter 150, 2005 Idaho Sess. L. 465-466.*                                2539

*Nez Perce Tribal Resolution No. 05-210* (March 29, 2005).                 2541

*Water Rights Agreement Between the State of Idaho and the*
*United States for the Craters of the Moon National Monument*
(May 13, 1992); *Orders of Partial Decree* entered Dec. 1, 1998
(Subcase Nos. 34-12383, 34-12384, 34-12385, 34-12386,
34-12387, 34-12388, and 34-12389).                                                  2545

*Water Rights Agreement Between the State of Idaho and the United*
*States for the United States Department of Energy* (July 20, 1990);
*Order of Partial Decree* entered *nunc pro tunc* June 20, 2003
(Subcase No. 34-10901).                                                             2600

*Order Approving Stipulation and Entry of Basin 79 Partial Decrees*
(Subcase No. 79-13597, Hells Canyon National Recreation Area
Act Claims, Nov. 16, 2004).                                                         2643

*Order Approving Entry of Basin 78 Partial Decrees,* dated May 2,
2005 (Consolidated Subcase No. 79-13597 Hells Canyon National
Recreation Area Act Claims (Encompassing Subcases 79-14054
through 79-14079 and Subcases 78-12200 through 78-12205).                           2753

*Amended Order Approving Stipulation and Entry of Partial Decrees*
(Consolidated Subcase No. 75-13316 (Wild & Scenic Rivers Act
Claims, Nov. 17, 2004).                                                            2781

*Order of Partial Decree on Uncontested Federal Water Right Claims,*
dated February 28, 2012 (Water Rights Agreement Between the State
of Idaho and the United States for Yellowstone National Park).                     2822

# ATTACHMENT 5

## LIST OF WATER RIGHT NUMBERS FOR FILED WATER RIGHT CLAIMS DECREED AS DISALLOWED consisting of 66 pages.

The disallowed water right numbers listed in Attachment 5 fall into two categories: (1) water right numbers where the actual claimed use of water was adjudicated to be disallowed; and (2) water right numbers where the water right was split subsequent to the filing of the director's report, with the claimed use of water being decreed under the water right numbers for the "children" rights, and the number for the "parent" right having been decreed disallowed for purposes of closing the subcase number in the court's register of action. Please consult the Idaho Department of Water Resources for further inquiry regarding any of the disallowed water right numbers listed in Attachment 5.

# ATTACHMENT 6

LIST OF WATER RIGHT NUMBERS FOR UNCLAIMED WATER RIGHTS DECREED AS DISALLOWED consisting of

24 pages.

# ATTACHMENT 7

June 28, 2012, *Order Governing Procedures in the SRBA for Adjudication of Deferred De Minimis Domestic and Stock Water Claims* consisting of 6 pages.

# ATTACHMENT 8

INSTRUCTIONS ON
SEARCHING THE FINAL
UNIFIED DECREE consisting of

5 pages.

# ATTACHMENT 9

*Order on State of Idaho's Motion for Partial Summary Judgment on Issue No. 2.* Subcase No. 00-91013 (Basin-Wide Issue 13) (July 12, 2011)

# ATTACHMENT 10

*Register of Actions*, Twin Falls Case
No. 39576 (i.e., SRBA Main Case)

# EXHIBIT C

**to**

***First Amended Complaint for
Declaratory and Injunctive Relief
(Case No. 1:22-cv-00236-DKG)***

**Copy of 2017 Idaho Senate Bill No. 1111**

LEGISLATURE OF THE STATE OF IDAHO

Sixty-fourth Legislature                          First Regular Session - 2017

IN THE SENATE

SENATE BILL NO. 1111

BY STATE AFFAIRS COMMITTEE

1    AN ACT
2    RELATING TO STOCKWATER RIGHTS; REPEALING CHAPTER 5, TITLE 42, IDAHO CODE,
3        RELATING TO STOCKWATER RIGHTS; AMENDING TITLE 42, IDAHO CODE, BY THE AD-
4        DITION OF A NEW CHAPTER 5, TITLE 42, IDAHO CODE, TO PROVIDE LEGISLATIVE
5        INTENT, TO PROHIBIT THE ACQUISITION OF CERTAIN STOCKWATER RIGHTS, TO
6        PROVIDE THAT CERTAIN PERMITTEES SHALL NOT BE CONSIDERED AGENTS OF THE
7        FEDERAL GOVERNMENT, TO LIMIT THE USE OF CERTAIN STOCKWATER RIGHTS, TO
8        PROVIDE FOR THE EFFECT OF AN ILLEGAL CHANGE OF OWNERSHIP OR TRANSFER, TO
9        PROVIDE FOR SEVERABILITY, TO PROVIDE THAT SPECIFIED LAW SHALL BE CON-
10       TROLLING; AND DECLARING AN EMERGENCY.

11   Be It Enacted by the Legislature of the State of Idaho:

12       SECTION 1.  That Chapter 5, Title 42, Idaho Code, be, and the same is
13   hereby repealed.

14       SECTION 2.  That Title 42, Idaho Code, be, and the same is hereby amended
15   by the addition thereto of a NEW CHAPTER, to be known and designated as Chap-
16   ter 5, Title 42, Idaho Code, and to read as follows:

17                                     CHAPTER 5
18                                  STOCKWATER RIGHTS

19       42-501.  LEGISLATIVE INTENT. In the landmark case of *Joyce Livestock*
20   *Company v. United States of America*, 144 Idaho 1, 156 P.3d 502 (2007), the
21   Idaho Supreme Court held that an agency of the federal government cannot ob-
22   tain a stockwater right under Idaho law, unless it actually owns livestock
23   and puts the water to beneficial use.
24   In *Joyce*, the court held that the United States:
25       "bases its claim upon the constitutional method of appropriation.  That
26       method requires that the appropriator actually apply the water to a ben-
27       eficial use.  Since the United States has not done so, the district court
28       did not err in denying its claimed water rights."
29   The court also held that federal ownership or management of the land alone
30   does not qualify it for stockwater rights.  It opined:
31       "The United States claimed instream water rights for stock watering
32       based upon its ownership and control of the public lands coupled with
33       the Bureau of Land Management's comprehensive management of public
34       lands under the Taylor Grazing Act...The argument of the United States
35       reflects a misunderstanding of water law...As the United States has
36       held, Congress has severed the ownership of federal lands from the own-
37       ership of water rights in nonnavigable waters located on such lands."

2

The court went on to state:

"Under Idaho Law, a landowner does not own a water right obtained by an appropriator using the land with the landowner's permission unless the appropriator was acting as agent of the owner in obtaining that water right...If the water right was initiated by the lessee, the right is the lessee's property, unless the lessee was acting as the agent of the owner...The Taylor Grazing Act expressly recognizes that ranchers could obtain their own water rights on federal land."

A rancher is not unwittingly acting as an agent of a federal agency simply by grazing livestock on federally managed lands when he files for and receives a stockwater right.

It is the intent of the Legislature to codify and enhance these important points of law from the *Joyce* case to protect Idaho stockwater right holders from encroachment by the federal government in navigable and nonnavigable waters.

42-502.   FEDERAL AGENCIES -- STOCKWATER RIGHTS. (1) No agency of the federal government, nor any agent acting on its behalf, shall acquire a stockwater right unless the agency owns livestock and puts the water to beneficial use. For purposes of this chapter, "stockwater rights" means water rights for the beneficial use for livestock.

(2)  For the purposes of this chapter, a permittee on a federally administered grazing allotment shall not be considered an agent of the federal government.

42-503.   LIMITS OF USE. If an agency of the federal government acquires a stockwater right, that stockwater right shall never be utilized for any purpose other than the watering of livestock.

42-504.   EFFECT OF ILLEGAL CHANGE OF OWNERSHIP OR TRANSFER. Any application for a change in ownership or any application proposing to change the nature of use of a stockwater right that is in violation of the provisions of this chapter shall be denied.

42-505.   SEVERABILITY. The provisions of this act are hereby declared to be severable and if any provision of this act or the application of such provision to any person or circumstance is declared invalid for any reason, such declaration shall not affect the validity of the remaining portions of this act.

42-506.   PROVISIONS CONTROLLING OVER OTHER ACTS. Insofar as the provisions of this act are inconsistent with the provisions of any other law, the provisions of this act shall be controlling.

SECTION 3.  An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval.

# EXHIBIT D

**to**

***First Amended Complaint for
Declaratory and Injunctive Relief
(Case No. 1:22-cv-00236-DKG)***

**Copy of 2022 Idaho House Bill No. 608**

LEGISLATURE OF THE STATE OF IDAHO

Sixty-sixth Legislature                    Second Regular Session - 2022

IN THE HOUSE OF REPRESENTATIVES

HOUSE BILL NO. 608

BY RESOURCES AND CONSERVATION COMMITTEE

1                                  AN ACT
2   RELATING TO STOCKWATER; AMENDING SECTION 42-224, IDAHO CODE, TO REVISE PRO-
3       VISIONS REGARDING THE FORFEITURE OF STOCKWATER RIGHTS; AND DECLARING AN
4       EMERGENCY.

5   Be It Enacted by the Legislature of the State of Idaho:

6       SECTION 1.  That Section 42-224, Idaho Code, be, and the same is hereby
7   amended to read as follows:

8       42-224.  FORFEITURE OF STOCKWATER RIGHTS. (1) ~~Whenever~~ Within thirty
9   (30) days of receipt by the director of the department of water resources
10  ~~receives~~ of a petition ~~making a prima facie showing, or finds, on his own ini-~~
11  ~~tiative based on available information,~~ or other information that a stock-
12  water right has not been put to beneficial use for a term of five (5) years,
13  the director must determine whether the petition or other information, or
14  both, presents prima facie evidence that the stockwater right has been lost
15  through forfeiture pursuant to section 42-222(2), Idaho Code. If the direc-
16  tor determines the petition or other information, or both, is insufficient,
17  he shall ~~expeditiously issue an order to the stockwater right owner to show~~
18  ~~cause before the director why the stockwater right has not been lost through~~
19  ~~forfeiture pursuant to section 42-222(2), Idaho Code~~ notify the petitioner
20  of his determination, which shall include a reasoned statement in support of
21  the determination, and otherwise disregard for the purposes of this subsec-
22  tion the other, insufficient, information.
23      (2)  If the director determines the petition or other information, or
24  both, contains prima facie evidence of forfeiture due to nonuse, the direc-
25  tor must within thirty (30) days issue an order to the stockwater right owner
26  to show cause before the director why the stockwater right has not been lost
27  through forfeiture pursuant to section 42-222(2), Idaho Code. Any order to
28  show cause ~~shall~~ must contain the director's findings of fact and a reasoned
29  statement in support of the determination.
30      (3)  The director ~~shall~~ must serve a copy of any order to show cause on
31  the stockwater right owner by personal service or by certified mail with re-
32  turn receipt. Personal service may be completed by department personnel or
33  a person authorized to serve process under the Idaho rules of civil proce-
34  dure. Service by certified mail shall be complete upon receipt of the certi-
35  fied mail. If reasonable efforts to personally serve the order fail, or if
36  the certified mail is returned unclaimed, the director may serve the order by
37  publication by publishing a summary of the order once a week for two (2) con-
38  secutive weeks in a newspaper of general circulation in the county in which
39  the point of diversion is located. Service by publication shall be complete
40  upon the date of the last publication.
41      (4)  If the order affects a stockwater right where all or a part of the
42  place of use is ~~a~~ on federal or state grazing ~~allotment~~ lands, the director

2

1    ~~shall provide~~ must mail by certified mail with return receipt a copy of the
2    order to show cause to the holder or holders of any livestock grazing per-
3    mit or lease for said ~~allotment~~ lands. However, the director shall not is-
4    sue an order to show cause where the director has or receives written evi-
5    dence signed by the principal and the agent, prior to issuance of said order,
6    that a principal/agent relationship existed during the five (5) year term
7    mentioned in subsection (1) of this section or currently exists between the
8    owner of the water right as principal and a permittee or lessee as agent for
9    the purpose of obtaining or maintaining the water right.
10       (5)  ~~The stockwater right owner shall have twenty-one (21) days from~~
11   ~~completion of service to request in writing a hearing pursuant to section~~
12   ~~42-1701A, Idaho Code. If the stockwater right owner fails to timely respond~~
13   ~~to the order to show cause, the stockwater right shall be considered for-~~
14   ~~feited, and the director shall issue an order declaring the stockwater right~~
15   ~~to be forfeited pursuant to section 42-222(2), Idaho Code.~~
16       ~~(6)~~ The director may consider multiple stockwater rights held by a sin-
17   gle owner in a single order to show cause.
18       (6)  The stockwater right owner has twenty-one (21) days from completion
19   of service of the order to show cause to request in writing a hearing pursuant
20   to section 42-1701A(1) and (2), Idaho Code.
21       (7)  If the stockwater right owner fails to timely ~~requests a hearing,~~
22   ~~the hearing shall be in accordance with section 42-1701A, Idaho Code, and the~~
23   ~~rules of procedure promulgated by the director. If, after the hearing, the~~
24   ~~director confirms that the water right has been lost and forfeited pursuant~~
25   ~~to section 42-222(2), Idaho Code, the director shall issue an order declar-~~
26   ~~ing the water right forfeited. Judicial review of any decision of the direc-~~
27   ~~tor shall be in accordance with section 42-1701A, Idaho Code.~~ respond to the
28   order to show cause, the director must issue an order within fourteen (14)
29   days regarding forfeiture stating the stockwater right has been forfeited
30   pursuant to section 42-222(2), Idaho Code.
31       (8)  If the stockwater right owner timely requests a hearing, the hear-
32   ing shall be in accordance with section 42-1701A(1) and (2), Idaho Code, and
33   the rules of procedure promulgated by the director. Following the hearing,
34   the director must issue an order regarding forfeiture that sets forth find-
35   ings of fact, conclusions of law, and a determination of whether the stockwa-
36   ter right has been forfeited pursuant to section 42-222(2), Idaho Code. The
37   director must issue the order regarding forfeiture no later than forty-five
38   (45) days after completion of the administrative proceeding.
39       (9)  Any order determining that a stockwater right has been forfeited
40   pursuant to subsection (7) or (8) of this section shall have no legal effect
41   except as provided for in subsection (11) of this section. No judicial chal-
42   lenge to an order determining that a stockwater right has been forfeited pur-
43   suant subsection (7) or (8) of this section shall be allowed except within
44   the civil action authorized in subsections (10) and (11) of this section.
45       (10)  Within sixty (60) days after issuance of an order by the director
46   determining that a stockwater right has been forfeited, the state of Idaho,
47   by and through the office of the attorney general, must initiate a civil ac-
48   tion by electronically filing in the district court for the fifth judicial
49   district, Twin Falls county, the following:  a complaint requesting a dec-
50   laration that the stockwater right is forfeited; certified copies of the or-

3

der regarding forfeiture; and the record of the administrative proceeding. A copy of the complaint and accompanying documents shall be served on the stockwater right holder who shall be named as the defendant in the action, all parties to the administrative proceeding, and any holder or holders of livestock grazing permits or leases for the place of use of the stockwater right for which the director possesses an address. Any person may move to intervene in the action pursuant to the Idaho rules of civil procedure, but only if such a motion is filed at least twenty-one (21) days before the date set for the hearing under the scheduling order.

(11)  After the initiation of the civil action required by this section, the proceedings in the district court shall be like those in a civil action triable without right to a jury, provided that the department of water resources shall not be a party to the civil action but may appear as a witness to explain the basis for the director's forfeiture determination. In any such proceeding, the director's order determining forfeiture shall constitute prima facie evidence that the right has been forfeited but shall not change the standard of proof for forfeiture of the water right established by section 42-222(2), Idaho Code.

(12)  At the conclusion of the action, the district court shall issue an order determining whether the stockwater right has been forfeited pursuant to section 42-222, Idaho Code. If the district court determines that the stockwater right has been forfeited, the court shall also enter a judgment that the stockwater right has been forfeited.

(8̶13)  For purposes of this section, the following terms have the following meanings:

(a)  "Stockwater right" means water rights for the watering of livestock meeting the requirements of section 42-1401A(11), Idaho Code.

(b)  "Stockwater right owner" as used in this section means the owner of the stockwater right shown in the records of the department of water resources at the time of service of the order to show cause.

(9̶14)  This section applies to all stockwater rights except those stockwater rights decreed to the United States based on federal law.

~~(10) The director shall not issue an order to show cause, and shall not proceed under the provisions of this section, where the holder or holders of any livestock grazing permit or lease on a federal grazing allotment asserts a principal/agent relationship with the federal agency managing the grazing allotment.~~

SECTION 2.  An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval.

# EXHIBIT E

**to**

***First Amended Complaint for
Declaratory and Injunctive Relief
(Case No. 1:22-cv-00236-DKG)***

**Copy of 2018 Idaho House Bill No. 718**

LEGISLATURE OF THE STATE OF IDAHO

Sixty-fourth Legislature                    Second Regular Session - 2018

IN THE HOUSE OF REPRESENTATIVES

HOUSE BILL NO. 718

BY WAYS AND MEANS COMMITTEE

1          AN ACT
2  RELATING TO STOCKWATER RIGHTS; AMENDING SECTION 42-501, IDAHO CODE, TO
3      PROVIDE ADDITIONAL LEGISLATIVE INTENT REGARDING CERTAIN STOCKWATER
4      RIGHTS; AMENDING CHAPTER 5, TITLE 42, IDAHO CODE, BY THE ADDITION OF A
5      NEW SECTION 42-503, IDAHO CODE, TO PROVIDE FOR THE FORFEITURE OF CERTAIN
6      STOCKWATER RIGHTS AND TO PROVIDE A PROCEDURE; AMENDING SECTION 42-503,
7      IDAHO CODE, TO CLARIFY THAT IF AN AGENCY OF THE FEDERAL GOVERNMENT AC-
8      QUIRES A STOCKWATER RIGHT, THAT RIGHT SHALL NEVER BE UTILIZED FOR ANY
9      PURPOSE OTHER THAN WATERING OF LIVESTOCK UNLESS OTHERWISE APPROVED
10     BY THE STATE AND TO REDESIGNATE THE SECTION; AMENDING SECTION 42-504,
11     IDAHO CODE, TO REDESIGNATE THE SECTION; AMENDING SECTION 42-505, IDAHO
12     CODE, TO REDESIGNATE THE SECTION; AND AMENDING SECTION 42-506, IDAHO
13     CODE, TO REDESIGNATE THE SECTION.

14  Be It Enacted by the Legislature of the State of Idaho:

15     SECTION 1.  That Section 42-501, Idaho Code, be, and the same is hereby
16  amended to read as follows:

17     42-501.  LEGISLATIVE INTENT. In the landmark case of *Joyce Livestock*
18  *Company v. United States of America*, 144 Idaho 1, 156 P.3d 502 (2007), the
19  Idaho Supreme Court held that an agency of the federal government cannot ob-
20  tain a stockwater right under Idaho law, unless it actually owns livestock
21  and puts the water to beneficial use.
22  In *Joyce*, the court held that the United States:
23     "bases its claim upon the constitutional method of appropriation.  That
24     method requires that the appropriator actually apply the water to a ben-
25     eficial use.  Since the United States has not done so, the district court
26     did not err in denying its claimed water rights."
27  The court also held that federal ownership or management of the land alone
28  does not qualify it for stockwater rights.  It opined:
29     "The United States claimed instream water rights for stock watering
30     based upon its ownership and control of the public lands coupled with
31     the Bureau of Land Management's comprehensive management of public
32     lands under the Taylor Grazing Act...The argument of the United States
33     reflects a misunderstanding of water law...As the United States has
34     held, Congress has severed the ownership of federal lands from the own-
35     ership of water rights in nonnavigable waters located on such lands."
36  The court went on to state:
37     "Under Idaho Law, a landowner does not own a water right obtained by
38     an appropriator using the land with the landowner's permission unless
39     the appropriator was acting as agent of the owner in obtaining that wa-
40     ter right...If the water right was initiated by the lessee, the right
41     is the lessee's property, unless the lessee was acting as the agent of

2

the owner...The Taylor Grazing Act expressly recognizes that ranchers
could obtain their own water rights on federal land."

A rancher is not unwittingly acting as an agent of a federal agency sim-
ply by grazing livestock on federally managed lands when he files for and re-
ceives a stockwater right.

It is the intent of the Legislature to codify and enhance these impor-
tant points of law from the *Joyce* case to protect Idaho stockwater right
holders from encroachment by the federal government in navigable and nonnav-
igable waters.

Further, in order to comply with the *Joyce* decision, it is the intent of
the Legislature that stockwater rights acquired in a manner contrary to the
*Joyce* decision are subject to forfeiture.

SECTION 2.  That Chapter 5, Title 42, Idaho Code, be, and the same is
hereby amended by the addition thereto of a NEW SECTION, to be known and des-
ignated as Section 42-503, Idaho Code, and to read as follows:

42-503.  FORFEITURE OF CERTAIN STOCKWATER RIGHTS. (1) Within ninety
(90) days following the enactment of this section, the director of the de-
partment of water resources shall:

(a)  Compile a list of all stockwater rights held by any federal agency;
and

(b)  Submit the list of stockwater rights to the appropriate federal
agency.

(2)  Following the ninety (90) day period as provided in subsection (1)
of this section, the director shall, upon approval by the governor, submit an
order to the federal agency identifying the stockwater right or rights held
by that federal agency and requiring the federal agency to show cause before
the director why the stockwater right or rights should not be lost or for-
feited pursuant to section 42-222(2), Idaho Code.

(3)  Any order to show cause shall contain the factual and legal basis
for the order.

(4)  The director shall serve a copy of any order to show cause on the
stockwater right owner by personal service or by certified mail.  Personal
service may be completed by department personnel or a person authorized to
serve process under the Idaho rules of civil procedure.  Service by certi-
fied mail shall be complete upon receipt of the certified mail.  If reason-
able efforts to personally serve the order fail, or if the certified mail is
returned unclaimed, the director may serve the order by publication by pub-
lishing a summary of the order once a week for two (2) consecutive weeks in a
newspaper of general circulation in the county in which the point of diver-
sion is located.  Service by publication shall be complete upon the date of
the last publication.

(5)  The stockwater right owner shall have a right to an administrative
hearing before the director if requested in writing within twenty-one (21)
days from completion of service of the order to show cause.  The water right
is forfeited if the water right owner fails to timely request a hearing.

(6)  If the stockwater right owner timely requests a hearing, the hear-
ing shall be in accordance with section 42-1701A, Idaho Code, and the rules
of procedure promulgated by the director.  If, after the hearing, the di-
rector determines that the stockwater right has been lost and forfeited pur-

1  suant to section 42-222(2), Idaho Code, the director shall issue an order
2  declaring the stockwater right forfeited.  Judicial review of any decision
3  of the director shall be in accordance with section 42-1701A, Idaho Code.
4      (7)  The term "stockwater right owner" as used in this section means the
5  owner of the stockwater right shown in the records of the department of water
6  resources at the time of service of the order to show cause.
7      (8)  This section applies only to stockwater rights decreed to the
8  United States that were based on a claim of beneficial use.  It does not apply
9  to stockwater rights decreed to the United States based on federal law
10  or acquired pursuant to chapter 2, title 42, Idaho Code.
11      (9)  Any forfeiture under this provision shall not prejudice the ability
12  of the current holder of a federal grazing permit or lease to graze livestock
13  on the place of use designated in the forfeited stockwater right from filing
14  a claim pursuant to Idaho law.

15      SECTION 3.  That Section 42-503, Idaho Code, be, and the same is hereby
16  amended to read as follows:

17      42-50~~3~~4.  LIMITS OF USE. If an agency of the federal government ac-
18  quires a stockwater right, that stockwater right shall never be utilized for
19  any purpose other than the watering of livestock unless otherwise approved
20  by the state of Idaho pursuant to section 42-222, Idaho Code.

21      SECTION 4.  That Section 42-504, Idaho Code, be, and the same is hereby
22  amended to read as follows:

23      42-50~~4~~5.  EFFECT OF ILLEGAL CHANGE OF OWNERSHIP OR TRANSFER. Any appli-
24  cation for a change in ownership or any application proposing to change the
25  nature of use of a stockwater right that is in violation of the provisions of
26  this chapter shall be denied.

27      SECTION 5.  That Section 42-505, Idaho Code, be, and the same is hereby
28  amended to read as follows:

29      42-50~~5~~6.  SEVERABILITY. The provisions of this act are hereby declared
30  to be severable and if any provision of this act or the application of such
31  provision to any person or circumstance is declared invalid for any reason,
32  such declaration shall not affect the validity of the remaining portions of
33  this act.

34      SECTION 6.  That Section 42-506, Idaho Code, be, and the same is hereby
35  amended to read as follows:

36      42-50~~6~~7.  PROVISIONS CONTROLLING OVER OTHER ACTS. Insofar as the pro-
37  visions of this act are inconsistent with the provisions of any other law,
38  the provisions of this act shall be controlling.

# EXHIBIT F

## to

### *First Amended Complaint for Declaratory and Injunctive Relief (Case No. 1:22-cv-00236-DKG)*

## Copy of 2018 Idaho Senate Bill No. 1305

LEGISLATURE OF THE STATE OF IDAHO

Sixty-fourth Legislature                          Second Regular Session - 2018

IN THE SENATE

SENATE BILL NO. 1305

BY RESOURCES AND ENVIRONMENT COMMITTEE

1      AN ACT
2    RELATING TO STOCKWATER; AMENDING SECTION 42-113, IDAHO CODE, TO PROVIDE THAT
3        FOR RIGHTS TO THE USE OF WATER FOR IN-STREAM OR OUT-OF-STREAM LIVESTOCK
4        PURPOSES ASSOCIATED WITH GRAZING ON FEDERALLY OWNED OR MANAGED LAND ES-
5        TABLISHED UNDER THE DIVERSION AND APPLICATION TO BENEFICIAL USE METHOD
6        OF APPROPRIATION, THE WATER RIGHT SHALL BE AN APPURTENANCE TO THE BASE
7        PROPERTY, TO PROVIDE THAT WHEN A FEDERAL GRAZING PERMIT IS TRANSFERRED
8        OR CONVEYED TO A NEW OWNER THE ASSOCIATED STOCKWATER RIGHTS MAY ALSO
9        BE CONVEYED UNDER CERTAIN CONDITIONS AND BECOME APPURTENANT TO THE NEW
10       OWNER'S BASE PROPERTY AND TO MAKE A TECHNICAL CORRECTION.

11   Be It Enacted by the Legislature of the State of Idaho:

12       SECTION 1.  That Section 42-113, Idaho Code, be, and the same is hereby
13   amended to read as follows:

14       42-113.  IN-STREAM AND OTHER WATER USE FOR LIVESTOCK.  (1) A permit
15   may be issued, but shall not be required for appropriation of water for the
16   in-stream watering of livestock.  In the consideration of applications for
17   permits to appropriate water for other purposes, the director of the de-
18   partment of water resources shall impose such reasonable conditions as are
19   necessary to protect prior downstream water rights for in-stream livestock
20   use, and in the administration of the water rights on any stream, the direc-
21   tor, and the district court where applicable, shall recognize and protect
22   water rights for in-stream livestock use, according to priority, as they
23   do water rights for other purposes.  As used in this section, the phrase
24   "in-stream watering of livestock" means the drinking of water by livestock
25   directly from a natural stream, without the use of any constructed physical
26   diversion works.
27       (2)  For rights to the use of water for in-stream or out-of-stream live-
28   stock purposes, associated with grazing on federally owned or managed land,
29   established under the diversion and application to beneficial use method of
30   appropriation,:
31       (a)  Tthe priority date shall be the first date that water historically
32   was used for livestock watering associated with grazing on the land,
33   subject to the provisions of section 42-222(2), Idaho Code; and
34       (b)  The water right shall be an appurtenance to the base property.  When
35   a federal grazing permit is transferred or otherwise conveyed to a new
36   owner, the associated stockwater rights may also be conveyed and, upon
37   approval of an application for transfer, shall become appurtenant to
38   the new owner's base property.
39       (3)  This subsection is established to promote the watering of livestock
40   away from streams and riparian areas, but not to require fencing of livestock
41   away from streams and riparian areas.

2

(a)  Any person having an established water right or appropriating wa-
ter for in-stream watering of livestock pursuant to subsection (1) of
this section may, in addition to the in-stream use, divert the water for
livestock use away from the stream or riparian area.  The diversion may
occur only if the following conditions are met:
  (i)   The water is diverted from a surface water source to a trough
  or tank through an enclosed water delivery system;
  (ii)  The water delivery system is equipped with an automatic shut-
  off or flow control mechanism or includes a means for returning un-
  used water to the surface water source through an enclosed deliv-
  ery system, and the system is designed and constructed to allow the
  rate of diversion to be measured;
  (iii) The diversion is from a surface water source to which the
  livestock would otherwise have access and the watering tank or
  trough is located on land from which the livestock would have ac-
  cess to the surface water source from which the diversion is made;
  (iv)  The diversion of water out of the stream in this manner does
  not injure other water rights;
  (v)   The use of the water diverted is for watering livestock; and
  (vi)  The bed and banks of the source shall not be altered as that
  term is defined in section 42-3802, Idaho Code, except that an in-
  let conduit may be placed into the source in a manner that does not
  require excavation or obstruction of the stream channel, unless
  additional work is approved by the director of the department of
  water resources.
(b)  The amount of water diverted for watering of livestock in accor-
dance with this subsection shall not exceed thirteen thousand (13,000)
gallons per day per diversion.
(c)  Before construction and use of a water diversion and delivery sys-
tem as provided in this subsection, the person or other entity propos-
ing to construct and use the system shall give notice to the director of
the department of water resources.  Separate notice for each diversion
shall be provided on a form approved by the director and shall be accom-
panied by a twenty-five dollar ($25.00) fee for each notice filed.  Fil-
ing of the notice as herein provided shall serve as a substitute for fil-
ing a notice of claim to a water right pursuant to section 42-243, Idaho
Code.  The director may provide notice to holders of water rights and
others as the director deems appropriate.
(d)  Compliance with the provisions of this subsection is a substitute
for the requirements for transfer proceedings in section 42-222, Idaho
Code.  In the administration of water diverted for livestock watering
pursuant to this subsection, the director, and the district court where
applicable, shall recognize and protect water rights for out-of-stream
livestock watering use pursuant to this subsection as they would
in-stream livestock watering use.  The priority date for out-of-stream
watering of livestock pursuant to this subsection shall be the first
date that water historically was used for livestock watering and shall
not be altered due to the diversion out-of-stream.
(e)  Any water right holder who determines that diversion or use of wa-
ter under the provisions of this subsection is depriving the water right

3

1   holder of water to which the water right holder is entitled may petition
2   the director of the department of water resources to curtail the diver-
3   sion or use of water for livestock purposes.  Upon such petition, the di-
4   rector shall cause an investigation to be made and may hold hearings or
5   gather information in other ways.  If the director finds that an inter-
6   ference is occurring, the director may order curtailment of diversion
7   or use of the water or may require the water diversion and delivery sys-
8   tem to be modified to prevent injury to other water rights.  Any person
9   feeling aggrieved by an order of the director in response to a petition
10  filed as herein provided shall be entitled to review as provided in sec-
11  tion 42-1701A, Idaho Code.
12     (4)  No change in use of any water right used for watering of livestock,
13  whether proposed under this section or section 42-222, Idaho Code, shall be
14  made or allowed without the consent of the permittee in the federal grazing
15  allotment, if any, in which the water right is used for the watering of live-
16  stock.

# EXHIBIT G

**to**

*First Amended Complaint for Declaratory and Injunctive Relief (Case No. 1:22-cv-00236-DKG)*

**Copy of 2020 Idaho House Bill No. 592**

LEGISLATURE OF THE STATE OF IDAHO
Sixty-fifth Legislature                    Second Regular Session – 2020

IN THE HOUSE OF REPRESENTATIVES

HOUSE BILL NO. 592

BY WAYS AND MEANS COMMITTEE

AN ACT
RELATING TO STOCKWATER; AMENDING CHAPTER 2, TITLE 42, IDAHO CODE, BY THE
    ADDITION OF A NEW SECTION 42-224, IDAHO CODE, TO PROVIDE FOR ISSUANCE OF
    ORDERS TO SHOW CAUSE, TO PROVIDE FOR CONTENT OF ORDERS TO SHOW CAUSE, TO
    PROVIDE FOR SERVICE OF ORDERS TO SHOW CAUSE, TO PROVIDE FOR PUBLICATION,
    TO PROVIDE FOR COPIES OF THE ORDER, TO PROVIDE FOR REQUESTS FOR HEARING,
    TO PROVIDE THAT MULTIPLE STOCKWATER RIGHTS HELD BY A SINGLE OWNER MAY
    BE CONSIDERED IN A SINGLE ORDER TO SHOW CAUSE, TO PROVIDE FOR HEARINGS,
    TO PROVIDE FOR ORDERS, TO PROVIDE FOR JUDICIAL REVIEW, TO DEFINE TERMS,
    AND TO PROVIDE FOR APPLICABILITY; AMENDING SECTION 42-501, IDAHO CODE,
    TO PROVIDE THAT CERTAIN STOCKWATER RIGHTS ARE SUBJECT TO FORFEITURE
    PURSUANT TO SPECIFIED LAW AND TO MAKE A TECHNICAL CORRECTION; AMENDING
    SECTION 42-502, IDAHO CODE, TO REMOVE PROVISIONS REGARDING AGENTS OF
    THE FEDERAL GOVERNMENT AND PERMITTEES ON FEDERALLY ADMINISTERED GRAZ-
    ING ALLOTMENTS; REPEALING SECTION 42-503, IDAHO CODE, RELATING TO THE
    FORFEITURE OF CERTAIN STOCKWATER RIGHTS; AND AMENDING SECTION 42-504,
    IDAHO CODE, TO REVISE PROVISIONS REGARDING LIMITS OF USE.

Be It Enacted by the Legislature of the State of Idaho:

    SECTION 1.  That Chapter 2, Title 42, Idaho Code, be, and the same is
hereby amended by the addition thereto of a NEW SECTION, to be known and des-
ignated as Section 42-224, Idaho Code, and to read as follows:

    42-224.  FORFEITURE OF STOCKWATER RIGHTS. (1) Whenever the director of
the department of water resources receives a petition making a prima facie
showing, or finds, on his own initiative based on available information,
that a stockwater right has not been put to beneficial use for a term of five
(5) years, the director shall expeditiously issue an order to the stockwater
right owner to show cause before the director why the stockwater right has
not been lost through forfeiture pursuant to section 42-222(2), Idaho Code.
    (2) Any order to show cause shall contain the director's findings.
    (3)  The director shall serve a copy of any order to show cause on the
stockwater right owner by personal service or by certified mail.  Personal
service may be completed by department personnel or a person authorized to
serve process under the Idaho rules of civil procedure.  Service by certi-
fied mail shall be complete upon receipt of the certified mail.  If reason-
able efforts to personally serve the order fail, or if the certified mail is
returned unclaimed, the director may serve the order by publication by pub-
lishing a summary of the order once a week for two (2) consecutive weeks in a
newspaper of general circulation in the county in which the point of diver-
sion is located.  Service by publication shall be complete upon the date of
the last publication.
    (4)  If the order affects a stockwater right where the place of use is
a federal grazing allotment, the director shall provide a copy of the order

2

to the holder or holders of any livestock grazing permit or lease for said allotment.

(5)  The stockwater right owner shall have twenty-one (21) days from completion of service to request in writing a hearing pursuant to section 42-1701A, Idaho Code.  If the stockwater right owner fails to timely respond to the order to show cause, the stockwater right shall be considered forfeited, and the director shall issue an order declaring the stockwater right to be forfeited pursuant to section 42-222(2), Idaho Code.

(6)  The director may consider multiple stockwater rights held by a single owner in a single order to show cause.

(7)  If the stockwater right owner timely requests a hearing, the hearing shall be in accordance with section 42-1701A, Idaho Code, and the rules of procedure promulgated by the director.  If, after the hearing, the director confirms that the water right has been lost and forfeited pursuant to section 42-222(2), Idaho Code, the director shall issue an order declaring the water right forfeited.  Judicial review of any decision of the director shall be in accordance with section 42-1701A, Idaho Code.

(8)  For purposes of this section, the following terms have the following meanings:

(a)  "Stockwater right" means water rights for the watering of livestock meeting the requirements of section 42-1401A(11), Idaho Code.

(b)  "Stockwater right owner" as used in this section means the owner of the stockwater right shown in the records of the department of water resources at the time of service of the order to show cause.

(9)  This section applies to all stockwater rights except those stockwater rights decreed to the United States based on federal law.

(10)  The director shall not issue an order to show cause, and shall not proceed under the provisions of this section, where the holder or holders of any livestock grazing permit or lease on a federal grazing allotment asserts a principal/agent relationship with the federal agency managing the grazing allotment.

SECTION 2.  That Section 42-501, Idaho Code, be, and the same is hereby amended to read as follows:

42-501.  LEGISLATIVE INTENT. In the landmark case of *Joyce Livestock Company v. United States of America*, 144 Idaho 1, 156 P.3d 502 (2007), the Idaho Supreme Court held that an agency of the federal government cannot obtain a stockwater right under Idaho law, unless it actually owns livestock and puts the water to beneficial use.
In *Joyce*, the court held that the United States:
"bases its claim upon the constitutional method of appropriation.  That method requires that the appropriator actually apply the water to a beneficial use.  Since the United States has not done so, the district court did not err in denying its claimed water rights."
The court also held that federal ownership or management of the land alone does not qualify it for stockwater rights.  It opined:
"The United States claimed instream water rights for stock watering based upon its ownership and control of the public lands coupled with the Bureau of Land Management's comprehensive management of public lands under the Taylor Grazing Act...The argument of the United States

3

1   reflects a misunderstanding of water law...As the United States has
2   held, Congress has severed the ownership of federal lands from the own-
3   ership of water rights in nonnavigable waters located on such lands."
4   The court went on to state:
5       "Under Idaho Law, a landowner does not own a water right obtained by
6       an appropriator using the land with the landowner's permission unless
7       the appropriator was acting as agent of the owner in obtaining that wa-
8       ter right...If the water right was initiated by the lessee, the right
9       is the lessee's property, unless the lessee was acting as the agent of
10      the owner...The Taylor Grazing Act expressly recognizes that ranchers
11      could obtain their own water rights on federal land."
12      A rancher is not unwittingly acting as an agent of a federal agency sim-
13  ply by grazing livestock on federally managed lands when he files for and re-
14  ceives a stockwater right.
15      It is the intent of the Legislature to codify and enhance these impor-
16  tant points of law from the *Joyce* case to protect Idaho stockwater right
17  holders from encroachment by the federal government in navigable and nonnav-
18  igable waters.
19      Further, in order to comply with the *Joyce* decision, it is the intent of
20  the Legislature that stockwater rights acquired in a manner contrary to the
21  *Joyce* decision are subject to forfeiture pursuant to sections 42-222(2) and
22  42-224, Idaho Code.

23      SECTION 3.  That Section 42-502, Idaho Code, be, and the same is hereby
24  amended to read as follows:

25      42-502.  FEDERAL AGENCIES -- STOCKWATER RIGHTS.  (1) No agency of the
26  federal government, nor any agent acting on its behalf, shall acquire a
27  stockwater right unless the agency owns livestock and puts the water to ben-
28  eficial use. For purposes of this chapter, "stockwater rights" means water
29  rights for the beneficial use for livestock.
30      (2) For the purposes of this chapter, a permittee on a federally ad-
31  ministered grazing allotment shall not be considered an agent of the federal
32  government.

33      SECTION 4.  That Section 42-503, Idaho Code, be, and the same is hereby
34  repealed.

35      SECTION 5.  That Section 42-504, Idaho Code, be, and the same is hereby
36  amended to read as follows:

37      42-504.  LIMITS OF USE. If an agency of the federal government, or
38  the holder or holders of any livestock grazing permit or lease on a federal
39  grazing allotment, acquires a stockwater right, that stockwater right shall
40  never be utilized for any purpose other than the watering of livestock unless
41  otherwise approved by the state of Idaho pursuant to section 42-222, Idaho
42  Code on the federal grazing allotment that is the place of use for that stock-
43  water right.

# EXHIBIT H

**to**

***First Amended Complaint for Declaratory and Injunctive Relief (Case No. 1:22-cv-00236-DKG)***

**Copies of SRBA Partial Decrees for Federal Law-Based Stockwater Rights ("Federal Reserved Rights")**

DISTRICT COURT-SRBA

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

FILED _____

In Re SRBA )
                  )
Case No. 39576 )
                  )
_____ )

PARTIAL DECREE PURSUANT TO
I.R.C.P. 54(b) FOR 2003 MAR 27 AM 10 39

Water Right 65-19812

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM<br>IDAHO STATE OFFICE<br>1387 S VINNELL WAY<br>BOISE, ID 83709-1657 |
| SOURCE: | SPRING              TRIBUTARY: DRY CREEK |
| QUANTITY: | 0.02 CFS |

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:     04/17/1926

```
**************************************************************
* 4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.     *
*                                                           *
*   THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW        *
* WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN   *
* EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC  *
* WATER RESERVE 107.                                        *
**************************************************************
```

POINT OF DIVERSION:   T09N R02W S14     NENE     Within Payette County

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02 CFS |

PLACE OF USE:     Stockwater                     Within Payette County
                     T09N R02W S14     NENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE. I.C. SECTION 42-1412(6).

### RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

*Roger Burdick*

Roger Burdick
Presiding Judge of the
Snake River Basin Adjudication

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO 2003 MAR 27 AM 10 39 |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 19576 | ) | |
| | ) | Water Right 65-19814 |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID 83709-1657

SOURCE:                 SPRING                    TRIBUTARY: DRY CREEK

QUANTITY:               0.02 CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          04/17/1926

                        ***************************************************************
                        *  4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.      *
                        *                                                             *
                        *    THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW         *
                        *  WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN     *
                        *  EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC    *
                        *  WATER RESERVE 107.                                          *
                        ***************************************************************

POINT OF DIVERSION:     T09N R02W S13        SWNWNW    Within Payette County

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE           PERIOD OF USE        QUANTITY
                        Stockwater               01-01 TO 12-31       0.02 CFS

PLACE OF USE:           Stockwater                            Within Payette County
                        T09N R02W S13        NWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                               RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    Roger Burdick
                                                    _____
                                                    Roger Burdick
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

FILED

2003 MAR 27  AM 10 39

| | |
|---|---|
| In Re SRBA | ) |
| | ) |
| Case No. 39576 | ) |
| | ) |

PARTIAL DECREE PURSUANT TO
I.R.C.P. 54(b) FOR

Water Right 65-19816

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID 83709-1657

SOURCE:               SPRING               TRIBUTARY: DRY CREEK

QUANTITY:             0.02 CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        04/17/1926

                      ***********************************************************
                      * 4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.   *
                      *                                                         *
                      *   THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW      *
                      * WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN *
                      * EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC *
                      * WATER RESERVE 107.                                      *
                      ***********************************************************

POINT OF DIVERSION:   T09N R02W S23        SWNENW    Within Payette County

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE            PERIOD OF USE        QUANTITY
                      Stockwater                01-01 TO 12-31       0.02 CFS

PLACE OF USE:         Stockwater                            Within Payette County
                      T09N R02W S23        NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                             RULE 54(b) CERTIFICATE

       With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                          Roger Burdick
                                          Roger Burdick
                                          Presiding Judge of the
                                          Snake River Basin Adjudication

2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

|  |  |  |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
|  | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) |  |
|  | ) | Water Right 65-19818 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID 83709-1657

SOURCE:               SPRING   TRIBUTARY: DRY CREEK

QUANTITY:             0.02  CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        04/17/1926

                      4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
                      THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
                      APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
                      SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:   T09N R02W S22      SENESE     Within Payette County

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE                PERIOD OF USE          QUANTITY
                      Stockwater                   01-01 TO 12-31         0.02  CFS

PLACE OF USE:         Stockwater                              Within Payette County
                      T09N R02W S22       NESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-19820 |

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM<br>IDAHO STATE OFFICE<br>1387 S VINNELL WAY<br>BOISE, ID 83709-1657 |
| SOURCE: | SPRING   TRIBUTARY: DRY CREEK |
| QUANTITY: | 0.02 CFS |

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

| | |
|---|---|
| PRIORITY DATE: | 04/17/1926 |

4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

| | | | |
|---|---|---|---|
| POINT OF DIVERSION: | T09N R02W S22 | SESESE | Within Payette County |

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02 CFS |

PLACE OF USE:

| | | |
|---|---|---|
| Stockwater | | Within Payette County |
| T09N R02W S22 | SESE | |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE. I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

DISTRICT COURT-SRBA
TWIN FALLS CO. IDAHO
FILED

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

2003 MAR 27  AM 10 38

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-19822 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               SPRING              TRIBUTARY: DRY CREEK

QUANTITY:             0.02  CFS

        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
        GALLONS PER DAY.

PRIORITY DATE:        04/17/1926

        ************************************************************
        * 4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.    *
        *                                                          *
        *   THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW       *
        * WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN  *
        * EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC  *
        * WATER RESERVE 107.                                       *
        ************************************************************

POINT OF DIVERSION:   T09N R02W S27      NENENE    Within Payette County

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE          PERIOD OF USE         QUANTITY
                      Stockwater              01-01 TO 12-31        0.02  CFS

PLACE OF USE:         Stockwater                              Within Payette County
                         T09N R02W S27          NENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                          RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        Roger Burdick
                                        _____
                                        Roger Burdick
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-19824 |

2003 MAR 27  AM 10 38

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                SPRING                  TRIBUTARY: DRY CREEK

QUANTITY:              0.02  CFS

          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
          GALLONS PER DAY.

PRIORITY DATE:         04/17/1926

          *******************************************************
          * 4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT. *
          *                                                       *
          *   THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW    *
          * WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN *
          * EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC *
          * WATER RESERVE 107.                                    *
          *******************************************************

POINT OF DIVERSION:    T09N R02W S27      NESENE   Within Payette County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE      QUANTITY
                       Stockwater              01-01 TO 12-31     0.02  CFS

PLACE OF USE:          Stockwater                         Within Payette County
                       T09N R02W S27          SENE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                         RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                            Roger Burdick
                                            _____
                                            Roger Burdick
                                            Presiding Judge of the
                                            Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20055 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                SPRING   TRIBUTARY: INDIAN CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         04/17/1926

                       4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
                       THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
                       APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
                       SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:    T09N R02W S02      NESWNE      Within Payette County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE          PERIOD OF USE          QUANTITY
                       Stockwater              01-01 TO 12-31         0.02  CFS

PLACE OF USE:          Stockwater                              Within Payette County
                       T09N R02W S02      SWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                                    2004 MAY 27  PM 02:00
                                                    DISTRICT COURT - SRBA
                                                    TWIN FALLS CO., IDAHO
                                                    FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20057 |

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID 83709-1657

SOURCE:                  SPRING   TRIBUTARY: INDIAN CREEK

QUANTITY:                0.02  CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           04/17/1926

                         4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
                         THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
                         APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
                         SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:      T10N R02W S35      SESWSE      Within Washington County

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE         QUANTITY
                     Stockwater                01-01 TO 12-31        0.02  CFS

PLACE OF USE:        Stockwater                            Within Washington County
                     T10N R02W S35        SWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                              John M. Melanson
                              Presiding Judge of the
                              Snake River Basin Adjudication

```

2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| In Re SRBA | ) |
| | ) |
| Case No. 39576 | ) |
| | ) |

PARTIAL DECREE PURSUANT TO
I.R.C.P. 54(b) FOR

Water Right 65-20059

**NAME AND ADDRESS:**   USDI BLM
IDAHO STATE OFFICE
1387 S VINNELL WAY
BOISE, ID  83709-1657

**SOURCE:**   SPRING   TRIBUTARY: INDIAN CREEK

**QUANTITY:**   0.02  CFS

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

**PRIORITY DATE:**   04/17/1926

4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

**POINT OF DIVERSION:**   T10N R02W S35      NWSESE      Within Washington County

**PURPOSE AND
PERIOD OF USE:**

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

**PLACE OF USE:**   Stockwater                          Within Washington County
T10N R02W S35      SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

_____
John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 65-20061 |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 SPRING   TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          04/17/1926

                        4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
                        THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
                        APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
                        SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:     T10N R02W S22        SESESE     Within Washington County

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE           PERIOD OF USE        QUANTITY
                        Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:           Stockwater                          Within Washington County
                        T10N R02W S22        SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    _____
                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

```
2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20063 |
| _____ | ) | |

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM<br>IDAHO STATE OFFICE<br>1387 S VINNELL WAY<br>BOISE, ID  83709-1657 |
| SOURCE: | SPRING    TRIBUTARY: LITTLE WILLOW CREEK |
| QUANTITY: | 0.02  CFS |
| | THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000 GALLONS PER DAY. |
| PRIORITY DATE: | 04/17/1926 |
| | 4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.<br>THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN<br>APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER<br>SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107. |
| POINT OF DIVERSION: | T10N R02W S15      NWSWNW      Within Washington County |

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

| | |
|---|---|
| PLACE OF USE: | Stockwater                              Within Washington County<br>   T10N R02W S15          NWSW |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re SRBA                    )        PARTIAL DECREE PURSUANT TO
                              )        I.R.C.P. 54(b) FOR
Case No. 39576                )
                              )        Water Right 65-20065
_____)

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  SPRING   TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:                0.02  CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           06/28/1934

POINT OF DIVERSION:      T10N R02W S10        NWSWNW      Within Washington County

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE            PERIOD OF USE       QUANTITY
                         Stockwater                01-01 TO 12-31      0.02  CFS

PLACE OF USE:            Stockwater                            Within Washington County
                         T10N R02W S10         SWNW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                         THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                         THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                             John M. Melanson
                                             Presiding Judge of the
                                             Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20067 |
| _____ | ) | |

°°9 JUN -7 /FM 3: 13

TWIN FALLS CT-SRBA
TWIN FALLS CO., IDAHO
FILED

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID 83709-1657

SOURCE:                SPRING   TRIBUTARY: LITTLE WILLOW CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         06/28/1934

POINT OF DIVERSION:    T10N R02W S13        NESWSW      Within Washington County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE              PERIOD OF USE        QUANTITY
                       Stockwater                  01-01 TO 12-31       0.02 CFS

PLACE OF USE:          Stockwater                          Within Washington County
                       T10N R02W S13        SWSW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

```
                                        2004 MAY 27  PM 02:00
                                        DISTRICT COURT - SRBA
                                        TWIN FALLS CO., IDAHO
                                        FILED _____
```

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20069 |

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM |
| | IDAHO STATE OFFICE |
| | 1387 S VINNELL WAY |
| | BOISE, ID 83709-1657 |
| SOURCE: | SPRING   TRIBUTARY: LITTLE WILLOW CREEK |
| QUANTITY: | 0.02 CFS |

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

PRIORITY DATE:       04/17/1926

4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:   T10N R02W S13      NESWNE      Within Washington County

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:        Stockwater                         Within Washington County
                     T10N R02W S13      SWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

2004 MAY 27  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-20071 |

| | |
|---|---|
| NAME AND ADDRESS: | USDI BLM |
| | IDAHO STATE OFFICE |
| | 1387 S VINNELL WAY |
| | BOISE, ID  83709-1657 |
| SOURCE: | SPRING   TRIBUTARY: LITTLE WILLOW CREEK |
| QUANTITY: | 0.02  CFS |

THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
GALLONS PER DAY.

| | |
|---|---|
| PRIORITY DATE: | 04/17/1926 |

4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT.
THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER
SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE 107.

| | | | |
|---|---|---|---|
| POINT OF DIVERSION: | T10N R02W S13 | NWSWNE | Within Washington County |

PURPOSE AND
PERImple OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

| | | |
|---|---|---|
| PLACE OF USE: | Stockwater | Within Washington County |
| | T10N R02W S13        SWNE | |

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
DETERMINATION OF HISTORICAL BENEFICIAL USE.
THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 67-12386 |

NAME AND ADDRESS:   USDI BLM
                    IDAHO STATE OFFICE
                    1387 S VINNELL WAY
                    BOISE, ID 83709-1657

SOURCE:             SPRING   TRIBUTARY: COVE CREEK

QUANTITY:           0.02 CFS

                    THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                    GALLONS PER DAY.

PRIORITY DATE:      04/17/1926

                    THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
                    17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
                    THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION: T11N R03W S33        SWSWNE    Within Washington County

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:       Stockwater                          Within Washington County
                    T11N R03W S33        SWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                    THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                    DETERMINATION OF HISTORICAL BENEFICIAL USE.
                    THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                    NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                    ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                    DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                    ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12427 |
| _____ | ) | |

NAME AND ADDRESS:    USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID  83709-1657

SOURCE:              SPRING   TRIBUTARY: WEISER RIVER

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       04/17/1926

                     THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
                     17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
                     THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:  T11N R04W S01 LOT 4    (NENWNW)    Within Washington County

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE       QUANTITY
                     Stockwater                01-01 TO 12-31      0.02  CFS

PLACE OF USE:        Stockwater                              Within Washington County
                     T11N R04W S01 LOT 4    (NWNW)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                              _____
                                              John M. Melanson
                                              Presiding Judge of the
                                              Snake River Basin Adjudication

2004 AUG 13   PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12429 |
| _____ | ) | |

NAME AND ADDRESS:        USDI BLM
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  SANDY SPRING   TRIBUTARY: WEISER RIVER

QUANTITY:                0.02  CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           04/17/1926

                         THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
                         17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
                         THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:      T12N R04W S35        SESESE      Within Washington County

PURPOSE AND
PERIOD OF USE:

| PURPOSE OF USE | PERIOD OF USE | QUANTITY |
|---|---|---|
| Stockwater | 01-01 TO 12-31 | 0.02  CFS |

PLACE OF USE:            Stockwater                          Within Washington County
                         T12N R04W S35        SESE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                         THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                         THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

In Re SRBA                    )            PARTIAL DECREE PURSUANT TO
                              )            I.R.C.P. 54(b) FOR
Case No. 39576                )
_____        )               Water Right 67-12431

2005 JAN 14 PM 4: 39

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

NAME AND ADDRESS:        UNITED STATES OF AMERICA
                         USDI BUREAU OF LAND MANAGEMENT
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  SPRING   TRIBUTARY: WEISER RIVER

QUANTITY:                0.02  CFS

                            THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           04/17/1926

                         ****************************************************************
                         *    4/17/1926 DECREED FEDERAL RESERVED WATER RIGHT.           *
                         *                                                              *
                         *  THIS WATER RIGHT IS DECREED BASED ON FEDERAL LAW WITH       *
                         *  AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN          *
                         *  EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC    *
                         *  WATER RESERVE 107.                                          *
                         *                                                              *
                         ****************************************************************

POINT OF DIVERSION:      T12N R04W S35        SENWNE  Within Washington County

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE              PERIOD OF USE         QUANTITY
                         Stockwater                  01-01 TO 12-31        0.02  CFS

PLACE OF USE:            Stockwater                                 Within Washington County
                         T12N R04W S35        NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                            THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                            THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | | |
|---|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO | 2005 JAN 14 PM 4: 39 |
| | ) | I.R.C.P. 54(b) FOR | |
| Case No. 39576 | ) | | DISTRICT COURT-SRBA |
| | ) | Water Right 67-12433 | TWIN FALLS CO., IDAHO |
| | | | FILED |

NAME AND ADDRESS:       UNITED STATES OF AMERICA
                        USDI BUREAU OF LAND MANAGEMENT
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 SPRING   TRIBUTARY: WEISER RIVER

QUANTITY:               0.02  CFS

                        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                        GALLONS PER DAY.

PRIORITY DATE:          04/17/1926

```
****************************************************************
*    4/17/1926 DECREED FEDERAL RESERVED WATER RIGHT.          *
*                                                             *
*  THIS WATER RIGHT IS DECREED BASED ON FEDERAL LAW WITH      *
*  AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN         *
*  EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC   *
*  WATER RESERVE 107.                                         *
*                                                             *
****************************************************************
```

POINT OF DIVERSION:     T12N R04W S35       SENWNE  Within Washington County

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE            PERIOD OF USE        QUANTITY
                        Stockwater                01-01 TO 12-31      0.02  CFS


PLACE OF USE:           Stockwater                              Within Washington County
                          T12N R04W S35        NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                        DETERMINATION OF HISTORICAL BENEFICIAL USE.
                        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b)  (continued)

RULE 54(b) CERTIFICATE

   With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

```
In Re SRBA               )              PARTIAL DECREE PURSUANT TO
                         )              I.R.C.P. 54(b) FOR
Case No. 39576           )
                         )                 Water Right 67-12435
_____)
```

2005 JAN 14  PM 4: 39

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

NAME AND ADDRESS:        UNITED STATES OF AMERICA
                         USDI BUREAU OF LAND MANAGEMENT
                         IDAHO STATE OFFICE
                         1387 S VINNELL WAY
                         BOISE, ID  83709-1657

SOURCE:                  SPRING    TRIBUTARY: WEISER RIVER

QUANTITY:                0.02  CFS

                         THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                         GALLONS PER DAY.

PRIORITY DATE:           04/17/1926

```
                         *************************************************************
                         *    4/17/1926 DECREED FEDERAL RESERVED WATER RIGHT.        *
                         *                                                           *
                         *  THIS WATER RIGHT IS DECREED BASED ON FEDERAL LAW WITH    *
                         *  AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN       *
                         *  EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC *
                         *  WATER RESERVE 107.                                       *
                         *                                                           *
                         *************************************************************
```

POINT OF DIVERSION:      T12N R04W S35        NENWNE  Within Washington County

PURPOSE AND
PERIOD OF USE:           PURPOSE OF USE              PERIOD OF USE          QUANTITY
                         Stockwater                  01-01 TO 12-31         0.02  CFS

PLACE OF USE:            Stockwater                                   Within Washington County
                             T12N R04W S35        NWNE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                         THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                         DETERMINATION OF HISTORICAL BENEFICIAL USE.
                         THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                         NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                         ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                         DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                         ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

SRBA Partial Decree Pursuant to I.R.C.P. 54(b) (continued)

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the above judgment or order shall be a final judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

John M. Melanson
Presiding Judge of the
Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

2005 JAN 20   AM 10: 03

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12437 |

NAME AND ADDRESS:     USDI BLM
                      IDAHO STATE OFFICE
                      1387 S VINNELL WAY
                      BOISE, ID  83709-1657

SOURCE:               SPRING    TRIBUTARY: WEISER RIVER

QUANTITY:             0.02 CFS

                      THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                      GALLONS PER DAY.

PRIORITY DATE:        04/17/1926

                      THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN
                      APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO A EXECUTIVE ORDER
                      SIGNED THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:   T12N R04W S26        SWSE  Within Washington County

PURPOSE AND
PERIOD OF USE:        PURPOSE OF USE              PERIOD OF USE        QUANTITY
                      Stockwater                  01-01 TO 12-31       0.02  CFS


PLACE OF USE:         Stockwater                              Within Washington County
                      T12N R04W S26        SWSE

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                      THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                      DETERMINATION OF HISTORICAL BENEFICIAL USE.
                      THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                      NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                      ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                      DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                      ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).


RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

2004 AUG 13   PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

|  |  |
|---|---|
| In Re SRBA                         ) | PARTIAL DECREE PURSUANT TO |
|                                    ) | I.R.C.P. 54(b) FOR |
| Case No. 39576                     ) | |
| _____ ) | Water Right 67-12443 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                SPRING    TRIBUTARY: WEISER RIVER

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         04/17/1926

                       THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
                       17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
                       THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:    T12N R04W S26         NWNENW      Within Washington County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE           PERIOD OF USE        QUANTITY
                       Stockwater               01-01 TO 12-31       0.02  CFS

PLACE OF USE:          Stockwater                          Within Washington County
                       T12N R04W S26         NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication

2004 AUG 13  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 67-12445 |

NAME AND ADDRESS:        USDI BLM
                        IDAHO STATE OFFICE
                        1387 S VINNELL WAY
                        BOISE, ID  83709-1657

SOURCE:                 SPRING   TRIBUTARY: DEAD MAN GULCH

QUANTITY:               0.02  CFS

        THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
        GALLONS PER DAY.

PRIORITY DATE:          04/17/1926

        THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
        17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
        THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:     T12N R04W S25        SENENW    Within Washington County

PURPOSE AND
PERIOD OF USE:          PURPOSE OF USE          PERIOD OF USE       QUANTITY
                        Stockwater              01-01 TO 12-31      0.02  CFS

PLACE OF USE:           Stockwater                              Within Washington County
                        T12N R04W S25        NENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

        THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
        DETERMINATION OF HISTORICAL BENEFICIAL USE.
        THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
        NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
        ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
        DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
        ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

    With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                            John M. Melanson
                                            Presiding Judge of the
                                            Snake River Basin Adjudication

2004 AUG 13  PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| _____ | ) | Water Right 67-12447 |

NAME AND ADDRESS:    USDI BLM
                     IDAHO STATE OFFICE
                     1387 S VINNELL WAY
                     BOISE, ID 83709-1657

SOURCE:              SPRING   TRIBUTARY: WEISER RIVER

QUANTITY:            0.02  CFS

                     THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                     GALLONS PER DAY.

PRIORITY DATE:       04/17/1926

                     THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN APRIL
                     17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE ORDER SIGNED
                     THE SAME DATE KNOWN AS PUBLIC WATER RESERVE 107.

POINT OF DIVERSION:  T12N R04W S13      NESWSW     Within Washington County

PURPOSE AND
PERIOD OF USE:       PURPOSE OF USE            PERIOD OF USE        QUANTITY
                     Stockwater                01-01 TO 12-31       0.02  CFS

PLACE OF USE:        Stockwater                          Within Washington County
                     T12N R04W S13        SWSW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                     THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                     DETERMINATION OF HISTORICAL BENEFICIAL USE.
                     THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                     NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                     ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                     DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                     ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

      With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                        _____
                                        John M. Melanson
                                        Presiding Judge of the
                                        Snake River Basin Adjudication

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 65-19750 |
| _____ | ) | |

2004 MAY -4 PM 4:14

DISTRICT COURT-SRBA
TWIN FALLS CO., IDAHO
FILED

NAME AND ADDRESS:         USDI BLM
                          IDAHO STATE OFFICE
                          1387 S VINNELL WAY
                          BOISE, ID 83709-1657

SOURCE:                   SPRING    TRIBUTARY: HOLLAND GULCH

QUANTITY:                 0.02  CFS

          THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
          GALLONS PER DAY.

PRIORITY DATE:            04/17/1926

          ***************************************************************
          *   CLAIMED UNDER FEDERAL RESERVED WATER RIGHT -- 4/17/1926.   *
          *                                                             *
          *   THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW WITH AN   *
          * APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN EXECUTIVE    *
          * ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC WATER RESERVE  *
          * 107.  THIS WATER RIGHT IS NOT A STATE LAW BASED CLAIM.        *
          ***************************************************************

POINT OF DIVERSION:       T10N R03W S11        SESENW      Within Washington County

PURPOSE AND
PERIOD OF USE:            PURPOSE OF USE              PERIOD OF USE         QUANTITY
                          Stockwater                 01-01 TO 12-31        0.02  CFS

PLACE OF USE:             Stockwater                               Within Washington County
                          T10N R03W S11        SENW

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

          THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
          DETERMINATION OF HISTORICAL BENEFICIAL USE.
          THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
          NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
          ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
          DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
          ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

RULE 54(b) CERTIFICATE

     With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.

                                                  _____
                                                  John M. Melanson
                                                  Presiding Judge of the
                                                  Snake River Basin Adjudication

2004 JUL 29 PM 02:00
DISTRICT COURT - SRBA
TWIN FALLS CO., IDAHO
FILED _____

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | | |
|---|---|---|
| In Re SRBA | ) | PARTIAL DECREE PURSUANT TO |
| | ) | I.R.C.P. 54(b) FOR |
| Case No. 39576 | ) | |
| | ) | Water Right 79-11784 |

NAME AND ADDRESS:      USDI BLM
                       IDAHO STATE OFFICE
                       1387 S VINNELL WAY
                       BOISE, ID  83709-1657

SOURCE:                SPRING   TRIBUTARY: CHINA CREEK

QUANTITY:              0.02  CFS

                       THE QUANTITY OF WATER UNDER THIS RIGHT SHALL NOT EXCEED 13,000
                       GALLONS PER DAY.

PRIORITY DATE:         04/17/1926

                       *****************************************************************
                       *  4/17/1926 CLAIMED UNDER FEDERAL RESERVED WATER RIGHT         *
                       *                                                               *
                       *    THIS WATER RIGHT IS CLAIMED BASED ON FEDERAL LAW           *
                       *  WITH AN APRIL 17, 1926, DATE OF PRIORITY PURSUANT TO AN      *
                       *  EXECUTIVE ORDER SIGNED THE SAME DATE AND KNOWN AS PUBLIC     *
                       *  WATER RESERVE 107.                                           *
                       *****************************************************************

POINT OF DIVERSION:    T26N R01E S34 LOT 1   (NWNESE)     Within Idaho County

PURPOSE AND
PERIOD OF USE:         PURPOSE OF USE            PERIOD OF USE           QUANTITY
                       Stockwater                01-01 TO 12-31          0.02  CFS

PLACE OF USE:          Stockwater                               Within Idaho County
                       T26N R01E S34 LOT 1   (NESE)

OTHER PROVISIONS NECESSARY FOR DEFINITION OR ADMINISTRATION OF THIS WATER RIGHT:

                       THE QUANTITY OF WATER DECREED FOR THIS WATER RIGHT IS NOT A
                       DETERMINATION OF HISTORICAL BENEFICIAL USE.
                       THIS PARTIAL DECREE IS SUBJECT TO SUCH GENERAL PROVISIONS
                       NECESSARY FOR THE DEFINITION OF THE RIGHTS OR FOR THE EFFICIENT
                       ADMINISTRATION OF THE WATER RIGHTS AS MAY BE ULTIMATELY
                       DETERMINED BY THE COURT AT A POINT IN TIME NO LATER THAN THE
                       ENTRY OF A FINAL UNIFIED DECREE.  I.C. SECTION 42-1412(6).

                              RULE 54(b) CERTIFICATE

        With respect to the issues determined by the above judgment or order, it is hereby CERTIFIED, in accordance
with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a
final judgment and that the court has and does hereby direct that the above judgment or order shall be a final
judgment upon which execution may issue and an appeal may be taken as provided by the Idaho Appellate Rules.


                                                    John M. Melanson
                                                    Presiding Judge of the
                                                    Snake River Basin Adjudication