JOSHUA D. HURWIT, Idaho State Bar No. 9527
United States Attorney, District of Idaho
CHRISTINE ENGLAND, Idaho State Bar No. 11390
Assistant United States Attorney, District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (208) 334-1211; Fax: (208) 334-9375
Christine.England@usdoj.gov

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
STEPHEN G. BARTELL, Colorado Bar No. 21760
Assistant Section Chief, Natural Resources Section
stephen.bartell@usdoj.gov
DAVID L. NEGRI, Idaho State Bar No. 6997
Trial Attorney, Natural Resources Section
c/o U.S. Attorney's Office
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (208) 334-1936; Fax: (208) 334-1414
david.negri@usdoj.gov
THOMAS K. SNODGRASS, Colorado Bar No. 31329
Senior Attorney, Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: 303-844-7233; Fax: 303-844-1350
thomas.snodgrass@usdoj.gov
*Counsel for Plaintiff United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF IDAHO; IDAHO DEPARTMENT OF WATER RESOURCES, an agency of the State of Idaho; and GARY SPACKMAN, in his official capacity as Director of the Idaho Department of Water Resources, <br><br> Defendants, | Case No. 1:22-cv-00236-DCN <br><br> **DECLARATION OF KATHRYN J. CONANT** |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| IDAHO HOUSE OF REPRESENTATIVES; MIKE MOYLE, in his official capacity as Majority Leader of the House; IDAHO SENATE; and CHUCK WINDER, in his official capacity as President Pro Tempore of the Senate, | ) ) ) ) ) ) ) ) ) |
| Intervenor-Defendants. | ) ) |

DECLARATION OF KATHRYN J. CONANT

I, Kathryn J. Conant, in accordance with the requirements of 28 U.S.C. § 1746 declare:

1. My name is Kathryn Jeanne Conant, I am an employee of the United States Department of Agriculture ("USDA"), Forest Service ("Forest Service"). The following statements are based upon my personal knowledge.

2. My present position is that of Lands and Minerals Director for the USDA Forest Service Intermountain Region. I have served in this position since June 2012.

3. In this capacity, my current responsibilities include overseeing all water right issues for the Forest Service in Central/Southern Idaho, Nevada, Utah, western Wyoming, a portion of California, and a portion of Colorado. This includes exercising delegated authority for most water rights actions, as well as overseeing the Forest Service's participation in general water right adjudications in Idaho, which have included the Snake River Basin Adjudication ("SRBA") and the Bear River Basin Adjudication.

4. Signatory authority for most water rights actions has been delegated to the Lands and Minerals Director as defined in the Regional Manual Supplement (*see* FSM 2500-2007-1). Also delegated to the Director is the responsibility to retain and maintain original permanent water rights files for the Intermountain Region.

5. I provide direction, oversight, and decisions as these pertain to our management of water resources with emphasis on federally owned water rights held for the benefit of the Forest Service and water uses of others on National Forest System ("NFS") lands. My position also directs and helps evaluate the regional water rights program, and develops and disseminates applicable policy, procedures, and protocols for the program. I ensure coordination of program components with other staff groups, external organizations, other Federal, State, and local

agencies, and the USDA Office of the General Counsel. I am also responsible for the study of new or modified legislative or regulatory requirements and agency objectives and for formulating policies and approaches for managing the watershed rights in the Intermountain Region.

6. I work closely with representatives from Federal, State, and municipal organizations, non-government organizations, and private industries to develop long term management solutions for water rights within the Intermountain Region. I have developed and revised national procedures, technical standards, and guidelines for water rights and water uses. I review proposed and revised national policy directives, provide constructive input, and ensure consistency with regional programs and objectives. I also serve as a regional consultant and I work closely with our USDA Office of the General Counsel, Forest Supervisors, and program specialists in providing advice and interpretation on complex problems relating to the resolution and negotiation of water rights and instream flow issues for National Forests, NFS lands, and adjacent State and private forest lands. I oversee programs to secure Forest Service water rights and to prevent inappropriate water uses or claims by others that could have adverse impacts on water resources on the National Forests. In addition, I provide direction and guidance in the development and implementation of a water rights management strategy. Components of such a strategy may include legal, regulatory, legislative, and programmatic approaches.

7. I have been employed by the Federal government since 1995, and with the Forest Service since 2003. My federal career includes service in the following positions:

    a. Almost five years as a biologist for the U.S. Army Corps of Engineers, out of the Baltimore District. During my tenure, I worked on water resource management projects within the Potomac and Susquehanna River Basins.

**DECLARATION OF KATHRYN J. CONANT – Page 2**

      b.      Almost four years as a biologist working for National Marine Fisheries Service within National Oceanic and Atmospheric Administration primarily focused on Federal Energy Regulatory Commission's hydropower licensing program.

      c.      Nine years with the U.S. Forest Service, managing the national Forest Legacy Program within State and Private Forestry.

      d.      Ten years in my current role as Lands and Minerals Regional Director for the Forest Service.

8.      The United States holds approximately 9,000 decreed stockwater rights on NFS lands in the State of Idaho; the Forest Service administers such rights located on grazing allotments on NFS lands in order to benefit the grazing program and for use by grazing permittees, and in some instances to benefit wildlife. Forest Service administration of these stockwater rights has the important benefit of allowing efficient use of water resources by multiple or successive grazing permittees on the same allotment. It also prevents one permittee from excluding one or multiple other permittees' use on the same allotment, and from transferring a water right away from an allotment onto other land, hindering water use on an allotment by multiple and successive permittees and by wildlife.

9.      In my capacity as Intermountain Region Lands and Minerals Director, I participated in and observed the later phases of the SRBA. The SRBA was commenced in 1987; the Court issued a Final Unified Decree in 2014. The SRBA encompassed 87% of the State of Idaho. Four smaller adjudications are currently active in the remainder of the State for the Coeur d'Alene-Spokane River, the Palouse River, the Bear River, and the Clark Fork-Pend Oreille River systems.

10. The Forest Service established a team known as the Boise Adjudication Team in 1993, extending across multiple offices and programs, to defend existing licensed and statutory water rights obtained under state law, and to prepare constitutional claims[1] for all water use occurring on NFS lands, including stockwater. This Team served both the Intermountain Region and Northern Region of the Forest Service through 2014.

11. After commencement of the SRBA, the SRBA Court issued an order establishing procedures for the adjudication of small domestic and stockwater claims.

   a. The Forest Service filed thousands of stockwater claims for the benefit of the grazing program and for use by grazing permittees.

   b. This action was communicated to grazing permit holders, many of whom communicated thanks that the Forest Service was working to secure stockwater rights for use on allotments.

   c. Most permittees chose not to file their own stockwater claims in situations where the Forest Service had filed claims for use on those allotments.

   d. Of approximately 1,020 grazing permit holders on NFS lands within the SRBA, only 20 filed competing claims. Those contested cases were resolved in 2002 in a stipulated settlement where both the Forest Service and the permittees received decrees for the stockwater use.

12. In 2014, the SRBA Final Unified Decree was signed and included nearly 9,000 stockwater rights decreed to the USDA Forest Service. Over half of the water sources for those decreed rights have been developed by the Forest Service, with significant investments in

---

[1] "Constitutional rights" were created by putting water to beneficial use without obtaining a prior permit or license from the Idaho Department of Water Resources ("IDWR").

**DECLARATION OF KATHRYN J. CONANT – Page 4**

troughs, pipes, tanks, wells, and other infrastructure. The Forest Service likely would not have made such investments without being able to rely on the certainty afforded by holding these decreed water rights.

13. The certainty and finality of the SRBA Final Unified Decree allowed the Forest Service to manage its Range Management Program on NFS lands, providing access to stockwater resources for the benefit of permittees.

14. Beginning in 2017, the Idaho Legislature made a series of changes to Idaho water statutes related to forfeiture of federally held water rights that put at risk the Forest Service's decreed and other stockwater rights and that have significant impacts on the Forest Services' ability to manage the federal grazing program on National Forest System lands.

15. Pursuant to these new Idaho laws, on June 22, 2022, the Director of IDWR issued an order to the Forest Service to show cause ("Order to Show Cause") why 11 stockwater rights held by the United States on behalf of the Forest Service should not be forfeited.

    a. The Order to Show Cause was based on a petition filed by Jaycob J. and Sheyenne A. Smith, the sole grazing permit holder on the Fourth of July Creek No. 70213 Allotment on the Salmon-Challis National Forest. The petition sought to forfeit water rights held by the United States located on that allotment.

    b. Of the 11 stockwater rights subject to the Order to Show Cause, seven were decreed by the SRBA Court to the United States on behalf of the Forest Service (75-11102, 75-13808, 75-13813, 75-13822, 75-13826, 75-13899, and 75-13912), three were licensed to the United States pursuant to Idaho law by IDWR (75-7279, 75-7288, and 75-7335), and one was the subject of a statutory claim qualifying for the SRBA *de minimis* stockwater claims deferral option (75-4241).

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 7, 2022

_____
Kathryn Jeanne Conant
Land and Minerals Director
U.S. Forest Service
Intermountain Region