Norman M. Semanko (Idaho State Bar No. 4761)
PARSONS BEHLE & LATIMER
800 W Main Street, Suite 1300
Boise, ID 83702
(208) 562-4909 (Direct)
(208) 562-4900 (Office)
nsemanko@parsonsbehle.com

Joseph A. Bingham (Texas Bar No. 24078231)*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
(919) 649-7403 (Direct)
(303) 292-2021 (Office)
jbingham@mslegal.org
*Admitted *Pro Hac Vice*

*Attorneys for Applicants in Intervention Joyce Livestock Co.;*
*LU Ranching Co.; Pickett Ranch & Sheep Co.; and Idaho Farm Bureau Federation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*<br>  v.<br><br>STATE OF IDAHO; STATE OF IDAHO DEPARTMENT OF WATER RESOURCES, an agency of the State of Idaho, and GARY SPACKMAN, in his official capacity as Director of the Idaho Department of Water Resources,<br><br>    *Defendants*, | Case No. 1:22-cv-00236-DCN<br><br>**APPLICANTS IN INTERVENTION (RANCHERS) JOYCE LIVESTOCK CO., LU RANCHING CO., PICKETT RANCH & SHEEP CO., AND IDAHO FARM BUREAU FEDERATION'S REPLY TO UNITED STATES' OPPOSITION (DKT NO. 30) TO RANCHERS' MOTION TO INTERVENE (DKT NO. 19)** |
| IDAHO HOUSE OF REPRESENTATIVES; MIKE MOYLE, in his official capacity as Majority Leader of the House; IDAHO SENATE; and CHUCK WINDER, in his official capacity as President Pro Tempore of the Senate,<br><br>    *Intervenor-Defendants*, and | |
| JOYCE LIVESTOCK CO.; LU RANCHING CO.; PICKETT RANCH & SHEEP CO; and IDAHO FARM BUREAU FEDERATION,<br><br>    *Applicants in Intervention*. | |

# INTRODUCTION

The United States sued the State of Idaho, asking this Court to strike down various Idaho statutes that provide for scrutiny of certain stockwater rights, specifically those that the United States has forfeited by lack of beneficial use. Applicants in Intervention Joyce Livestock Co., LU Ranching Co., Pickett Ranch & Sheep Co., and Idaho Farm Bureau Federation (collectively, "Ranchers") have moved to intervene as of right under Federal Rule of Civil Procedure 24(a) as co-defendants with the State of Idaho and Idaho Legislature intervenor-defendants, or, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b). The United States opposes Ranchers' motion to intervene as of right, but not Ranchers' motion in the alternative for permissive intervention, which remains unopposed. *See* ECF No. 30 at 3. The consequences of this briefing are thus somewhat academic. Nevertheless, Ranchers reply to clarify that the United States raises no legitimate obstacle to this Court's granting intervention as of right.

The United States generally does not dispute Ranchers' factual claims or legal authority. Instead, it argues that Ranchers have not demonstrated that their interest in stockwater rights on their grazing allotments would be affected by relief limited to the May and June 2022 show cause orders. Assuming *arguendo* that this is true, it is irrelevant, because *none* of the government's requests for relief are limited to (or, for that matter, even reference) the May and June 2022 show cause orders. ECF No. 11 at 29–30. Any grant of the relief sought by the government will adversely affect Ranchers' interest in appropriating and maintaining stockwater rights on their grazing allotments. Thus, Ranchers are entitled to intervene to defend those interests.

# ARGUMENT

The United States argues that Ranchers fail to demonstrate: (1) a protectible interest at issue in this litigation; (2) that their interest may be impaired by the outcome; and (3) that their

interests are not adequately represented by the parties. The government's own pleadings, however, demonstrate that the claims of its Opposition are false.[1]

**I.    Ranchers Have Shown a Significantly Protectable Interest that the Government Seeks to Impair.**

The government claims Ranchers "appear to present their federal grazing permits and stockwater rights as a 'protectable interest,' but … fail to explain how such interests could be affected by this litigation." ECF No. 30 at 9. Ranchers' interest in stockwater rights on their grazing allotments are at issue this litigation, because this case concerns stockwater rights on their grazing allotments, rights the government concedes will be affected by the relief it seeks. Ranchers did not "fail to explain" this. *See* ECF No. 19-1 at 2–3, 9–11. That explanation was presumably the basis for this Court's contrary finding. *See* ECF No. 23 at 2. The government simply chose not to respond, and the Court's finding should stand.

The government asks the Court to declare that various sections of the Idaho Code are unlawful as applied to sixty-eight specific water rights listed in the May 2022 and June 2022 orders. ECF No. 11 at 25. The Opposition notes that individual Ranchers' own grazing allotments are "located many miles from the federal grazing allotments . . . subject to an [Idaho Department of Water Resources ("IDWR")] order," and that the Idaho Farm Bureau Federation does not itself own water rights. ECF No. 30 at 4. Plaintiff argues that a decision limited to the May and June 2022 show cause orders would therefore not affect Ranchers' stockwater rights. ECF No. 30 at 10 ("Movants have identified no competing claim or decreed rights they hold *that are related to the water rights subject to the IDWR orders* at issue here.") (emphasis added). If this case were limited to those orders, the government's analysis would be responsive. It is not.

---

[1] In this filing, "the government" refers to Plaintiff, the United States, not to the government of the State of Idaho.

> The United States asserts that [certain] sections . . . of the Idaho Code . . . seek to divest the United States of its property rights, namely the fifty-seven water rights listed in the May 2022 Orders, the eleven water rights listed in the June 2022 Order, *and any federally owned water rights listed in similar successor orders* . . . are . . . contrary to the United States Constitution, the Idaho Constitution, and principles of sovereign immunity.

ECF No. 11 at 25 (emphasis added). Plaintiff's arguments, which are responsive only to a hypothetical motion made in a hypothetical case, fail in the (actually-existing) case at hand.

The government could have saved itself, Ranchers, and the Court considerable time and effort by reviewing its First Amended Complaint, ECF No. 11, which disposes of the concerns raised by the its October 7, 2022 Opposition to Ranchers' Motion.[2] That Complaint establishes that (1) the government's claims are not limited to the May and June 2022 show cause orders (the government spends the sizeable majority of its opposition arguing that its challenge to these show cause orders does not implicate Ranchers' rights, but the government's claims are not limited to the show cause orders, so this contention is meaningless); (2) the government's requested relief is likewise not limited to those orders, but encompasses all future application of the challenged statutory provisions to the government; (3) the government not only concedes, but *bases its fifth claim for relief on* the benefits that *it* says enforcement of the challenged statutes would offer to other users of the same water sources, such as Ranchers; (4) the government not only concedes, but bases its claims on, the fact that *it says* the outcome of this case will affect the rights of parties to a 2002 settlement—parties who include, as the government helpfully emphasizes, Applicant in

---

[2] While the Opposition concedes—once, in passing—that the government is challenging Idaho statutes, ECF No. 30 at 3, its argument that Ranchers have no interest at issue here because *the show cause orders* concern other allotments would be responsive only in the absence of its statutory challenge. *See*, *e.g.*, ECF No. 30 at 9 (arguing only interests in the listed sixty-eight water rights could be affected) (citing ECF No. 30-1 at 5–6 (admitting that lay declarant's analysis and claims are premised on erroneous legal conclusion that the only allotments "that are here relevant" or are "subject to this proceeding" are those where the listed sixty-eight rights are located)).

Intervention Pickett Ranch and Sheep Co. ("Pickett Ranch"), in addition to the many similarly-situated settlement parties represented by the Idaho Farm Bureau Federation.

### A. The government's pleadings demonstrate that the show cause orders are a tiny fraction of the water rights at issue in this litigation.

*First*, the government bases its opposition almost entirely on one false premise: that only the sixty-eight water rights specified in the May and June show cause orders are at issue in this litigation, and only those sixty-eight water rights can be affected by this case's outcome.[3] Unless the government has silently abandoned every one of its claims and demands for relief, this is false; those sixty-eight water rights constitute only a tiny sliver of the rights at issue in this litigation—rights that include stockwater rights on Ranchers' grazing allotments.[4]

The government challenges not merely the specified show cause orders, but any "similar successor orders," because it "anticipates that similar show-cause orders are likely to be issued in the future for other stockwater rights held by the United States for use on other federal lands[.]" ECF No. 11 at 25. It claims that the relevant statutes "are, as applied to the United States, contrary to" the federal and Idaho constitutions and "are therefore invalid." Moreover, Plaintiff claims that

---

[3] *See, e.g.*, ECF No. 30 at 3 (claiming those sixty-eight are "*the* federal rights at issue," so no other water rights could therefore be affected by this case) (emphasis added); ECF No. 30 at 4 (claiming "[n]one of the Movants filed any of the forfeiture petitions that preceded [the show cause] orders," and Ranchers' water rights on federal grazing allotments are "located many miles from the federal grazing allotments *that are relevant here*") (emphasis added); ECF No. 30 at 5 ("the 68 federally-held stockwater rights *subject to the IDWR orders at issue in this litigation*") (emphasis added); ECF No. 30 at 9 (claiming that no overlap between Ranchers' stockwater rights on federal grazing allotments and "the federal water rights *at issue*" shows that "no decision here will affect [Ranchers'] rights in any way") (emphasis added); ECF No. 30 at 10 (claiming "this case . . . does not concern any rights possessed by [non-IFBF Ranchers]" because Ranchers' rights are unrelated to "the water rights *subject to the IDWR orders at issue here*") (emphasis added).

[4] The government claims that individual Ranchers' grazing permits and stockwater rights "are not located in or near the federal land grazing allotments for which they hold grazing permits." ECF No. 30 at 9. This bewildering misrepresentation is supported only by an irrelevant citation. *Cf.* ECF No. 30-1 at ¶¶ 5–6 (discussing only grazing allotments subject to show cause orders).

4

three sections of the Idaho Code are "invalid on their face[.]" *Id.* at 25. Federally-owned stockwater rights on Ranchers' allotments are not imperiled by the May and June 2022 show cause orders, but the United States challenges statutory provisions which *do* apply to stockwater rights on the Idaho allotments of non-Idaho Farm Bureau Federation ("IFBF") Rancher Movants (as well as the allotments of every other grazing permittee represented by IFBF).[5]

B. **The government's requested relief is not limited to the show cause orders, so neither is the potential effect on permittees' water rights.**

*Second*, and relatedly, the United States claims that only disposition of the specified sixty-eight rights—not stockwater rights on other grazing allotments, such as Ranchers'—could be affected by this case. But just as the legal issues in this case are dramatically broader than those sixty-eight rights, so too is the government's requested relief. That relief includes a declaration that three statutory provisions "are invalid *on their face*," and orders permanently enjoining application of all the challenged provisions to the United Sates—*everywhere*, including on Ranchers' grazing allotments. ECF No. 11 at 30 (emphasis added).

C. **The government concedes (and in fact relies on) the effects this case will have on the interest of stockwater users like Ranchers.**

*Third*, the government concedes that its ownership and administration of stockwater rights on grazing allotments, as opposed to private ownership and administration of those rights, directly affects the rights of permittees on those allotments. According to the Declaration of a Forest Service employee, for example:

---

[5] *See* Decl. of Don Pickett in Support of Pickett Ranch & Sheep Co., ECF No. 19-3, ¶ 10 ("We hold stockwater rights decrees on our grazing allotments[.]"); Decl. of Paul Nettleton in Support of Joyce Livestock Co., ECF No. 19-4, ¶ 8 ("We hold stock water rights on federally-owned land where we hold and use grazing permits."); Decl. of Tim Lowry in Support of LU Ranching Co., ECF No. 19-6, ¶ 5 ("During the Snake River Basin Adjudication period, LU Ranching filed for decrees of our stockwater rights on our private land an on our grazing allotments where we'd engaged in beneficial use.").

5

> Forest Service administration of these stockwater rights . . . prevents one permittee from excluding one or multiple other permittees' use on the same allotment, and from transferring a water right away from an allotment onto other land, hindering water use on an allotment by multiple and successive permittees and by wildlife.

ECF No. 30-5 at 5. This concession alone suffices to demonstrate the Ranchers' protectable interest, and its potential impairment by the outcome of this litigation.

But the government goes even further and bases its fifth claim for relief on the benefits that *it alleges* would accrue to users like Ranchers if it loses here. *Compare* ECF No. 30 at 10 (arguing that because "federal and private rights are disconnected," litigation concerning federal rights cannot affect ownership of private rights) *with* ECF No. 11, ¶107 (alleging that Idaho Code § 42-224 "operat[es] retroactively for the benefit of other water users" because "forfeiture of the United States' stockwater rights would benefit other water users by making the water currently subject to those federal stockwater rights available for appropriation by other users") *and* ECF No. 11, ¶109 (alleging Idaho Code § 42-113(2)(b) is unlawful because it "declar[es] stockwater rights appurtenant to a grazing permit holder's private property and not to the place of use (federal property)," thereby benefiting grazing permit holders).

### D. Previous litigation and settlements do not preclude Ranchers from participation in this lawsuit; they demonstrate Ranchers' interest in it.

*Fourth*, the United States insinuates that Ranchers are barred from intervening by their having been parties to the Snake River Basin Adjudication, and by Pickett Ranch being party to a related 2002 settlement agreement. ECF No. 30 at 7. But settlement terms do not in any way preclude Ranchers' intervention in this case, and Plaintiff points to no such terms. *See* ECF No. 11-3 (jointly proposed settlement). To the contrary, what the 2002 settlement *does* do is establish that Pickett Ranch has a protectable interest that may be affected by the outcome of this case. To establish that this case concerns the protectable legal interests of Pickett Ranch, one need only

listen to Plaintiff, who alleges that the Idaho statutes "collectively abrogate legal settlements negotiated and agreed to by the United States and numerous other parties," ECF No. 30 at 28, specifically including the 2002 settlement agreement with (*inter alia*) Pickett Ranch, which is attached to the Amended Complaint as Exhibit 3. *See* ECF No. 30-3.

To any extent that, as the government suggests, ECF No. 30 at 6–7, past adjudication or settlement outcomes do foreclose Ranchers from filing objections to federally-held water rights on their allotments, such foreclosure *demonstrates*, rather than undermines, Ranchers' interest in the outcome of this litigation. Plaintiff asks this Court to forbid Idaho from independently applying to federal water rights the scrutiny that it claims Ranchers are unable to initiate themselves. *See id.*; ECF No. 11 at 10 (alleging that 2002 settlement requires parties—including Picket Ranch—to "refrain from challenges to any other stockwater decrees issued to the United States"); ECF No. 11 at 28 (alleging that the challenged statutes "collectively abrogate" such settlements). The government takes the incompatible positions that (1) denying relief would liberate Pickett Ranch from its settlement obligations; (2) the settlement terms estop Pickett Ranch from intervening in this case;[6] and (3) Pickett Ranch has no interest that could be affected by the outcome of this case. These positions—none of which are correct—are irreconcilable and demonstrate why the Court should grant intervention as of right.

---

[6] The United States feigns bewilderment at the idea a settling party might make unwanted concessions, agreeing to terms it deems suboptimal. ECF No. 30 at 7. The very concept of settlement entails terms that both parties consider suboptimal, of course, and the government's pretense is particularly implausible in light of its reliance on the pain of its own concessions. *See*, *e.g.*, ECF No. 11 at 28 (alleging United States made "substantial concessions" in exchange for "benefits obtained by . . . entering into these settlements).

7

**II. Ranchers Have Shown Inadequacy of Representation.**

The government also alleges that Ranchers' interests align perfectly with the State of Idaho defendants and legislative intervenor-defendants, and are thus adequately protected, foreclosing their intervention. The United States' argument begins by inviting the Court to apply the wrong standard, based on the government's surprisingly egregious misreading of *Nebraska v. Wyoming*, 515 U.S. 1 (1995), which stands for something approximately the opposite of the proposition for which the government attempts to use it. It goes downhill from there.

According to the government, the Supreme Court in *Nebraska v. Wyoming* "consider[ed] intervention by private parties in a water dispute," but rejected it, holding instead "that a 'State is presumed to speak in the best interests of those citizens[.]'" ECF No. 30 at 11 (quoting *Nebraska*, 515 U.S. at 21). In reality, *Nebraska v. Wyoming* was, as its name might suggest, a dispute between Nebraska and Wyoming, as well as the United States, and the Court considered the parties' requests to amend the pleadings. 515 U.S. at 8. The United States there argued that one claim on which Wyoming sought to proceed depended on the terms of individual contracts between the United States and private third parties, and that any claim alleging breach of those contracts should accordingly be brought individually in district court. *Id.* at 16. In support of this position, the United States raised "the specter . . . of intervention by many individual storage contractors in this [Supreme Court original jurisdiction] proceeding." *Id.* at 21.

Rejecting this argument, the Court emphasized that would-be private intervenors in such cases face a dramatically higher standard than intervenors who, like Ranchers here, seek to intervene on the side of a state pursuant Federal Rule of Civil Procedure 24(a); the Court observed the background rule that "*[o]rdinarily, in a suit by one State against another subject to the original jurisdiction of this Court*, each State must be deemed to represent all its citizens.'" *Id.* at 21

8

(emphasis added) (cleaned up). Plaintiff mischaracterizes this non-holding, which is explicitly limited to suits between states falling within the original jurisdiction of the Supreme Court. According to Plaintiff, "[i]n considering intervention by private parties *in a water rights dispute*, the Supreme Court held that a 'State is presumed to speak in the best interest of those citizens[.]'" ECF No. 30 at 11 (selectively quoting *Nebraska*, 515 U.S. at 21). The distinction between the standard the government seeks to import here and the correct standard is not trivial: Justice Thomas dissented, arguing that Wyoming's claim should be litigated in district court *because private parties seeking to intervene would face the more liberal Rule 24(a) standard. See Nebraska*, 515 U.S. at 28 (Thomas, J., dissenting) (noting that application of the standard Plaintiff asks this Court to impose on Ranchers would "unnecessarily . . . deny to private parties the opportunity to participate in a case the disposition of which may impair their interests").

Moreover, even under the stricter standard applying to intervention in original jurisdiction suits between states, the Court noted that a private party's intervention would be justified where, as here, that party made "a showing of some compelling interest in his own right, apart from his interest in a class with all other citizens and creatures of the state, which interest is not properly represented by the state." *Nebraska*, 515 U.S. at 21–22. The interest of federal grazing permittees like Ranchers in stockwater rights on their federal grazing allotments is plainly distinct "from [their] interest in a class with all other citizens and creatures of [Idaho]." *Id.* at 22.

Ranchers' initial memorandum demonstrated that their burden to show inadequacy is minimal, and that it is satisfied where, as here, a state government's range of considerations is broader than those of the private party. ECF No. 19-1 at 12. Plaintiff does not dispute this directly, but rather cites older cases that applied a stronger standard in limited, different scenarios, based

9

on a 2003 decision's misreading of a practice guide's entirely different point. *See* Dkt. 30 at 11–12.[7]

A heavier burden applies where a member of the *public* seeks to intervene representing *the public interest*, because the *public* interest is presumed to be identical to the government's. *See Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 443–444. It's not hard to figure out why the presumption that government represents *the public interest* is stronger than the presumption that governments represent *private* interests. Apart from its fictionalization of *Nebraska*, the government's adequacy argument depends on the assertion that Ranchers' "interests in this case align completely with" existing defendants, and that this asserted alignment subjects Ranchers to the standard applied in *Arakaki* and its progeny. ECF No. 30 at 11. But Ranchers are private parties seeking to protect their private interest, and easily satisfy the standard that applies to them, which Plaintiff's opposition nowhere addresses. *See* ECF No. 19-1 at 12 (quoting and applying correct standard); ECF No. 30 at 10–13 (ignoring standard). Ranchers have made the requisite showing.

## Conclusion

For the reasons given above, this Court should grant Ranchers' Motion to Intervene as of right. Alternatively, this Court should grant Ranchers' unopposed motion for permissive intervention. *See* ECF No. 19.

Respectfully submitted this 21st day of October 2022.

---

[7] *Compare Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest.") (quoting MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1909 (Wright & Miller 3d ed. 2022)); *with id.* (listing examples not relevant here of cases where in "absence of a very showing compelling to the contrary, it will be assumed that the United States adequately represents *the public interest*") (emphasis added).

10

Respectfully submitted,

*/s/ Norman M. Semanko*
Norman M. Semanko (Idaho State Bar No. 4761)
PARSONS BEHLE & LATIMER
800 W Main Street, Suite 1300
Boise, ID 83702
(208) 562-4909 (Direct)
(208) 562-4900 (Office)
nsemanko@parsonsbehle.com

Joseph A. Bingham (Texas Bar No. 24078231)*
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, CO 80227
(919) 649-7403 (Direct)
(303) 292-2021 (Office)
jbingham@mslegal.org
*Admitted *Pro Hac Vice*

*Attorney for Defendant-Intervenors Joyce Livestock Co.; LU Ranching Co.; Pickett Ranch & Sheep Co.; and Idaho Farm Bureau Federation*

# CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2022, I filed the foregoing document with the Clerk of the Court using this Court's CM/ECF system, which will send a notification to all counsel of record pursuant to Fed. R. Civ. P. 5 and D. Idaho L.R. 5.1(k).

| | |
|---|---|
| Stephen Bartell<br>U.S. DEPARTMENT OF JUSTICE<br>Environment & Natural Resources Division<br>stephen.bartell@usdoj.gov | Lawrence G. Wasden<br>Attorney General<br><br>Darrell G. Early<br>Deputy Attorney General<br>Chief, Natural Resources Division |
| David Negri<br>U.S. DEPARTMENT OF JUSTICE<br>Environment & Natural Resources Division<br>david.negri@usdoj.gov | Michael C. Orr<br>Deputy Attorney General<br>michael.Orr@ag.idaho.gov |
| Thomas Snodgrass<br>U.S. DEPARTMENT OF JUSTICE<br>Environment & Natural Resources Division<br>thomas.snodgrass@usdoj.gov | Joy M. Vega<br>joy.Vega@ag.idaho.gov<br><br>Shane M. Bell<br>shane.Bell@ag.idaho.gov |
| William Gerry Myers, III<br>HOLLAND & HART<br>wmyers@hollandhart.com | |

*/s/ Norman M. Semanko*
Norman M. Semanko
PARSONS BEHLE & LATIMER