RAÚL R. LABRADOR
Attorney General
SCOTT L. CAMPBELL
Deputy Attorney General
Chief, Energy and Natural Resources Division
JOY M. VEGA, ISB #7887
MICHAEL C. ORR, ISB # 6720
Deputy Attorneys General
700 W. State Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2400
Facsimile: 208-854-8072
joy.vega@ag.idaho.gov
michael.orr@ag.idaho.gov

*Attorneys for Defendants the State of Idaho, the Idaho Department of Water Resources, and Mathew Weaver, in his official capacity as Director of the Idaho Dept. of Water Resources*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>The STATE OF IDAHO; the IDAHO DEPARTMENT OF WATER RESOURCES, *an agency of the State of Idaho;* MATHEW WEAVER, *in his official capacity as the Director of the Idaho Department of Water Resources,*<br><br>     Defendants,<br><br>v.<br><br>IDAHO HOUSE OF REPRESENTATIVES; IDAHO SENATE; MEGAN BLANKSMA, *in her official capacity as Majority Leader* | Case No. 1:22-cv-00236-DCN<br><br>**STATE DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING NEW CASES AND ISSUES DISCUSSED AT THE HEARING OF JANUARY 23, 2024 (Dkt. 70)** |

**STATE DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING NEW CASES AND ISSUES – i**

*of the House*; CHUCK WINDER, *in his official capacity as President Pro Tempore of the Senate,*

                    Intervenor-Defendants,

v.

JOYCE LIVESTOCK CO.; LU RANCHING CO.; PICKETT RANCH & SHEEP CO.; IDAHO FARM BUREAU FEDERATION,

                    Intervenor-Defendants.

TABLE OF CONTENTS

I.  Dismissal of the United States' Section 42-222(2) Claim ........................................ 1

II.  The United States Mischaracterized the SRBA "Test Case" ................................. 4

III.  Idaho Law Allows for Post-Decree Enactment of a Forfeiture Procedure  .......... 5

IV.  The SRBA Stipulations and SRBA Standard Form 5 ("SF5") ............................. 5

TABLE OF AUTHORITIES

<u>CASES</u>

*Am. Falls Res. Dist. No. 2 v. Idaho Dep't of Water Res.* (*AFRD2 v. IDWR*),
 143 Idaho 862, 154 P.3d 433 (2007) ............................................................... 4

*Calvary Chapel Bible Fellowship v. Cnty of Riverside*,
948 F.3d 1172 (9th Cir. 2020) ..................................................................... 1, 2

*Final Unified Decree*, In re SRBA Case No. 39576
 (Idaho Fifth Jud. Dist., Twin Falls County Dist. Ct.)
 (Aug. 26. 2014) ("Dkt. 45-2") ..................................................................... 2, 3

*Hargis v. Foster*, 312 F.3d 404 (9th Cir. 2002)  ................................................ 3

*Leeuw v. Kroger Texas L.P.*, 2021 WL 4295405 (N.D. Tex., Sep. 21, 2021) ................ 2

*Otey v. City of Fairview Heights*, 125 F. Supp. 3d 874 (S.D. Ill. 2015) ...................... 3

*Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721 (M.D. Fla. 2000) ................... 2

*State Engineer v. S. Fork Band of Te-Moak Tribe*, 339 F.3d 804 (9th Cir. 2003) ..... 1-2

*State v. Griffith*, 97 Idaho 52, 539 P.2d 604 (1975) ...................................... 5

*Tikkanen v. Citibank (S. Dakota) N.A.*, 801 F. Supp. 270 (D. Minn. 1992) ............ 2-3

*U.S. v. Black Canyon Irrigation Dist.*, 163 Idaho 54, 408 P.3d 52 (2017). ................ 4

*Watson v. Clark*, 716 F. Supp. 1354 (D. Nev. 1989) . ................................................... 1

*Westlands Water Dist. v. U.S.*, 100 F.3d 94 (9th Cir. 1996). ....................................... 3

*Whittaker v. IDWR*, Docket No. 50000-2022  (Feb. 2, 2024) (Slip Op.)
(https://isc.idaho.gov/opinions/50000.pdf) ................................................................. 5

*Zhengzhou Harmoni Spice Co. v. U.S.*, 675 F. Supp. 2d 1320
(Ct. Int'l Trade 2010) .................................................................................................. 2


STATUTES
43 U.S.C. § 666 ("McCarran Amendment") ............................................................ 3, 4
Idaho Code § 42-222(2) ......................................................................................... 1, 2, 3
Idaho Code § 42-224 ............................................................................................... 4, 5
Idaho Code § 42-224(4) ............................................................................................... 4


OTHER AUTHORITIES
Fed. R. Civ. P. 41(a) ............................................................................................ 1, 2, 3
Fed. R. Civ. P. 56(a) ..................................................................................................... 2
Senate Report No. 82-755 (Sept. 17, 1951) ("Dkt. 43-9") ........................................ 3

The State Defendants hereby submit their supplemental brief regarding new cases and issues discussed at the hearing of January 23, 2024 ("Hearing"). Dkt. 70.

## I. Dismissal of the United States' Section 42-222(2) Claim.

The United States'  purported "abandonment"[1] of its claim that Idaho Code § 42-222(2) is unconstitutional, Dkt. 11 at 25, 27, 28, 29, 30; Dkt. 34-1 at 46; Dkt. 60 at 89, raises the question of how to dispose of that claim. This Court should either: dismiss the § 222(2) claim for lack of jurisdiction; grant the State Defendants' cross-motion for summary judgment on the merits of that claim; or dismiss it "with prejudice" under F.R.C.P. 41(a)(2).[2]

"If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised." *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989). The U.S.'s claim that § 222(2) is unconstitutional as applied to the sixty-eight decreed stockwater rights at issue in this case, Dkt. 11 at 25, ¶ 83, is a classic "as-applied challenge." *Calvary Chapel Bible Fellowship v. Cnty of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020). The SRBA Court has "prior *exclusive* jurisdiction" over the question of whether these decreed stockwater rights can lawfully be forfeited under § 222(2), *State Engineer v.*

---

[1] The U.S.'s narrative response to the Court's yes-or-no abandonment question, and its repeated assertions that § 222(2) applies *only* when a federal grazing allotment is permanently "retired," raise doubts that the U.S. has abandoned its § 222(2) claim.

[2] At this stage of the case, the U.S. can voluntarily dismiss its § 222(2) claim only by submitting a dismissal stipulation or by obtaining a Court order.  F.R.C.P. 41(a)(1)-(2).  The State Defendants will stipulate to dismissal of the § 222(2) claim, F.R.C.P. 41(a)(1)(A)(ii), but *only* if the dismissal is unqualified and "with prejudice."

STATE DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING NEW CASES AND ISSUES – 1

*S. Fork Band of Te-Moak Tribe*, 339 F.3d 804, 810 (9th Cir. 2003) (italics added), and expressly retained that jurisdiction. Dkt. 45-2 at 14.[3] This Court, therefore, should dismiss the § 222(2) claim for lack of jurisdiction.[4]

Alternatively, the § 222(2) claim should be dismissed on *res judicata* grounds pursuant to State Defendants' cross-motion for summary judgment. Dkt. 43-1 at 35-43; Dkt. 64 at 11-16. The U.S.'s attempts to deny that it challenged § 222(2), and its rapid abandonment of its § 222(2) claim when confronted with the record, are simply attempts to avoid an adverse ruling on the State Defendants' cross-motion.  But "it is axiomatic" that Rule 41(a) is not available "'when the purpose is to avoid an adverse determination on the merits of the action.'" *See Zhengzhou Harmoni Spice Co. v. U.S.*, 675 F. Supp. 2d 1320, 1334 (Ct. Int'l Trade 2010) (citation omitted); *see also Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) ("The Court will not allow Phoenix to use a motion for voluntary dismissal as a means to avoid the consequences of its actions."). The State-Defendants are entitled to summary judgment as a matter of law because the U.S. failed to oppose their cross-motion. *Leeuw v. Kroger Texas L.P.*, 2021 WL 4295405 at *3-*4 (N.D. Tex., Sep. 21, 2021); F.R.C.P. 56(a); *see also Tikkanen v. Citibank (S. Dakota) N.A.*, 801 F. Supp. 270, 274 (D. Minn. 1992) ("Ruling on the summary judgment motions … is the most efficient

---

[3] Section 222(2) deals exclusively with water rights.  Asserting that § 222(2) cannot lawfully be applied *to the U.S.* in this case is the same as asserting that § 222(2) cannot lawfully be applied *to the decreed stockwater rights* the U.S. has put at issue in this case. To argue otherwise is to draw a distinction without a difference.

[4] This Court has jurisdiction over a purely "facial" challenge to § 222(2), which is "limited to reviewing the text of the [statute] itself," *Calvary Chapel Bible Fellowship*, 948 F.3d at 1177, and does not hinge upon the stockwater rights at issue in this case.

way to resolve these actions.").

Even under a Rule 41(a) analysis, the § 222(2) claim must be dismissed "with prejudice,"[5] because otherwise the State Defendants would suffer "plain legal prejudice." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). The State Defendants justifiably viewed the § 222(2) claim as "the most important and consequential issue in this case." Dkt. 64 at 10-16. They devoted the bulk of their efforts and allotted briefing pages to that issue, which "could have been utilized to more fully develop [their] legal and factual arguments" on the other claims. *Otey v. City of Fairview Heights*, 125 F. Supp. 3d 874, 881 (S.D. Ill. 2015). "[T]hese factors weigh heavily in favor" of conditioning a Rule 41 dismissal to be "with prejudice." *Id.*

A dismissal "without prejudice" would also prejudice the State Defendants' significant legal and financial interests in Idaho's water adjudications. The U.S. is actively participating in all of them, and all have been determined to fall within the McCarran Amendment, 43 U.S.C. § 666.[6] Their purpose is to make the U.S. "amenable to the law of the State," including "the water law as it has developed over the years." Dkt. 43-9 at 7. Allowing the U.S. to return to federal court in the future to again request an order permanently barring application of § 222(2) to the U.S. would

---

[5] Rule 41(a)(2) authorizes a court to dismiss a claim "on terms that the court consider proper," F.R.C.P. 41(a)(2), and a court "'may require that the dismissal be with prejudice." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (citation omitted).

[6] Dkt. 45-2 at 5, 8; http://www.srba.state.id.us/NORTHIDAHO.HTM (link entitled "*Memorandum Decision on Petition to Commence Coeur d'Alene-Spokane River Basin General Adjudication*"); http://www.srba.state.id.us/Images/2017-03/0059576xx00033.pdf (PRBA); http://www.srba.state.id.us/Images/2021-06/0069576xx00048.pdf (CFPRBA); http://www.srba.state.id.us/Images/2021-06/0079576xx00036.pdf (BRBA).

cast a grave cloud on the finality and effectiveness Idaho's ongoing adjudications, and imply that the many millions the State has spent (and continues to spend) in financing them may be "mere wasteful expenditures." *U.S. v. Black Canyon Irrigation Dist.*, 163 Idaho 54, 64, 408 P.3d 52, 62 (2017).

## II.    The United States Mischaracterized the SRBA "Test Case."

The U.S. asserted at the Hearing, for the first time, (1) that the State of Idaho "lost" the SRBA "Test Case," and (2) that this decision "rejected" the State's alleged "theory" that the U.S. had to produce evidence of an "agency agreement" before it could be decreed any state law-based stockwater rights. But the "Test Case" decision *granted* Idaho's summary judgment motion and *denied* the U.S.'s cross-motion. Dkt. 43-1 at 21-22; Dkt. 45-9 at 4, 14. Further, the State's agency "theory" was that unless the U.S. is watering its own livestock, it can perfect a stockwater right "only through the efforts of an agent," and that theory was *accepted*.  Dkt. 45-9 at 5, 14.[7]

---

[7] The U.S. informed the parties that its supplemental brief would discuss *AFRD2 v. IDWR*, 154 P.3d 433 (Idaho 2007).  This is not a "new" case, Dkt. 60 at 6, 39, and was cited at the Hearing in connection with issues already argued in the U.S.'s briefs: "administration" and "re-adjudication."  *Id.* at 36-44, 66.  In any event, *AFRD2* addressed a dispute over distributing water according to decreed priorities, *AFRD2*, 154 P.3d at 437-39, but did *not* hold that "administration" is *limited* to this function, and also did not interpret 43 U.S.C. § 666's "administration" provision. Further, *AFRD2* confirms that Idaho Code § 224 does not threaten to "re-adjudicate" the U.S.'s stockwater rights simply because it allows for consideration of whether the U.S. has an agency "relationship" with its grazing permittees. *Id.* § 42-224(4).   *AFRD2* specifically held that evaluating factors that are *not* decreed elements of a water right when administering the decree "should not be deemed a re-adjudication." *AFRD2*, 154 P.3d at 448.  It is undisputed that the stockwater decrees at issue in this case do not contain any elements addressing whether the permittees are agents of the U.S. or are authorized users of the U.S.'s stockwater rights.  Dkt. 45-3; Dkt. 46 at 8-9.

## III.  Idaho Law Allows for Post-Decree Enactment of a Forfeiture Procedure.

In addressing the Court's concern that Idaho Code § 224 was enacted *after* the stockwater rights were decreed, State Defendants' counsel responded that it was a procedural statute and referred to a case cited in briefing.  That case is *State v. Griffith*, 97 Idaho 52, 58, 539 P.2d 604, 610 (1975) ("'No one has a vested right in any given mode of procedure, and so long as a substantial and efficient remedy remains or is provided due process of law is not denied by a legislative change.'") (citations omitted).

## IV.  The SRBA Stipulations and SRBA Standard Form 5 ("SF5").

At the Hearing, State Defendants' counsel analogized the SRBA stipulations between the U.S. and the State to "SF5s," a reference to SRBA "Standard Form 5," which resolves objections to an IDWR water right recommendation.  Dkt. 45-5 at 20. Like SF5s, the stipulations only resolved the State's objections to IDWR's recommendations.  Further, they expressly disclaimed any effect on "any other disputes or objections in the [SRBA] or any other case or controversy," and prohibited the U.S. from relying upon them for any purposes other than those stated in the stipulations.  Dkt. 64 at 23 n.15; Dkt. 36-3.[8]  (The State and the U.S. used "stipulations" rather than SF5s purely for convenience.  An SF5 would have been required for each of the many hundreds of claims involved.  Dkt. 45-5 at 20, ¶ (3)(a).)

---

[8] Four days ago, the Idaho Supreme Court again reaffirmed the importance of relying *exclusively* on the *decreed elements* of water rights in determining what the rights are, and what they do and do not include or authorize, *regardless* of any pre-decree history, agreements, understandings, or assumptions.  *Whittaker v. IDWR*, Docket No. 50000-2022  (Feb. 2, 2024) (Slip Op.). https://isc.idaho.gov/opinions/50000.pdf.

Respectfully submitted this 6th day of February, 2024.

RAÚL R. LABRADOR
Attorney General
SCOTT L. CAMPBELL
Deputy Attorney General
Chief, Energy and Natural Resources Division

  /s/ Michael C. Orr                           
JOY M. VEGA
MICHAEL C. ORR
Deputy Attorneys General
Energy and Natural Resources Division
Office of the Attorney General
State of Idaho
*Attorneys for Defendants State of Idaho,
the Idaho Department of Water Resources, and
Mathew Weaver, in his official capacity as
Director of the Idaho Department of Water
Resources*