JOSHUA D. HURWIT, Idaho State Bar No. 9527
United States Attorney, District of Idaho
CHRISTINE ENGLAND, Idaho State Bar No. 11390
Assistant United States Attorney, District of Idaho
Tel: (208) 334-1211; Fax: (208) 334-9375
Christine.England@usdoj.gov

TODD KIM, Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
STEPHEN G. BARTELL, Colorado Bar No. 21760
Assistant Section Chief, Natural Resources Section
JENNIFER A. NAJJAR, Colorado Bar No. 50494
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, DC 20044
Telephone: (202) 305-0234, (202) 305-0476  Fax: (202) 305-0506
stephen.bartell@usdoj.gov, jennifer.najjar@usdoj.gov

THOMAS K. SNODGRASS, Colorado Bar No. 31329
Senior Attorney, Natural Resources Section
JEFFREY N. CANDRIAN, Colorado Bar No. 43839
Trial Attorney, Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-7233, (303) 844-1382 Fax: (303) 844-1350
thomas.snodgrass@usdoj.gov, jeffrey.candrian@usdoj.gov

Counsel for Plaintiff United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cv-00236-DCN |
| Plaintiff, | **UNITED STATES' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO UNITED STATES' SUPPLEMENTAL MEMORANDUM (ECF 75)** |
| v. | |
| STATE OF IDAHO; IDAHO DEPARTMENT OF WATER RESOURCES, an agency of the State of Idaho; and GARY SPACKMAN, in his official capacity as Director of the Idaho Department of Water Resources, | |
| Defendants, | |

|                                                                                                                                                                                                                                                                                                                    |   |
|---|---|
| v. | ) |
|  | ) |
| IDAHO HOUSE OF REPRESENTATIVES; MEGAN BLANKSMA, in her official capacity as Majority Leader of the House; IDAHO SENATE; and CHUCK WINDER, in his official capacity as President Pro Tempore of the Senate, | ) ) ) ) ) ) ) ) |
|  | ) |
| and | ) |
|  | ) |
| JOYCE LIVESTOCK CO.; LU RANCHING CO.; PICKETT RANCH & SHEEP CO.; IDAHO FARM BUREAU FEDERATION, INC., | ) ) ) ) |
|  | ) |
| Intervenor Defendants. | ) |
|  | ) |

# ARGUMENT

**I. The United States properly raised Rule 15(a) in response to the State's Rule 41(a) arguments, and the State should be denied leave to expand on those arguments.**

In a February 7 motion, ECF 75, the State continues its efforts to saddle the United States with a challenge to Idaho Code § 42-222(2) that it does not make.  The State specifically moves for leave to respond to an allegedly new argument in the United States' supplemental memorandum concerning the Court's discretion under Fed. R. Civ. P. 15(a) to allow the United States to amend its complaint to withdraw any challenge to Idaho Code § 42-222(2).  ECF 73 at 6-7.  Because this argument directly responds to the State's arguments at the summary judgment hearing, the State's motion should be denied.

At hearing, the State raised for the first time the issue of whether the United States needs a stipulation with all the parties or court approval under Fed. R. Civ. P. 41(a) to drop its alleged challenge to Idaho Code § 42-222(2).  The Court ordered that the parties may submit responses to this new issue – and other new issues – raised at hearing, which is exactly what the United States did.  Among the issues addressed by its supplemental brief, the United States responded that the State had cited the wrong rule as the basis of its argument, as Rule 41(a) governs dismissal of "actions" whereas Rule 15(a) governs dismissal of claims.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings.") (cited by ECF 73 at 7).  The United States' response falls squarely within the scope of the new issue raised by the State at oral argument.  The State said Rule 41(a) applies; the United States responded that it does not because Rule 15(a) instead addresses amendment of complaints to drop or amend individual claims.

**U.S. OPPOSITION TO STATE'S MOTION FOR LEAVE TO FILE RESPONSE BRIEF – Page 1**

The State cited the incorrect rule at oral argument, and the United States cited the correct rule in its response. And whether under Rule 41(a) or Rule 15(a), the parties had the opportunity in their supplemental briefs to make their arguments on whether the United States challenged Section 222(2) in this case and whether the United States should be allowed to withdraw any such claim, to the extent the Court determines amendment or dismissal is needed. In fact, the State could have raised this issue in its summary judgment reply brief after the United States repeatedly disclaimed any intent to challenge Section 222(2) in its summary judgment response/reply brief,[1] but the State did not. It instead waited until oral argument to raise this issue and addressed it again in its supplemental brief. Having failed through these opportunities to show any prejudice or other reason why the United States should be charged with making such a claim, the State should not be allowed to expand on these arguments in yet another filing.

If anything, it is the State that has raised new issues in its supplemental brief.[2] However, the United States did not plan to move for leave to respond to these new arguments, as the United States did not understand that the Court expected even further briefing on these extraneous issues. Nonetheless, to the extent the Court grants the State's motion, the United States reserves the right to file its own motion for leave to file supplemental briefing to address these points. But ultimately, such further briefing is not necessary if the Court disregards these

---

[1] *See, e.g.*, ECF No. 60 at 27 n.6; *id*. at 50; *id*. at 56 ("the United States does not challenge and is not seeking to repeal I.C. § 42-222(2)."); *id*. at 72 ("the United States does not challenge I.C. § 42-222(2), only Idaho's recently enacted stockwater legislation . . . .").

[2] For instance, the State cited the recent Idaho Supreme Court opinion of *Whittaker v. Idaho Dep't of Water Res.*, No. 50000-2022, 2024 WL 388494 (Idaho Feb. 2, 2024) (Slip Op.), cited by ECF 72 at 9 n.8, but without giving the United States any prior notice that it intended to cite this brief in the emails exchanged among counsel concerning the scope of the briefing. This opinion actually supports the United States' position concerning the finality of rights settled by the SRBA and how parties may not relitigate issues available but not raised in the adjudication. The State also raised a series of arguments – and many new case citations – to assert that the Court should dismiss the United States' purported Section 222(2) claim for lack of jurisdiction, based on res judicata, or "with prejudice" under Rule 41(a). ECF 72 at 5-8. These arguments go beyond those raised by the State's counsel at oral argument, and the United States has not had the opportunity to respond, including to the unfounded suggestion that any dismissal of this supposed "claim" that the United States did not address in this case should be "with prejudice."

**U.S. OPPOSITION TO STATE'S MOTION FOR LEAVE TO FILE RESPONSE BRIEF – Page 2**

arguments and disallows the State's motion for leave to file a supplemental response brief. Though the State may contend that the lawfulness of Section 222(2) is the central issue raised by the United States' amended complaint, a simple review of the United States' filings makes clear that it is not.  *See* ECF 73 at 6-7.  The Court should deny the State's request for the Court to issue an advisory opinion on a claim that is not presently before it.  As the State has acknowledged, the United States consistently argued throughout its briefing that it does not challenge Idaho Code § 42-222(2), only Idaho's recently enacted statutes.  ECF 64 at 11-12 (citing pages in U.S. brief). The United States stated the same at oral argument.  And the United States' motion for summary judgment made no reference to Section 222(2).  ECF 34 at 1-4.  It stands to reason then that the United States has not filed a motion to amend under Rule 15(a) because it did not intend to plead any such challenge, and it certainly did not brief any such challenge under any of its five claims.

The reference to Section 222(2) in the amended complaint, to provide context to the United States' challenges to Idaho Code § 42-224, ECF 11 ¶ 110(a), simply does not give rise to a claim challenging Section 222(2), particularly where the United States briefed no such claim. In these circumstances, there is no need for amendment.  To the extent the Court nonetheless deems amendment necessary to confirm the United States does not challenge Section 222(2) and to conform its complaint to its briefing, the Court has ample discretion to allow it based on the filings of record and arguments presented at the summary judgment hearing.  The Court's scheduling order specifically recognized that the October 6, 2022 deadline for motions to amend could be extended for "good cause shown," ECF 32 at 2, such as is present here.  The Court should not allow this extraneous issue to distract from resolution on the merits of the actual claims argued by the United States.

## CONCLUSION

For the foregoing reasons, the Court should deny the State's motion for leave to file another supplemental brief. To the extent the Court nonetheless grants the motion, the United States reserves the right to move for leave to respond to the new arguments raised in the State's supplemental brief, its motion for leave, and its proposed response to the United States' supplemental brief.

Respectfully submitted this 12th day of February, 2024.

    JOSHUA D. HURWIT
    United States Attorney
    CHRISTINE ENGLAND
    Assistant United States Attorney

    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division
    U.S. Department of Justice
    STEPHEN G. BARTELL
    Assistant Chief, Natural Resources Section
    JENNIFER A. NAJJAR
    Trial Attorney, Natural Resources Section
    JEFFREY N. CANDRIAN
    Trial Attorney, Natural Resources Section

    /s/   Thomas K. Snodgrass
    THOMAS K. SNODGRASS
    Senior Attorney, Natural Resources Section
    999 18th Street, South Terrace, Suite 370
    Denver, CO 80202
    Telephone: (303) 844-7233
    thomas.snodgrass@usdoj.gov