UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF IDAHO; IDAHO DEPARTMENT OF WATER RESOURES; GARY SPACKMAN, in his official capacity as Director of the Idaho Department of Water Resources,<br><br>      Defendants,<br>v.<br><br>IDAHO HOUSE OF REPRESENTATIVES; IDAHO SENATE; CHUCK WINDER, in his official capacity as President Pro Tempore of the Senate; MIKE MOYLE, in his official capacity as Majority Leader of the House,<br><br>     Intervenor Defendants,<br><br>v.<br><br>JOYCE LIVESTOCK CO.; LU RANCHING CO.; PICKETT RANCH & SHEEP CO.; IDAHO FARM BUREAU FEDERATION,<br><br>     Intervenor Defendants. | Case No. 1:22-cv-00236-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Idaho Department of Water Resources ("IDWR"),

State of Idaho, and Mathew Weaver's[1] (collectively "State Defendants") Motion for Rule 60(a) Relief. Dkt. 82. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon consideration, and for the reasons set forth below, the Motion is GRANTED in PART and DENIED in PART.

## II. BACKGROUND

The Court has already summarized the factual background of this case at length and incorporates that background by reference. *See* Dkt. 80, at 3–8. For context, however, the Court provides a brief summary.

Historically in Idaho, rights to surface and groundwater could be established through either a constitutional method or a statutory method. Dkt. 80, at 4. In 1963 (for groundwater) and 1971 (for surface water), the state of Idaho's policies changed, and from that point on, water rights could only be established through the statutory method. *Id.* In 1987, Idaho commenced the Snake River Basin Adjudication ("SRBA") with the goal to determine all water rights within the Snake River Basin water system. *Id.* at 5. After 27 years, on August 26, 2014, the SRBA court issued a Final Unified Decree recognizing more than 158,600 water rights. *Id.* In the Final Unified Decree, the court declared approximately 30,500 stockwater rights to the United States. *Id.* at 5–6.

During the SRBA, questions arose about the ownership of water rights on federal Bureau of Land Management ("BLM") land. *Id.* at 6. These questions resulted in a

---

[1] Mathew Weaver was appointed to succeed Gary Spackman as Director of IDWR during pendency of this action. Weaver has, therefore, been substituted for Spackman pursuant to rule 25(d) of the Federal Rules of Civil Procedure. Dkt. 68.

landmark decision by the Idaho Supreme Court in *Joyce Livestock Co. v. United States (In re SRBA Case No. 39576)*, 156 P.3d 508 (Idaho 2007). *Id.* Two holdings from that case have been particularly important in this case: (1) water rights obtained by watering livestock on federal land are appurtenant to a user's deeded base property, rather than the point of use; and (2) absent an agency agreement with a rancher, BLM must itself put water to beneficial use to establish a beneficial use stockwatering right. *Id.* at 7.

After the *Joyce* decision, the Idaho Legislature enacted several statutes modifying its water rights policies between 2017 and 2022. *Id.* This lawsuit, which was filed in June 2022, is the United States' challenge to five of those statutes: Idaho Code §§ 42-113(2)(b), 42-222(2), 42-224, 42-501, and 42-504. *Id.* at 7–8.

In December 2022, the United States filed a Motion for Summary Judgment. Dkt. 34. State Defendants responded with a Cross-Motion for Summary Judgment in March 2023. Dkt. 43. Intervenor-Defendants the Idaho House of Representatives, House Majority Leader Mike Moyle, the Idaho Senate, and Senate President Pro Tempore Chuck Winder (collectively the "Legislature") and Intervenor-Defendants Joyce Livestock Co., Pickett Ranch and Sheep Co., and Idaho Farm Bureau Foundation (collectively the "Ranchers") subsequently filed their own Motions for Summary Judgment. Dkt. 53, 56. After all the Motions were fully briefed, the Court held oral argument on January 23, 2024, and took the Motions under advisement.

On August 28, 2024, the Court issued a 51-page decision ruling on all the Motions for Summary Judgment. Dkt. 80. The Court ultimately found that Idaho Code §§ 42-222(2)

and 42-224 are constitutional, which favors State Defendants, although the Court only explicitly granted summary judgment to State Defendants as to § 42-222. Dkt. 80, at 50. Additionally, the Court found Idaho Code §§ 42-113(2)(b), 42-501, and 42-504 are unconstitutional and granted summary judgment in favor of the United States on their arguments pertaining to those statutes. *Id.* Accordingly, on September 20, 2024, judgment was entered to reflect the Court's Order. Dkt. 81.

On October 3, 2024, State Defendants filed a Motion for Rule 60(a) Relief, which asked the Court to "correct oversights, omissions, or ambiguities in the Judgment entered in this case." Dkt. 82, at 2. In particular, State Defendants would like explicit language in the judgment that reflects which of the United States' arguments the Court rejected, state judgment in their favor as to Idaho Code § 42-224, and clearly state there are no other claims or issues to be adjudicated in this case. *Id.* at 2–3. The Court ordered expedited briefing on the request. Dkt. 83. In response, the United States challenges the first two requests made by State Defendants and proposes one change of its own.[2] Dkt. 85.

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Under Rule 60(a), a court cannot alter or amend its order to reflect a substantive change of mind. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). However, a court can clarify matters "intended to be implied or

---

[2] The United States' proposed change would add language to the first paragraph of the Judgment stating that the enumerated statutes are declared invalid and cannot be enforced.

subsumed by the original judgment," and this includes correcting a failure to memorialize part of its decision. *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). Any corrected judgment must reflect the actual, original intention of the court along with any necessary implications. *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).

## IV. DISCUSSION

State Defendants have requested three specific additions to the Court's original judgment, and the United States has requested one addition. The Court will analyze each request in turn to determine whether adding such language will reflect the original intention of the Court.

For context, the Court's original judgment reads (in full) as follows:

In accordance with the Court's Memorandum Decision and Order at Dkt. 80, IT IS HEREBY ORDERED:

1. Judgment is entered in favor of the United States with respect to its Supremacy Clause challenges to Idaho Code § § 42-113(2)(b), 42-502, and 42-504.

2. Judgment is entered in favor of the State Defendants, the Legislature, and the Ranchers with respect to Idaho Code § 42-222(2).

Dkt. 81, at 1–2.

### A. Adding "and Idaho Code § 42-224"

State Defendants' first request is to add the phrase "and Idaho Code § 42-224" to the end of paragraph 2 of the Judgment. Dkt. 82, at 3. Doing so would make paragraph 2 read, "Judgment is entered in favor of the State Defendants, the Legislature, and the Ranchers with respect to Idaho Code §§ 42-222(2) and 42-224." Dkt. 81, at 2. State Defendants argue the Court agreed with its arguments as to the constitutionality of § 42-

224 and rejected all the United States's arguments as to the same statutory section. Dkt. 82-1, at 7. Additionally, State Defendants discuss the pivotal role § 42-224 played in the case and how it is not even mentioned in the judgment despite the Court's extensive analysis of the competing arguments relating to that section. *Id.* at 7–8.

In opposition, the United States claims the addition of such language is inconsistent with the language in the Court's Order that only grants summary judgment to State Defendants with respect to § 42-222(2). Dkt. 85, at 3. Additionally, it contends that none of the sections of the Order which discuss § 42-224 direct the entry of judgment in State Defendants favor as to that section. *Id.*

In its original Order, the Court resolved all the United States's challenges to Idaho Code § 42-224 in the Defendants' favor. First, it held § 42-224 does not violate the Supremacy Clause of the United States Constitution because it "does not single out the federal government for special disfavor either in its face or in application." Dkt. 80, at 25. Second, the Court dismissed the United States' sovereign immunity claim as it related to § 42-224 because "no such controversy [was] before the Court in this case," and it left "resolution of that question for another day." *Id.* at 28–29. Third, the Court held the Idaho Statutes do not violate the Property Clause of the United States Constitution because there is no conflicting congressional act on this matter and this state law receives deference in the absence of a federal conflict. *Id.* at 32–33.

The Court's final two holdings relating to § 42-224 pertained to its similarities with an Idaho law that was in effect prior to the enactment of § 42-224. Fourth, the Court found § 42-224 does not violate the Contracts Clause because this specific subsection codified a

state law that had already been in place prior to the SRBA. Thus, the expectation the United States's held when it entered into the final decree was unchanged and this section does not substantially impair the contractual relationship. *Id.* at 38–39. Finally, the Court held § 42-224 does not violate the Retroactivity Clause of the Idaho Constitution because it does not impair the United States's pre-existing legal rights and does not change any legal consequences of acts completed before the effective date of § 42-224. *Id.* at 40–41.

As a whole, the Court denied all of the United States's challenges to Idaho Code § 42-224 and granted summary judgment to the Defendants on those challenges. The exact language in the Decision is on page 49, where the Court held it "will DENY the United States' Motion and GRANT all Defendants' Motions for Summary Judgment with respect to those claims." Dkt. 80, at 49. The fact that § 42-224 was inadvertently left out of the Order portion of the Memorandum Decision and out of the Judgment does not change the fact that the Court ruled on the issues pertaining to § 42-224. The Court will add the phrase "and Idaho Code § 42-224" to the end of paragraph 2 of the judgment.

### B. Paragraph on Failed Constitutional Arguments

Second, State Defendants request an additional paragraph be added to the Judgment that says, "Judgment is granted in favor of the State Defendants, the Legislature, and the Ranchers that Idaho Code §§ 42113(2)(b), 42-502, and 42-504 do not facially violate the Property or Contracts Clauses of the United States Constitution, the doctrine of Sovereign Immunity, or the Retroactivity Clause of the Idaho Constitution." Dkt. 82, at 3. State Defendants argue such language is appropriate because the Court stated it would grant all the Defendants' Motions with respect to those claims, but the judgment did not expressly

do so. Dkt. 82-1, at 5–6.

The United States opposes the addition of such language for several reasons and addresses each claim individually. First, it claims that the Court did not address the merits of a sovereign immunity claim but only ruled the claim was not properly before the Court. Dkt. 85, at 4. As for the Property Clause, the United States asserts the Court only denied summary judgment to the United States but did not affirmatively grant summary judgment to the Defendants on the issue. *Id.* Third, the United States argues the Court's analysis of the Contracts Clause claim only pertains to §§ 42-113(2)(b) and 42-224, and, similarly to the United States's Property Clause argument, the denying of summary judgment to one party does not automatically mean it is granted to the other party. *Id.* Finally, the United States argues the Court's analysis of the Retroactivity Clause did not address the lawfulness of Idaho Code § 42-502 and never expressly granted summary judgment to the Defendants on that issue either. *Id.* at 4–5.

To begin, the United States is correct that the Court did not expressly grant summary judgment in favor of the Defendants during its analysis apart from the statement cited by State Defendants that the Court would grant Defendants' Motions with respect to those claims. However, the Court's Order was specifically resolving cross-motions for summary judgment from all parties on all the issues. So, whichever party that resolution favored was being granted summary judgment. That is a necessary implication of the Court's order. If an amended judgment would more directly reflect those conclusions for clarity moving forward, the Court is willing to include that language.

However, the proposed language does not completely reflect the Court's holdings

on the merits. To begin, the United States is correct that the Court expressly stated, "the United States' sovereign immunity 'claim' . . . is not a claim at all . . . . No such controversy is before the Court . . . [thus,] it must leave resolution of that question for another day." Dkt. 80, at 28–29. As the Court previously noted, regardless of whether there is a genuine dispute as to sovereign immunity precluding the enforcement of the Idaho Statutes, that issue was not raised in this case. *Id.* As such, the State Defendants' proposed language relating to sovereign immunity will not be included.

The proposed language relating to the Property Clause will be added. The Court clearly said, "In the absence of any conflicting congressional act, the Court finds that the Idaho Statutes do not violate the Property Clause." *Id.* at 33. The proposed language embodies that holding.

The Court's holdings relating to the Contracts Clause and Retroactivity Clause are not as straightforward.

Turning first to the Contracts Clause, the Court only held there was no violation as to Idaho Code §§ 42-113(b)(2) and 42-224 because those are the sections the United States argued in Motion and briefing. Dkt. 80, at 33n. 14. Therefore, the Court only reached the merits of that argument as to those two sections, and the Court will only add language to the judgment reflecting such.

Lastly, the Court only conducted a Retroactivity Clause analysis as to Idaho Code §§ 42-224, 42-113 (2)(b) and 42-504. The Court did clearly state that the sections do not facially violate the Retroactivity Clause of the Idaho Constitution (but it specifically implied there would be a likely violation if the latter two were applied to rights established

before the statutes went into effect; such a challenge just hasn't been made). Dkt. 80, at

41–42. Additionally, as discussed above, § 42-224 does not violate the Retroactivity Clause

because it does not change the legal consequences of acts completed before its effective

date. *Id.* at 41. So, the Court will add additional language to the judgment relating to the

Retroactivity Clause, but only as it relates to these sections.

### C. Express Declaration of Statutory Invalidity and Injunction

The United States seeks an addition to the first paragraph of the judgment which

currently reads, "Judgment is entered in favor of the United States with respect to its

Supremacy Clause challenges to Idaho Code § § 42-113(2)(b), 42-502, and 42-504." Dkt.

81, at 2. The United States asks that the following be added to the end of the existing

paragraph: "these statues are declared invalid, and a permanent injunction is entered against

their enforcement." Dkt. 85, at 5. State Defendants do not oppose the addition of such

language, as long as it is expressly limited to the statutes "as applied to the United States."[3]

Dkt. 88, at 5. Therefore, the Court will add the language proposed by both the United States

and State Defendants.

### D. Express Resolution of All Claims and Issues

Finally, State Defendants request that a statement is added to the judgment that

explicitly says no other claims or issues remain to be adjudicated in this case. The United

States does not oppose the addition of this language, although its non-opposition came with

the caveat that its above-proposed language be added to paragraph 1 of the judgment. Dkt.

---

[3] The Court agrees that this limitation is required pursuant to *Labrador v. Poe*, 144 S.Ct. 921 (2024).

85, at 5. The Court did address and dispose of all claims raised in this case in its Order. *See* Dkt. 80. It was the Court's intention to finally and fully resolve the case with its Order. Therefore, to memorialize the Court's intent for clarity in this case and in any potential appeals, the Court will add such language to the judgment.

## V. CONCLUSION

The Court's original Memorandum Decision and Order did grant summary judgment in favor of State Defendants as to Idaho Code § 22-224, did not reach the merits of the United States's sovereign immunity argument, and held certain Idaho Statutes did not facially violate the United States Constitution and Idaho Constitution. Therefore, the Court will issue an amended judgment completely reflecting the holdings in the Court's original Memorandum Decision and Order (Dkt. 80) to provide clarity moving forward.

## VI. ORDER

IT IS HEREBY ORDERED:

1. State Defendants' Motion for Rule 60(a) Relief is GRANTED in PART and DENIED in PART as outlined above.

2. The United States's request for additional language is GRANTED as outlined above.

3. The Court will issue an Amended Judgment concurrently with this Order.

DATED: December 13, 2024

David C. Nye
Chief U.S. District Court Judge